IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

NATALIE JOHNSON,

                        Plaintiff,                        ORDER

    v.

                                                   19-cv-760-wmc

C.R. BARD INC. and
BARD PERIPHERAL VASCULAR INC.,

                        Defendants.

Before the court is the parties' request for ruling on objections to certain deposition designations as to Bill Altonaga.

| DEPON-ENT | PL AFFIRM | DEF OBJECTIONS | PL RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| | | Bard objects to Plaintiff's references to "Admitted in the Peterson case" as a basis for allowing a designation to played, or overruling an objection, and submits that the testimony should be consider based on the facts and applicable law and rulings in this case. The Peterson case involved a different filter, different claims, and was decided under different state law. | | |
| Altonaga, Bill 10/22/2013 | 6:18-6:22 | | | |
| Altonaga, Bill 10/22/2013 | 7:06-8:04 | | | |
| Altonaga, Bill 10/22/2013 | 8:11-8:16 | | | |

1

| | | | | |
|---|---|---|---|---|
| Altonaga, Bill 10/22/2013 | 9:11-9:13 Start at "CETEC" | | | |
| Altonaga, Bill 10/22/2013 | 10:08-10:13 Start at "I guess". | | | |
| Altonaga, Bill 10/22/2013 | 14:04-14:09 | | | |
| Altonaga, Bill 10/22/2013 | 33:17-34:10 | | | |
| Altonaga, Bill 10/22/2013 | 71:24-72:10 | There is no allegation of misbranding in this case. Rules 401, 402 And 403. Further to the extent the designation is allowed the counters are necessary for completeness | Admitted in the Peterson Case The testimony is relev[a]nt to the Plaintiff's failure to warn and negligence claims. The allegation of misbranding appears in MDL ECF Doc. 364 - Master Complaint for Damages at ¶ 231(a). All allegations plead in the Master Complaint were deemed plead in any Second Amended Short Form Complaint by MDL ECF Doc. 1485 -Second Amended Case Management Order at pp. 2-3. | OVERRULED |
| Altonaga, Bill 10/22/2013 | 72:08-72:10 | | No objection - we will add to Plaintiff's submission as indicated. | |
| Altonaga, Bill 10/22/2013 | 72:11-73:23 | (73:9-73:24) Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve the Recovery filter. There is no allegation of misbranding in this case. Rules 401, 402 And 403. Further to the extent the designation is | Admitted in the Peterson Case Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood | SUSTAIN |

2

| | | | | |
|---|---|---|---|---|
| | | allowed the counters are necessary for completeness. | only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. | |
| Altonaga, Bill 10/22/2013 | 87:02-87:04 | Nonsensical designation. Vague and ambiguous | Admitted in the Peterson Case The testi[mo]ny is far from "Nonsensical" vague or ambiguous[s] and is to be considered in context with 71:24 - 73:23. | SUSTAIN |
| Altonaga, Bill 10/22/2013 | 87:06 | | Admitted in the Peterson Case | SUSTAIN |
| Altonaga, Bill 10/22/2013 | 87:18-87:22 | Rule 403 – there is no failure to recall claim in this case | Admitted in the Peterson Case The issue of recall is disc[u]ssed ex[]tensively in the Master Complaint. MDL ECF Doc. 364 - The Master Complaint for Damages discusses recall in multiple para[]graphs such as ¶¶ 77, 132, 135, 143, 146 (Meridian specific), and 202-209. All allegations plead in the Master Complaint were deemed plead in any | OVERRULED |

3

| | | | | |
|---|---|---|---|---|
| | | | Second Amended Short Form Complaint by MDL ECF Doc. 1485 - Second Amended Case Management Order at pp. 2-3. Placed in context this testimony does not relate specifically to the need to recall the Mer[i]dian but is a more generally discussion of the options open to Bard once it learned its retr[ie]vable filters were experiencing serious complications. [I]t is directly relevant to the design defect claims as well as Bard's negligence and its failure to warn. | |
| Altonaga, Bill 10/22/2013 | 90:23-91:06 | | Admitted in the Peterson Case | |
| Altonaga, Bill 10/22/2013 | 92:18-92:24 | | Admitted in the Peterson Case | |
| Altonaga, Bill 10/22/2013 | 96:17-96:23 | | Admitted in the Peterson Case | |
| Altonaga, Bill 10/22/2013 | 99:11-99:19 | | Admitted in the Peterson Case | |
| Altonaga, Bill 10/22/2013 | 103:06-103:19 | | Admitted in the Peterson Case | |
| Altonaga, Bill 10/22/2013 | 103:22-104:20 | | Admitted in the Peterson Case | |
| Altonaga, Bill 10/22/2013 | 105:05-105:10 | | Admitted in the Peterson Case | |
| Altonaga, Bill 10/22/2013 | 107:06-107:10 | | Admitted in the Peterson Case | |
| Altonaga, Bill 10/22/2013 | 109:19-110:05 | Cumulative of prior testimony | Admitted in the Peterson Case | OVERRULED |
| Altonaga, Bill 10/22/2013 | 113:02-113:06 | | Admitted in the Peterson Case | |

| | | | | |
|---|---|---|---|---|
| Altonaga, Bill 10/22/2013 | 116:20-116:23 Starting at "We talked" | - | Admitted in the Peterson Case | |
| Altonaga, Bill 10/22/2013 | 117:08-117:13 | - | Admitted in the Peterson Case | |
| Altonaga, Bill 10/22/2013 | 118:17-118:22 | - | Admitted in the Peterson Case | |
| Altonaga, Bill 10/22/2013 | 124:18-125:18 | | Admitted in the Peterson Case | |
| Altonaga, Bill 10/22/2013 | 125:22-126:03 | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve perforation of the filter into the aorta, nor does it involve a fatal event. This testimony is overly prejudicial and has no bearing on the facts of this case. | Admitted in the Peterson Case Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. | SUSTAIN |

5

| | | | | |
|---|---|---|---|---|
| Altonaga, Bill 10/22/2013 | 135:20-136:18 | - | Admitted in the Peterson Case | |
| Altonaga, Bill 10/22/2013 | 137:02-137:22 | Rules 401, 402, 403 (137:12-137:22) – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. There is no evidence (or claim) of perforation of the filter into other organs in this case. | Admitted in the Peterson Case. Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. | OVERRULED |

6

| | | | | |
|---|---|---|---|---|
| Altonaga, Bill 10/22/2013 | 138:04-138:21 | Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. There is no evidence of caval penetration into other organs in this case. | Admitted in the Peterson Case Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. | OVERRULED |
| Altonaga, Bill 10/22/2013 | 142:10-142:17 | | Admitted in the Peterson Case | |
| Altonaga, Bill 10/22/2013 | 149:08-150:11 | - | Admitted in the Peterson Case | |
| Altonaga, Bill 10/22/2013 | 152:06-152:14 | | Admitted in the Peterson Case | |
| Altonaga, Bill 10/22/2013 | 152:16-152:20 | | Admitted in the Peterson Case | |

7

| | | | | |
|---|---|---|---|---|
| Altonaga, Bill 10/22/2013 | 152:24-153:07 | Designation ends in a question. | Admitted in the Peterson Case 153:03 -153:07 is an answer. | OVERRULED |
| Altonaga, Bill 10/22/2013 | 153:08-153:11 | Answer to a question that is not designated. Vague and ambiguous. | Admitted in the Peterson Case Transcription error by Plainitff's counsel - as indicated herein the queston and 153:08-153:11 should be included. The testimony is relevent to Plaintiff's claims of design defect, negligence and failure to warn and is not unfairly prejudicial. | SUSTAIN AS TO QUESTION AND ANSWER AT 153:17-20 |
| Altonaga, Bill 10/22/2013 | 153:17-153:20 | Answer to a question that is not designated. Vague and ambiguous. | Admitted in the Peterson Case Transcription error by Plainitff's counsel - as indicated herein the queston and 153:08-153:11 should be included. The testimony is relevent to Plaintiff's claims of design defect, negligence and failure to warn and is not unfairly prejudicial. | SUSTAIN |
| Altonaga, Bill 10/22/2013 | 157:19-158:06 | | Admitted in the Peterson Case | |
| Altonaga, Bill 10/22/2013 | 158:10-158:21 | | Admitted in the Peterson Case | REMOVE 158:16 |
| Altonaga, Bill 10/22/2013 | 158:23-159:03 | | Admitted in the Peterson Case | |
| Altonaga, Bill 10/22/2013 | 160:23-161:06 Start at "I never" | | Admitted in the Peterson Case | |
| Altonaga, Bill 10/22/2013 | 168:05-168:09 starting at "you're a" | | Admitted in the Peterson Case | |
| Altonaga, Bill 10/22/2013 | 168:12-168:13 | | Admitted in the Peterson Case | |

8

| Altonaga, Bill 10/22/2013 | 169:21-170:04 | Rules 401, 402 and 403. Recovery "bad acts" were excluded by Motion in Limine. | Admitted in the Peterson Case | OVERRULED |
|---|---|---|---|---|
| Altonaga, Bill 10/22/2013 | 170:07-170:10 | Rules 401, 402 and 403. Recovery "bad acts" were excluded by Motion in Limine. | Admitted in the Peterson Case | OVERRULED |
| Altonaga, Bill 10/22/2013 | 170:12-170:13 | Rules 401, 402 and 403. Recovery "bad acts" were excluded by Motion in Limine. | Admitted in the Peterson Case | OVERRULED |
| Altonaga, Bill 10/22/2013 | 179:07-179:13 | Rules 401, 402 and 403. Recovery "bad acts" were excluded by Motion in Limine. | Admitted in the Peterson Case | OVERRULED |
| Altonaga, Bill 10/22/2013 | 179:20-180:07 | Rules 401, 402 and 403. Recovery "bad acts" were excluded by Motion in Limine. | Admitted in the Peterson Case | OVERRULED |
| Altonaga, Bill 10/22/2013 | 243:16-243:18 | Improper question. Further question related to Recovery filter. See, 243:11-13. Rules 401, 402 and 403 | Admitted in the Peterson Case | OVERRULED |
| Altonaga, Bill 10/22/2013 | 243:20-244:01 | | Admitted in the Peterson Case | |
| Altonaga, Bill 10/22/2013 | 251:03-251:06 | | Admitted in the Peterson Case | |

| DEPON-ENT | DEF COUNTER | PL OBJECTIONS | DEF RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| Altonaga, Bill 10/22/2013 | 90:15-90:22 | | | |
| Altonaga, Bill 10/22/2013 | 91:13-91:16 | | | |
| Altonaga, Bill 10/22/2013 | 124:18–125:14 | FRE 403: testimony is already contained in Plaintiff's affirmatives so results in undue delay, waste of time and needless presentation of cumulative evidence | If Plaintiff does not withdraw this designation, Bard will withdraw it. | MOOT |
| Altonaga, Bill 10/22/2013 | 126:01-126:03 | FRE 403: testimony is already contained in Plaintiff's affirmatives so results in undue delay, waste of time and | If Plaintiff does not withdraw this designation, Bard will withdraw it. | MOOT |

9

| | | | | |
|---|---|---|---|---|
| | | needless presentation of cumulative evidence | | |
| Altonaga, Bill 10/22/2013 | 154:05-154:12 | FRE 403: The answer to the question posed is not designated. Accor[ding]ly, the question is not rel[ev]ant and is misleading. | Plaintiff's counsel repeated the same question, and the witness is responding to it, and explaining why he cannot answer it the way Plaintiff's counsel wants. | OVERRULED |
| Altonaga, Bill 10/22/2013 | 155:04-155:10 | FRE 403: The question answered by the witness is not designated. Accor[ding]ly, the question is not rel[ev]ant and is misleading. | Plaintiff's counsel repeated the same question, and the witness is responding to it, and explaining why he cannot answer it the way Plaintiff's counsel wants. | OVERRULED |
| Altonaga, Bill 10/22/2013 | 180:21-180:22 | | | STRIKE |
| Altonaga, Bill 10/22/2013 | 182:04-182:06 | | | STRIKE |

| DEPON-ENT | PL COUNTERS TO COUNTERS | DEF OBJECTIONS | PL RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| Altonaga, Bill 10/22/2013 | 180:23-181:06 | Rule 602, Witness does not have personal knowledge of the document. See 180:21-22. | | STRIKE |
| | | | | |

Accordingly, IT IS ORDERED that the parties' request for rulings on objections to certain designations is GRANTED, and the objections are sustained in part and overruled in part as provided above.

Entered this 4th day of June, 2021.

BY THE COURT:<br>
/s/<br>
WILLIAM M. CONLEY<br>
District Judge