IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

NATALIE JOHNSON,

                Plaintiff,                      ORDER

v.

                                        19-cv-760-wmc

C.R. BARD INC. and
BARD PERIPHERAL VASCULAR INC.,

                Defendants.

Before the court is the parties' request for ruling on objections to certain deposition designations as to Mickey Graves.

| DEPON-ENT | PL AFFIRM | DEF OBJECTIONS | PL RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| | | Defendants object to the playing of this deposition under Rules 401, 402 and 403. Mr. Graves provide no testimony about the Meridian filter and the entirety of his testimony is about changes made from the first generation filter - the Recovery to the second generation, the G2, whoch took place over 5 years before the development of the filter at issue which is the fifth generation of design of the filter. HIs | Mr. Graves was the Senior Research and Development Engineer assigned to the G2 filter team by Bard. The testimony involves the G2 filter. The Eclipse and the Meridian have the same filter design as the G2 with the exception of a removal hook placed on the G2X, electropolishing on the Eclipse and anchors on the Meridian. Testimony is relevant to whether the filter had a | OVERRULED |

1

| | | testimony has no relevance or probative value to the issues in this case. Bard objects to Plaintiff's references to "Admitted in the Peterson case" as a basis for allowing a designation to played, or overruling an objection, and submits that the testimony should be consider based on the facts and applicable law and rulings in this case. The Peterson case involved a different filter, different claims, and was decided under different state law. | defective design, the reasonableness of Bard conduct in designing the Meridian using the G2 filter, and ultimately the defects in the design the device and Bard's negligence. His testimony is relevant and any prejudice is not unfair. | |
|---|---|---|---|---|
| Graves, Micky 02/27/2014 | 6:03-6:04 | | Admitted in Peterson | |
| Graves, Micky 02/27/2014 | 6:13-6:18 | | Testimony admitted at Bard's request in Peterson | |
| Graves, Micky 02/27/2014 | 6:19-6:22 | | Testimony admitted at Bard's request in Peterson | |
| Graves, Micky 02/27/2014 | 22:25-23:05 | | Admitted in Peterson | |
| Graves, Micky 02/27/2014 | 24:06-24:15 | | Admitted in Peterson | |

| Graves, Micky 02/27/2014 | 25:23-26:06 | | Admitted in Peterson | |
|---|---|---|---|---|
| Graves, Micky 02/27/2014 | 28:09-28:12 | | Admitted in Peterson | |
| Graves, Micky 02/27/2014 | 37:09-37:21 | | Admitted in Peterson | |
| Graves, Micky 02/27/2014 | 44:01-44:05 | | Admitted in Peterson | |
| Graves, Micky 02/27/2014 | 47:25-48:09 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson Design flaws in the Recovery filter, upon which the Meridian and G2 filter family was based, are relevant to the existence of warning and design defect, Bard's negligence, and to design and testing of the Meridian filter. | OVERRULED |
| Graves, Micky 02/27/2014 | 59:15-59:25 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson FRE 402/403/404: Design flaws in the Recovery filter, upon which the G2 and Meridian filter family was based, are relevant to the existence of design defect, Bard's negligence, In particular, whether Bard knew it failed to catch a major design flaw in the Recovery filter as a result of | OVERRULED |

3

| | | | | |
|---|---|---|---|---|
| | | | inadequate testing, but then failed to conduct such testing in connection with the Meridian filter line, is relevant to whether Bard's design and warnings were adequate.<br>FRE 601/602: As a senior engineer involved in the development of the G2 filter family (see, e.g., 24:6-15), the witness has ample personal knowlege from which to answer the questions asked.<br>FRE 612: No document was used to refresh the witness's recollection in connection with the testimony. | |
| Graves, Micky 02/27/2014 | 75:15-75:22 | | Admitted in Peterson FRE 402/403/404: Design flaws in the Recovery filter, upon which the Meridian filter family was based, are relevant to the existence of design defect, Bard's negligence, and to the design and testing and warnings of the Meridian filter. The record demonstrates that in attempting to correct failures with the Recovery Filter, | Plaintiff's response appears unnecessary as there is was no objection to this designation. |

| | | | Bard failed to test the redesigned filter adequately to identify the existence of a separate problem with the Meridian, which led to migration as well as tilt and perforation in patients including Mrs. Johnson. Whether Bard knew it failed to catch a major design flaw in the Recovery filter as a result of inadequate testing, but then failed to conduct such testing in connection with the G2 filter line and warn about the dangers of the filter, is relevant to all of Plaintiff's claims. FRE 601/602: As a senior engineer involved in the development of the G2 filter family (see, e.g., 24:6-15), the witness has ample personal knowlege from which to answer the questions asked. FRE 612: No document was used to refresh the witness's recollection in connection with the testimony. | |

| Graves, Micky 02/27/2014 | 77:15-78:03 | Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Counsel is asking about a document that is not in evidence. | Admitted in Peterson FRE 402/403/404: Design flaws in the Recovery filter, upon which the Meridian filter family was based, are relevant to the existence of design defect, to consumer expectations, and to the design and testing and warnings of the Meridian filter. The record demonstrates that in attempting to correct failures with the Recovery Filter, Bard failed to test the redesigned filter adequately to identify the existence of a separate problem with the Meridian, which led to migration as well as tilt and perforation in patients including Berg. Whether Bard knew it failed to catch a major design flaw in the Recovery filter as a result of inadequate testing, but then failed to conduct such testing in connection with the G2 filter line and warn about the dangers of the filter, is relevant to all of Plaintiff's claims. FRE 601/602: As a senior engineer | OVERRULE as to 77:15-77:19. SUSTAIN as to remainder. |

6

| | | | | |
|---|---|---|---|---|
| | | | involved in the development of the G2 filter family (see, e.g., 24:6-15), the witness has ample personal knowlege from which to answer the questions asked. FRE 612: No document was used to refresh the witness's recollection in connection with the testimony. | |
| Graves, Micky 02/27/2014 | 126:16-126:23 | Rule 611(a)(3) questioning is argumentative and subjects witness to harassment. Counsel is making closing argument. Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony implies that Bard had a duty to conduct additional testing or studies when no such duty exists. Rule 611 compound question. Rule 611 | Admitted in Peterson FRE 402/403/404: Design flaws in the Recovery filter, upon which the Meridian filter family was based, are relevant to the existence of design defect, to consumer expectations, and to the design and testing and warnings of the Meridian filter. The record demonstrates that in attempting to correct failures with the Recovery Filter, Bard failed to test the redesigned filter adequately to identify the existence of a separate problem with the Meridian, which led to migration as well as tilt and perforation in patients including Berg. Whether Bard knew it | OVERRULED |

7

| | | | | |
|---|---|---|---|---|
| | | assumes facts not in evidence. | failed to catch a major design flaw in the Recovery filter as a result of inadequate testing, but then failed to conduct such testing in connection with the G2 filter line and warn about the dangers of the filter, is relevant to all of Plaintiff's claims. FRE 601/602: As a senior engineer involved in the development of the G2 filter family (see, e.g., 24:6-15), the witness has ample personal knowlege from which to answer the questions asked. | |
| Graves, Micky 02/27/2014 | 127:01- 127:03 | Rule 611(a)(3) questioning is argumentative and subjects witness to harassment. Counsel is making closing argument. Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402 & 403. Irrelevant and | Admitted in Peterson FRE 402/403/404: Design flaws in the Recovery filter, upon which the Meridian filter family was based, are relevant to the existence of design defect, Bard's negligence, and to the design and testing and warnings of the Meridian filter. The record demonstrates that in attempting to correct failures with the Recovery Filter, Bard failed to test the redesigned filter adequately to identify | OVERRULED |


| | | | | |
|---|---|---|---|---|
| | | Unfairly Prejudicial. Testimony implies that Bard had a duty to conduct additional testing or studies when no such duty exists. Rule 611 compound question. Rule 611 assumes facts not in evidence. | the existence of a separate problem with the Meridian, which led to migration as well as tilt and perforation in patients including Berg. Whether Bard knew it failed to catch a major design flaw in the Recovery filter as a result of inadequate testing, but then failed to conduct such testing in connection with the G2 filter line and warn about the dangers of the filter, is relevant to all of Plaintiff's claims. FRE 601/602: As a senior engineer involved in the development of the G2 filter family (see, e.g., 24:6-15), the witness has ample personal knowlege from which to answer the questions asked. | |

9

| Graves, Micky 02/27/2014 | 127:06-127:13 | Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony implies that Bard had a duty to conduct additional testing or studies when no such duty exists. Rule 611 compound question. Rule 611 assumes facts not in evidence. Rule 611(a)(3) questioning is argumentative and subjects witness to harassment. Counsel is making closing argument. | Admitted in Peterson FRE 402/403/404: Design flaws in the Recovery filter, upon which the Meridian filter family was based, are relevant to the existence of design defect, Bard's negligence, and to the design and testing and warnings of the Meridian filter. The record demonstrates that in attempting to correct failures with the Recovery Filter, Bard failed to test the redesigned filter adequately to identify the existence of a separate problem with the Meridian, which led to migration as well as tilt and perforation in patients including Mrs. Johnson. Whether Bard knew it failed to catch a major design flaw in the Recovery filter as a result of inadequate testing, but then failed to conduct such testing in connection with the G2 filter line and warn about the dangers of the filter, is relevant to all of Plaintiff's claims. FRE 601/602: As a senior engineer | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | | involved in the development of the G2 filter family (see, e.g., 24:6-15), the witness has ample personal knowlege from which to answer the questions asked. | |
| Graves, Micky 02/27/2014 | 127:15-127:20 | Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony implies that Bard had a duty to conduct additional testing or studies when no such duty exists. Rule 611 compound question. Rule 611 assumes facts not in evidence. Rule 611(a)(3) questioning is argumentative and subjects witness to harassment. Counsel is making closing argument. | Admitted in Peterson FRE 402/403/404: Design flaws in the Recovery filter, upon which the Meridian filter family was based, are relevant to the existence of design defect, to consumer expectations, and to the design and testing and warnings of the Meridian filter. The record demonstrates that in attempting to correct failures with the Recovery Filter, Bard failed to test the redesigned filter adequately to identify the existence of a separate problem with the Meridian, which led to migration as well as tilt and perforation in patients including Berg. Whether Bard knew it failed to catch a major | OVERRULED |

11

| | | | | |
|---|---|---|---|---|
| | | | design flaw in the Recovery filter as a result of inadequate testing, but then failed to conduct such testing in connection with the G2 filter line and warn about the dangers of the filter, is relevant to all of Plaintiff's claims. FRE 601/602: As a senior engineer involved in the development of the G2 filter family (see, e.g., 24:6-15), the witness has ample personal knowlege from which to answer the questions asked. | |
| Graves, Micky 02/27/2014 | 127:22-128:02 | Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony implies that Bard had a duty to conduct additional testing or studies when no such duty exists. Rule 611 compound question. Rule 611 | Admitted in Peterson FRE 402/403/404: Design flaws in the Recovery filter, upon which the Meridian filter family was based, are relevant to the existence of design defect, to consumer expectations, and to the design and testing and warnings of the Meridian filter. The record demonstrates that in attempting to correct failures with the Recovery Filter, Bard failed to test the redesigned filter adequately to identify the existence of a | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | assumes facts not in evidence. Rule 611(a)(3) questioning is argumentative and subjects witness to harassment. Counsel is making closing argument. | separate problem with the Meridian, which led to migration as well as tilt and perforation in patients including Berg. Whether Bard knew it failed to catch a major design flaw in the Recovery filter as a result of inadequate testing, but then failed to conduct such testing in connection with the G2 filter line and warn about the dangers of the filter, is relevant to all of Plaintiff's claims. FRE 601/602: As a senior engineer involved in the development of the G2 filter family (see, e.g., 24:6-15), the witness has ample personal knowlege from which to answer the questions asked. | |
| Graves, Micky 02/27/2014 | 128:12-129:09 | Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402 & 403. Irrelevant and | Admitted in Peterson FRE 402/403/404: Design flaws in the Recovery filter, upon which the Meridian filter family was based, are relevant to the existence of design defect, Bard's negligence, and to the design and testing and warnings of the Meridian filter. The | OVERRULED |

13

| | | PL OBJECTIONS (cont.) | DEF RESPONSE TO OBJECTIONS (cont.) | |
|---|---|---|---|---|
| | | Unfairly Prejudicial. Testimony implies that Bard had a duty to conduct additional testing or studies when no such duty exists. Rule 611 compound question. Rule 611 assumes facts not in evidence. Rule 611(a)(3) questioning is argumentative and subjects witness to harassment. Counsel is making closing argument. | record demonstrates that in attempting to correct failures with the Recovery Filter, Bard failed to test the redesigned filter adequately to identify the existence of a separate problem with the Meridian, which led to migration as well as tilt and perforation in patients including Mrs. Johnson. Whether Bard knew it failed to catch a major design flaw in the Recovery filter as a result of inadequate testing, but then failed to conduct such testing in connection with the G2 filter line and warn about the dangers of the filter, is relevant to all of Plaintiff's claims. FRE 601/602: As a senior engineer involved in the development of the G2 filter family (see, e.g., 24:6-15), the witness has ample personal knowlege from which to answer the questions asked. | |
| **DEPON-ENT** | **DEF COUNTER** | **PL OBJECTIONS** | **DEF RESPONSE TO OBJECTIONS** | **COURT RULING** |

| | | | | | |
|---|---|---|---|---|---|
| Graves, Micky 02/27/2014 | 6:13-6:22 | | | | |
| Graves, Micky 02/27/2014 | 7:24-8:04 | | | | |
| Graves, Micky 02/27/2014 | 16:14-17:10 | | | | |
| Graves, Micky 02/27/2014 | 35:23-37:08 | | | | |
| Graves, Micky 02/27/2014 | 44:06-44:12 | | | | |
| Graves, Micky 02/27/2014 | 44:25-45:04 | | | | |
| Graves, Micky 02/27/2014 | 45:07 | | | | |
| Graves, Micky 02/27/2014 | 45:09-45:11 | | | | |
| Graves, Micky 02/27/2014 | 60:01-60:10 | | | | |
| Graves, Micky 02/27/2014 | 63:16-63:22 | | | | |
| Graves, Micky 02/27/2014 | 71:05-71:09 | | | | |

| | | | | |
|---|---|---|---|---|
| Graves, Micky 02/27/2014 | 73:14-74:05 | Fre 106: optional completeness - as designated, the question beginning at line 14, following the designation at 71:5-9, creates confusion regarding what filter is being discussed ("it failed, the test..."). The beginning of the exchange at lines 70:12-71:1 should be included so that it is apparent what the witness is talking about. | | SUSTAIN. 73:14-74:05 is to be included with the *addition* of 70:12-71:1 (start at "One"). |
| Graves, Micky 02/27/2014 | 75:05-75:14 (start at isn't) | | | |
| Graves, Micky 02/27/2014 | 75:23-75:25 | | | |
| Graves, Micky 02/27/2014 | 76:02-76:06 | | | |
| Graves, Micky 02/27/2014 | 78:12-78:25 | FRE 402/403: Testimony beginning regarding the FDA 510(k) clearance process ought to be excluded as discussed in Plaintiff's Motion in Limine on this topic. FRE 602/702: The witness has not been designated as an expert and is not qualified to offer testimony regarding the requirements of, or the | Bard incorporates herein its arguments in opposition to Plaintiff's Motion in Limine regarding 510(k) clearance. Moreover, the witness is merely answering the questions posed by Plaintiff's counsel, and is being asked about, and offering, his own personal knowledge, | SUSTAIN |

16

| | | | | |
|---|---|---|---|---|
| | | meaning of, the FDA 510K process. | not any expert opinion. | |
| Graves, Micky 02/27/2014 | 160:24-161:22 | (161:19-22): FRE 402/403: Testimony regarding whether Bard warned is not relevant to any matter at issue, and the witness's personal belief that Bard warned of the complications in question is immaterial to any matter at issue; FRE 602/702: The witness is not qualified or designated to offer opinion testimony regarding the adequacy of Bard's warnings. | Witness is offering his own personal knowledge, not any expert opinion. Bard's warnings are directly relevant to plaintiff's failure to warn claims. | OVERRULE |

Accordingly, IT IS ORDERED that the parties' request for rulings on objections to certain designations is GRANTED, and the objections are sustained in part and overruled in part as provided above.

Entered this 4th day of June, 2021.

                                                      BY THE COURT:

                                                     /s/

                                         _____

                                         WILLIAM M. CONLEY
                                         District Judge