IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATALIE JOHNSON,

                              Plaintiff,                              ORDER

        v.
                                                          19-cv-760-wmc

C.R. BARD INC. and
BARD PERIPHERAL VASCULAR INC.,

                              Defendants.

---

Before the court is the parties' request for ruling on objections to certain deposition

designations as to David Ciavarella.

| DEPON-ENT | PL AFFIRM | DEF OBJECTIONS | PL RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| | | Defendants' object to this testimony in its entirety as it has no relation to the Meridian filter. Dr. Ciavarella testified that his role as medical director stopped in 2008 when Dr. Altonaga took over (see, 44:24-45:6). This testimony has no relevance to the issues in this case. Bard objects to Plaintiff's references to "Admitted in the | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, the Eclipse, and the Meridian are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse and the anchors on the Meridian. Testimony is relevant to whether the filter []had a defective design, Bard's negligence and failure to warn claims, which are at issue. The G2/G2X/Eclipse/Meridian and the Recovery filter suffered similar rates of | OVERRULED |

| | | Peterson case" as a basis for allowing a designation to played, or overruling an objection, and submits that the testimony should be consider based on the facts and applicable law and rulings in this case. The Peterson case involved a different filter, different claims, and was decided under different state law. | various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse/Meridian. There is no unfair prejudice. | |
|---|---|---|---|---|
| Ciavarella, David 11/12/2013 | 11:09-11:11 | | Admitted in Peterson | |
| Ciavarella, David 11/12/2013 | 13:12-13:19 beginning with "You've been with…" | | Admitted in Peterson | |
| Ciavarella, David 11/12/2013 | 36:14-37:03 | | Admitted in Peterson | |

| Ciavarella, David 11/12/2013 | 44:13-44:18 | Improper designation. Lines 44:08-12 are an answer, but no question was designated. Lines 14-18 are cumulative of Dr. Altonaga's testimony. | Admitted in Peterson The Federal Rules of Evidence do not prohibit a party from questioning witnesses about admissible documents the witness does not recall having seen before. "Personal knowledge of a fact 'is not an absolute' to Rule 602's foundational requirement . . . .", United States v. Cuti, 702 F.3d. 453, 459 (2nd Cir. 2013). . "What if you had known " questions are acceptable. Id., 459 (2nd Cir. 2013). Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, the Eclipse, and the Meridian are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse and the anchors on the Meridian. Testimony is relevant to whether the filter filter had a defective design, Bard's negligence and failure warn claims, which are at issue. The G2/G2X/Eclipse/Meridian and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse/Meridian. There is no unfair | OVERRULED |

| | | | prejudice. Testimony is relevant because it establishes that the doctors evaluating adverse events and complications of the Recovery filter did not see patients regarding filters or for any other issues. Witness knew answer to question. | |
|---|---|---|---|---|
| Ciavarella, David 11/12/2013 | 44:24-45:06 | | Admitted in Peterson | |
| Ciavarella, David 11/12/2013 | 46:14-46:23 | Cumulative of Dr. ALtonaga's testimony. | Admitted in Peterson The testimony is not cumulative and Plaintiff is not "needless presenting cumulative evidence". The question was never asked of Dr. Altonaga. | OVERRULED |
| Ciavarella, David 11/12/2013 | 70:06-70:08 beginning with "you don't have…" | Rules 401, 402 and 403. There is no failure to recall claim in this case. | Admitted in Peterson The question and answer do not discuss a[] "recall" it asks if Bard could withdraw a product from the market voluntarily. The testimony is relev[a]nt to Ba[r]d's negligence and is not unfairly prejudicial. | OVERRULED |

| | | | | |
|---|---|---|---|---|
| Ciavarella, David 11/12/2013 | 70:11-70:13 | Rules 401, 402 and 403. There is no failure to recall claim in this case. | Admitted in Peterson The question and answer do not discuss a[] "recall" it asks if Bard could withdraw a product from the market voluntarily. The testimony is relev[a]nt to Ba[r]d's negligence and is not unfairly prejudicial. | OVERRULED |
| Ciavarella, David 11/12/2013 | 83:06-83:08 | | Admitted in Peterson | |
| Ciavarella, David 11/12/2013 | 83:11-83:16 | | Admitted in Peterson | |
| Ciavarella, David 11/12/2013 | 84:10-84:15 beginning with "a medical doctor," | The counters at pages 84-86 are necessary for completeness. | Admitted in Peterson Witness's job responsibility included review of product labeling, so he had to have knowledge of this subject to do his job. *See, e.g.*, 20:7-14. *see also* 91:13-17; 92:18-24. Witness's job also included assessing as part of health hazard evaluation whether the risk is obvious to the implanting physician. 8/29/12 deposition at 60:16-61:6. Witness made decisions and recommendations with respect to the Recovery regarding implanting physician's role in integrating risk information and making decisions. 7/29/14 deposition at 164:24-165:6. Testimony designated by Bard | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | | establishes witness had knowledge of and was involved in warnings and the risk/benefit analysis of doctors related to same. E.g., 80:18-25. In fact, the witness conducted a focus group regarding how doctors evaluate the risk/benefit ratio with respect to the Recovery filter. See Bard's design[]ation, 7/29/04 deposition at 140:1-19. Thus, witness has knowledge of this subject matter. FCP 32(6) and FRE 106 only require completeness that "in fairness ought to be considered at the same time". Defendants have not demonstrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |

| | | | | |
|---|---|---|---|---|
| Ciavarella, David 11/12/2013 | 84:17-84:20 | The counters at pages 84-86 are necessary for completeness. | Admitted in Peterson Warnings and what medical professional knew or should have known directly relate to consumer expectation. Witness's job responsibility included review of product labeling, so he had to have knowledge of this subject to do his job. See, e.g., 20:7-14. see also 91:13-17; 92:18-24. Witness's job also included assessing as part of health hazard evaluation whether the risk is obvious to the implanting physician. 8/29/12 deposition at 60:16-61:6. Witness made decisions and recommendations with respect to the Recovery regarding implanting physician's role in integrating risk information and making decisions. 7/29/14 deposition at 164:24-165:6. Testimony designated by Bard establishes witness had knowledge of and was involved in warnings and the risk/benefit analysis of doctors related to same. E.g., 80:18-25. In fact, the witness conducted a focus group regarding how doctors evaluate the risk/benefit ratio with respect to the Recovery filter. See Bard's design[]ation, | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | | 7/29/04 deposition at 140:1-19. Thus, witness has knowledge of this subject matter. The witness answered the question. The Federal Rules of Evidence do not prohibit a party from questioning witnesses about admissible documents the witness does not recall having seen before. "Personal knowledge of a fact 'is not an absolute' to Rule 602's foundational requirement . . . .", United States v. Cuti, 702 F.3d. 453, 459 (2nd Cir. 2013). . "What if you had known " questions are acceptable. Id., 459 (2nd Cir. 2013). FCP 32(6) and FRE 106 only require completeness that "in fairness ought to be considered at the same time". Defendants have not demonstrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| Ciavarella, David 11/12/2013 | 90:12-90:16 | | Admitted in Peterson | |
| Ciavarella, David 11/12/2013 | 90:24-91:17 beginning with "it has to..." | | Admitted in Peterson | |

| Ciavarella, David 11/12/2013 | 92:18-92:24 | The counters at 94-95 are necessary for completeness. | Admitted in Peterson | |
| Ciavarella, David 11/12/2013 | 104:16-104:18 beginning with "What is MAUDE?" | The counters at 104-106 are necessary for completeness and will not make sense out of context. | Admitted in Peterson | |
| Ciavarella, David 11/12/2013 | 126:18-127:01 beginning with "the..." | Rules 401, 402, 403 – This case does not involve a fatal migration or a Recovery Filter. This testimony is overly prejudicial and has no bearing on the facts of this case. The Court has ruled this testimony is not substantially similar to the facts in this case and, therefore, should be excluded. (See ECF No. 204, p. 3-5.) | Admitted in Peterson Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, the Eclipse, and the Meridian are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse and the anchors on the Meridian. Testimony is relevant to whether the filter []had a defective design and Bard's negligence, which are at issue. The G2/G2X/Eclipse/Meridian and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse/Meridian. There is no unfair prejudice. | OVERRULED |
| Ciavarella, David 11/12/2013 | 131:18-131:23 beginning with "one of the..." | Counters at 131:6-12 are necessary for completeness and will not make | Admitted in Peterson | |

| | | sense out of context. | | |
|---|---|---|---|---|
| Ciavarella, David 11/12/2013 | 154:11-155:17 beginning with "why is a perforation …" | | Admitted in Peterson | |
| Ciavarella, David 11/12/2013 | 156:24-157:03 beginning with "we do know,…" | | Admitted in Peterson | |
| Ciavarella, David 11/12/2013 | 157:04-157:13 | | Testimony admitted at Bard's request in Peterson | |
| Ciavarella, David 11/12/2013 | 161:21-162:05 | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve the G2 filter. | Admitted in Peterson Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, the Eclipse, and the Meridian are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse and the anchors on the Meridian. Testimony is relevant to whether the filter []had a defective design and Bard's negligence, which are at issue. The G2/G2X/Eclipse/Meridia n and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse/Meridia | OVERRULED |

| | | | n. There is no unfair prejudice. | |
|---|---|---|---|---|
| Ciavarella, David 11/12/2013 | 162:11-162:17 | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve the G2 filter. | Admitted in Peterson Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, the Eclipse, and the Meridian are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse and the anchors on the Meridian. Testimony is relevant to whether the filter filter had a defective design and Bard's negligence, which are at issue. The G2/G2X/Eclipse/Meridian and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse/Meridian. There is no unfair prejudice. | OVERRULED |
| Ciavarella, David 11/12/2013 | 168:02-168:09 | Rules 401, 402, 403 – This testimony violates the Court's ruling on the Motion in Limine. This case does not involve a fatal migration or a Recovery Filter. | Admitted in Peterson Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, the Eclipse, and the Meridian are the same filter with the exception of a removal hook on | SUSTAIN |

| | | | | |
|---|---|---|---|---|
| | | This testimony is overly prejudicial and has no bearing on the facts of this case. The Court has ruled this testimony is not substantially similar to the facts in this case and, therefore, should be excluded. (See ECF No. 204, p. 3-5.) | the G2X and electropolishing on the Eclipse and the anchors on the Meridian. Testimony is relevant to whether the filter filter had a defective design and Bard's negligence, which are at issue. The G2/G2X/Eclipse/Meridian and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse/Meridian. There is no unfair prejudice. | |
| Ciavarella, David 11/12/2013 | 176:04-176:08 beginning with "the rates…" | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve the G2 filter, the Recovery filter, or the SNF filter. | Admitted in Peterson Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, the Eclipse, and the Meridian are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse and the anchors on the Meridian. Testimony is relevant to whether the filter filter had a defective design and Bard's negligence, which are at issue. The G2/G2X/Eclipse/Meridian and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse/Meridian | OVERRULED |

| | | | n. There is no unfair prejudice. | |
|---|---|---|---|---|
| Ciavarella, David 11/12/2013 | 179:16-179:25 beginning with "eventually didn't…" | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve a fatal migration or a Recovery Filter. This testimony is overly prejudicial and has no bearing on the facts of this case. The Court has ruled this testimony is not substantially similar to the facts in this case and, therefore, should be excluded. (See ECF No. 204, p. 3-5.) Defendants also object because this testimony violates a protective order on the Lehmann Report. This testimony violates Judge Campbell's ruling the consultant's report | Admitted in Peterson Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, the Eclipse, and the Meridian are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse and the anchors on the Meridian. Testimony is relevant to whether the filter filter had a defective design and Bard's negligence which are at issue. The G2/G2X/Eclipse/Meridian and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse/Meridian. Any prejudice is not unfair. | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | is protected work product. See, MDL docket 699. It would be highly prejudicial for this witness to testify about the consultant's report when Bard has no way to respond without waiving the work product privilege. | | |
| Ciavarella, David 11/12/2013 | 180:11-180:25 beginning with "I'm asking…" | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve a fatal migration or a Recovery Filter. This testimony is overly prejudicial and has no bearing on the facts of this case. The Court has ruled this testimony is not substantially similar to the facts in this case and, therefore, should be excluded. (See ECF No. 204, p. 3-5.) Defendants also object because this testimony violates a protective order | Admitted in Peterson Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, the Eclipse, and the Meridian are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse and the anchors on the Meridian. Testimony is relevant to whether the filter filter had a defective design and Bard's negligence which are at issue. The G2/G2X/Eclipse/Meridian and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse/Meridian. Any prejudice is not unfair. | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | on the Lehmann Report. This testimony violates Judge Campbell's ruling the consultant's report is protected work product. See, MDL docket 699. It would be highly prejudicial for this witness to testify about the consultant's report when Bard has no way to respond without waiving the work product privilege. | | |
| Ciavarella, David 11/12/2013 | 181:05-181:08 | Answer to which no question is designated. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve a fatal migration or a Recovery Filter. This testimony is overly prejudicial and has no bearing on the facts of this case. The Court has ruled this testimony is not substantially similar to the facts in this case and, | Admitted in Peterson Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, the Eclipse, and the Meridian are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse and the anchors on the Meridian. Testimony is relevant to whether the filter []had a defective design and Bard's negligence, which are at issue. The G2/G2X/Eclipse/Meridian and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse/Meridia | OVERRULED |

| | | therefore, should be excluded. (See ECF No. 204, p. 3-5.) Defendants also object because this testimony violates a protective order on the Lehmann Report. This testimony violates Judge Campbell's ruling the consultant's report is protected work product. See, MDL docket 699. It would be highly prejudicial for this witness to testify about the consultant's report when Bard has no way to respond without waiving the work product privilege. (See 181:9-25) | n. Any prejudice is not unfair. | |
| --- | --- | --- | --- | --- |
| Ciavarella, David 11/12/2013 | 182:12-182:21 beginning with "you had…" | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve a fatal migration or a Recovery Filter. This testimony is overly prejudicial and has no bearing on the | Admitted in Peterson Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, the Eclipse, and the Meridian are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse and the anchors on the Meridian. Testimony is relevant to whether the filter filter had a defective design and Bard's negligence, which are at issue. The | OVERRULED |

| | | facts of this case. The Court has ruled this testimony is not substantially similar to the facts in this case and, therefore, should be excluded. (See ECF No. 204, p. 3-5.) | G2/G2X/Eclipse/Meridian and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse/Meridian. Any prejudice is not unfair. | |
|---|---|---|---|---|
| Ciavarella, David 11/12/2013 | 186:05-186:11 beginning with " So, you know,…" | Rules 401, 402 and 403 – this testimony all relates to the Recovery filter and Dr. Lehmann's analysis. | Admitted in Peterson | OVERRULED |
| Ciavarella, David 11/12/2013 | 265:18-265:21 | Rules 401, 402 and 403. Testimony does not involve the filter or failure modes at issue. | Admitted in Peterson Testimony does not involve failure modes. Testimony is only describing the exhibit | OVERRULED |
| Ciavarella, David 11/12/2013 | 266:13-266:22 | Rules 401, 402 and 403. Testimony does not involve filter or failure modes at issue. | Admitted in Peterson Testimony does not involve failure modes. Testimony is establishing who Cindi Walcott is and the timeframe. | OVERRULED |
| Ciavarella, David 11/12/2013 | 267:11-269:04 | Rules 401, 402 and 403. Testimony does not involve filter or failure modes at issue. Rules 801/802 Testimony is hearsay. | Admitted in Peterson Testimony goes to a failure mode known to Bard but not shared with consumers or the medical community. The testimony goes to the failure to warn and Bard's negligence. Defendants need to identify which portion of the testimony is | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | | thought to be hearsay. The document is a Bard business record and statement of a party opponent. FRE 801(d)(2) & 803(6). | |
| Ciavarella, David 11/12/2013 | 271:08-271:21 | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, the Eclipse, and the Meridian are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse and the anchors on the Meridian. Testimony is relevant to whether the filter filter had a defective design and Bard's negligence, which are at issue. The G2/G2X/Eclipse/Meridian and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse/Meridian. There is no unfair prejudice. The testimony also concerns a safer alternative design, the SNF. | OVERRULED |
| Ciavarella, David 11/12/2013 | 272:05-272:15 | Rules 401, 402 and 403. Testimony does not involve filter or failure modes at issue. | Admitted in Peterson Testimony goes to a failure mode known to Bard but not shared with consumers or the medical community. The testimony goes to the failure to warn, | OVERRULED |

| | | | negligence and safer alternative design. | |
|---|---|---|---|---|
| Ciavarella, David 11/12/2013 | 272:24-273:09 ending at "yes." | Rules 401, 402 and 403. Testimony does not involve filter or failure modes at issue. | Admitted in Peterson Testimony goes to a failure mode known to Bard but not shared with consumers or the medical community. The testimony goes to design defect, failure to warn and negligence. | OVERRULED |
| Ciavarella, David 11/12/2013 | 274:09-275:06 | Rules 401, 402 and 403. Testimony does not involve filter or failure modes at issue. | Admitted in Peterson Testimony goes to a failure mode known to Bard but not shared with consumers or the medical community. The testimony goes to design defect, failure to warn and negligence. | OVERRULED |
| Ciavarella, David 11/12/2013 | 275:19-276:04 | Rules 401, 402 and 403. Testimony does not involve filter or failure modes at issue. | Admitted in Peterson Testimony goes to a failure mode known to Bard but not shared with consumers or the medical community. The testimony goes to design defect, failure to warn and negligence. | OVERRULED |
| Ciavarella, David 11/12/2013 | 277:11-277:23 | Rules 401, 402 and 403. Testimony does not involve filter or failure modes at issue. | Admitted in Peterson Testimony goes to a failure mode known to Bard but not shared with consumers or the medical community. The testimony goes to design defect, failure to warn and negligence. | OVERRULED |

| | | | | |
|---|---|---|---|---|
| Ciavarella, David 11/12/2013 | 281:09-281:15 | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve the G2 filter, failure modes at issue, or use of a permanent filter. | Admitted in Peterson Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, the Eclipse, and the Meridian are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse and the anchors on the Meridian. Testimony is relevant to whether the filter filter had a defective design and Bard's negligence, which are at issue. The G2/G2X/Eclipse/Meridian and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse/Meridian. There is no unfair prejudice. | OVERRULED |
| Ciavarella, David 11/12/2013 | 282:02-282:08 | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve the G2 filter, failure modes at issue, or use of a permanent filter. | Admitted in Peterson Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, the Eclipse, and the Meridian are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse and the anchors on the Meridian. Testimony is relevant to whether the filter filter had a defective design and Bard's negligence, which are at issue. The | OVERRULED |

| | | | G2/G2X/Eclipse/Meridian and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse/Meridian. There is no unfair prejudice. | |
| Ciavarella, David 11/12/2013 | 283:05-283:14 | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve the G2 filter, failure modes at issue, or use of a permanent filter. | Admitted in Peterson Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, the Eclipse, and the Meridian are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse and the anchors on the Meridian. Testimony is relevant to whether the filter filter had a defective design and Bard's negligence, which are at issue. The G2/G2X/Eclipse/Meridian and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse/Meridian. There is no unfair prejudice. | OVERRULED |

| Ciavarella, David 11/12/2013 | 359:14-359:20 beginning with "on this team…" | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve the Recovery filter. | Admitted in Peterson Testimony is not related to a particular filter or failure mode. The testimony shows that David Ciavarella was the only medical doctor evaluating filter failures and catastrphic events caused by Bard IVC fitlers. Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, the Eclipse, and the Meridian are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse and anchors of the Meridian. Testimony is relevant to whether the filter had a defective design and Bard's negligence, which are at issue. The G2/G2X/Eclipse/Meridian and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse/Meridian. There is no unfair prejudice. | OVERRULED |

| Ciavarella, David 11/12/2013 | 362:07-362:24 beginning with "you wrote:…" | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve the Recovery filter. | Admitted in Peterson Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, the Eclipse, and the Meridian are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse and anchors of the Meridian. The testimony establishes that the witness (medical director of Bard at time of Recovery) believes that it is not possible to predict which patients' filters will fracture, but that more frequent monitoring could prevent some adverse events by discovery of abnormal placements and/or of fractures. Despite witness's conveyance of this opinion to Bard, Bard has not communicated this to physicians, to the witness's knowledge. | OVERRULED |
| Ciavarella, David 11/12/2013 | 363:08-363:16 | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, the Eclipse, and the Meridian are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse and anchors of the Meridian. The | OVERRULED |

| | | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve the Recovery filter. | testimony establishes that the witness (medical director of Bard at time of Recovery) believes that it is not possible to predict which patients' filters will fracture, but that more frequent monitoring could prevent some adverse events by discovery of abnormal placements and/or of fractures. Despite witness's conveyance of this opinion to Bard, Bard has not communicated this to physicians, to the witness's knowledge. The testimony is relevant to Bard's negligence and the failure to warn claims. There is no unfair prejudice. | |
|---|---|---|---|---|
| Ciavarella, David 11/12/2013 | 364:04-365:02 | Rules 401, 402 and 403. Testimony does not involve filter or failure modes at issue. | Admitted in Peterson Testimony goes to a failure mode known to Bard but not shared with consumers or the medical community. The testimony goes to consumer expectation. Furthermore the testimony involves migration which is the failure more in question. There is no unfair prejudice. | OVERRULED |
| Ciavarella, David 11/12/2013 | 366:01-367:05 | Rules 401, 402 and 403. Testimony does not involve filter | Admitted in Peterson Testimony goes to a failure mode known to Bard but not shared with consumers or the | OVERRULED |

| | | or failure modes at issue. | medical community. The testimony goes to consumer expectation. Furthermore the testimony involves migration and tilt which are the failure modes in question. There is no unfair prejudice. | |
|---|---|---|---|---|
| Ciavarella, David 11/12/2013 | 367:22-368:05 | Rules 401, 402 and 403. Testimony does not involve filter or failure modes at issue. | Admitted in Peterson Testimony goes to a failure mode known to Bard but not shared with consumers or the medical community. The testimony goes to consumer expectation. Furthermore the testimony involves perforation which is the failure more in question. There is no unfair prejudice. | OVERRULED |
| | | | | |

| DEPON-ENT | DEF COUNTER | PL OBJECTIONS | DEF RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| Ciavarella, David 11/12/2013 | 43:15-43:24 | | | |
| Ciavarella, David 11/12/2013 | 57:02-57:16 | | | |
| Ciavarella, David 11/12/2013 | 58:23-59:12 | | | |
| Ciavarella, David 11/12/2013 | 60:09-61:17 | FRE 403; Rules 601/602 & 701. Lacks foundation, witness does not have personal | Witness is a medical doctor with years of experience with IVC filters. He has proper foundation and personal | OVERRULED |

| | | knowledge of subject matter; witness not an expert in this subject matter. | knowledge to provide the designated testimony. | |
|---|---|---|---|---|
| Ciavarella, David 11/12/2013 | 84:22-85:03<br><br>subject to objection | FRE 403: misleading and optional completeness: need to add witness answers to this at 85:16 & 86:8-8 (Witness says "I'm not sure." and "I don't know how to answer that question.") | The designation is not misleading -- it is disjointed because Plaintiff's counsel interrupted the witness and then asked the court reporter to reread the question. | SUSTAIN |
| Ciavarella, David 11/12/2013 | 86:08-86:16<br><br>begin at whenever | FRE 403: misleading and optional completeness: need to add witness answers to this at 85:16 & 86:8-8 (Witness says "I'm not sure." and "I don't know how to answer that question.") | The designation is not misleading -- it is disjointed because Plaintiff's counsel interrupted the witness and then asked the court reporter to reread the question. | SUSTAIN |
| Ciavarella, David 11/12/2013 | 89:23-90:10 | Lack of foundation. The witness cannot speak to what other device manufactures should or should not do. | Witness is merely attempting to answer the question posed by Plaintiff's counsel, and his answer specifically is limited to the idea that "Bard has no place in that individual doctor-patient decision-making process." | OVERRULED |

| | | | | |
|---|---|---|---|---|
| Ciavarella, David 11/12/2013 | 94:11-95:01 | | | |
| Ciavarella, David 11/12/2013 | 104:19-105:10 | Rules 601/602 & 701. Lacks foundation, witness does not have personal knowledge of subject matter; witness not an expert in this subject matter. Witness repeatedly testified "probably" indicating lack of knowledge. | Witness is asked by Plaintiff's counsel specifically for his personal thoughts on why the MAUDE database exists and various aspects of that database. Plaintiff has designated the witness' testimony regarding MAUDE, as well. | SUSTAIN |
| Ciavarella, David 11/12/2013 | 106:09-106:12 | | | |
| Ciavarella, David 11/12/2013 | 106:15-106:25 | 106:24-25: FRE 802: hearsay; Judge Campbell sustained this objection in the MDL. Dkt. 10403 page 5. | | SUSTAIN |
| Ciavarella, David 11/12/2013 | 127:06-127:08  subject to objection | | | |
| Ciavarella, David 11/12/2013 | 127:11-127:14  subject to objection | | | |

| | | | | |
|---|---|---|---|---|
| Ciavarella, David 11/12/2013 | 131:06-131:12 | | | |
| Ciavarella, David 11/12/2013 | 155:18-155:21 subject to objection | FRE 401, 402, 403: testimony cut off in middle of question; improper testimony | Testimony contains a full question and a full answer, and is the continuation of Plaintiff's counsel's own questioning on potential complications with IVC filters, which is directly relevant. | OVERRULED |
| Ciavarella, David 11/12/2013 | 159:09 subject to objection | Defedants have not moved for optional completeness. Nor would it be approiate her. | No objection noted | STRIKE |
| Ciavarella, David 11/12/2013 | 186:17-186:21 | | | |
| Ciavarella, David 11/12/2013 | 186:23-186:25 | | | |
| | | | | |
| **DEPON-ENT** | **PL COUNTERS TO COUNTERS** | **DEF OBJECTIONS** | **PL RESPONSE TO OBJECTIONS** | **COURT RULING** |
| Ciavarella, David 11/12/2013 | 155:22-156:02 | | | |
| Ciavarella, David 11/12/2013 | 156:08-156:14 Theoretically | | | |

| Ciavarella, David 11/12/2013 | 273:15-273:19 | Rule 801 - calls for hearsay | The question asks if the witness agrees with p[r]ior testimony and does not call for hearsay. | OVERRULED |
|---|---|---|---|---|
| Ciavarella, David 11/12/2013 | 276:05-277:05

beginning with when the | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve a G2 filter or a Recovery filter. | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, the Eclipse, and the Meridian are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse and the anchors on the Meridian. Testimony is relevant to whether the filter []had a defective design and Bard's negligence which are at issue. The G2/G2X/Eclipse/Meridian and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse/Meridian. There is no unfair prejudice. | OVERRULED |
| Ciavarella, David 11/12/2013 | 284:04-284:16 | | This question and answer has nothing to do with other lawsuit but is a refer[e]nce to Dr. Ciavarella's 12/27/2005 email questioning why the G2 was being sold given its early failures when the SNF was available and did not present such issues. The testimony is relevant to design | |

29

| | | | defect, negligence and failure to warn. | |
|---|---|---|---|---|
| Ciavarella, David 11/12/2013 | 299:09-300:07 | | | |
| Ciavarella, David 11/12/2013 | 371:23-372:03 | Rules 601/602 & 612 Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. | The Federal Rules of Evidence do not prohibit a party from questioning witnesses about admissible documents the witness does not recall having seen before. "Personal knowledge of a fact 'is not an absolute' to Rule 602's foundational requirement . . . .", *United States v. Cuti*, 702 F.3d. 453, 459 (2nd Cir. 2013). . "What if you had known " questions are acceptable. *Id.*, 459 (2nd Cir. 2013). The question is summing up the prior testimony and is not referencing any specific document. . | **RESERVE** |
| Ciavarella, David 11/12/2013 | 372:05 | Rules 601/602 & 612 Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. | The Federal Rules of Evidence do not prohibit a party from questioning witnesses about admissible documents the witness does not recall having seen before. "Personal knowledge of a fact 'is not an absolute' to Rule 602's foundational requirement . . . .", *United States v. Cuti*, 702 F.3d. 453, 459 (2nd Cir. 2013). . "What if you had known " questions | **RESERVE** |

| | | | | |
|---|---|---|---|---|
| | | | are acceptable. *Id.*, 459 (2nd Cir. 2013). The question is summing up the prior testimony and is not referencing any specific document. | |
| | | | | |

Accordingly, IT IS ORDERED that the parties' request for rulings on objections to certain designations is GRANTED, and the objections are sustained in part and overruled in part as provided above.

Entered this 4th day of June, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge