IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATALIE JOHNSON,

|  | | |
|---|---|---|
| Plaintiff, | | ORDER |
| v. | | |
| | | 19-cv-760-wmc |
| C.R. BARD INC. and | | |
| BARD PERIPHERAL VASCULAR INC., | | |
| Defendants. | | |

---

Before the court is the parties' request for ruling on objections to certain deposition

designations as to Robert Carr.

**April 17, 2013, Deposition:**

| DEPON-ENT | PL AFFIRM | DEF OBJECTIONS | PL RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| | | Bard objects to Plaintiff's references to "Admitted in the Peterson case" as a basis for allowing a designation to played, or overruling an objection, and submits that the testimony should be consider based on the facts and applicable law and rulings in this case. The Peterson case involved a different filter, different claims, and was | | |

|  |  | decided under different state law. |  |  |
|---|---|---|---|---|
| Carr, Rob 04/17/2013 | 5:08-5:19 | To the extent Mr. Carr's background and work history are previously designated, this is duplicative and cumulative of testimony designated in the four other depositions of Mr. Carr. | Admitted in the Peterson Case Plaintiff will only provide testimony as to Mr. Carr's background and work history one time. | OVERRULED |
| Carr, Rob 04/17/2013 | 9:01-9:05 | To the extent Mr. Carr's background and work history are previously designated, this is duplicative and cumulative of testimony designated in the four other depositions of Mr. Carr. | Admitted in the Peterson Case Plaintiff has reduced the designation to 09:01-09:05 and 10:13-10:24 | OVERRULED |
| Carr, Rob 04/17/2013 | 10:13-10:24 | To the extent Mr. Carr's background and work history are previously designated, this is duplicative and cumulative of testimony designated in the four other depositions of Mr. Carr. | Admitted in the Peterson Case | OVERRULED |
| Carr, Rob 04/17/2013 | 11:20-11:22 | To the extent Mr. Carr's background and work history are | Admitted in the Peterson Case Plaintiff will only | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | previously designated, this is duplicative and cumulative of testimony designated in the four other depositions of Mr. Carr. | provide testimony as to Mr. Carr's background and work history one time. | |
| Carr, Rob 04/17/2013 | 12:04-12:07 | This testimony is duplicative and cumulative of testimony designated in the four other depositions of Mr. Carr and several other of Bard's employees and former employees. | Admitted in the Peterson Case | OVERRULED |
| Carr, Rob 04/17/2013 | 12:18-12:22 | Rules 401, 402 and 403-As is indicated below much of the testimony designated below exceeded the scope of the notice of the deposition. Plainitff should not be able to imply that Mr. Carr was speaking on behalf of the company when he was responding to questions in his personal capacity because counsel asked questions that exceeded the scope of the notice of the 30(b)(6) deposition. | Admitted in the Peterson Case Bard chose Mr. Carr to respond to the 30(b)(6) notice not the Plaintiff, therefore he is testifying for the company. At all times relevant to the deposition and subject matter of the testimony Mr. Carr was an officer and manager at Bard. | **RESERVED AS TO SCOPE, OTHERWISE OVERRULED** |

| Carr, Rob 04/17/2013 | 13:17-13:24 | Objection. By removing 13:15-16, without notice this testimony is out of context. Must keep 13:15-16 to denote the scope of the witness' testimony. Moreover, to the extent Mr. Carr's background and work history are previously designated, this is duplicative and cumulative of testimony designated in the four other depositions of Mr. Carr. | Admitted in the Peterson Case Plaintiff will only provide testimony as to Mr. Carr's background and work history one time. FRCP 32 (6) and FRE 106 only require the inclusion of matters that "in fairness should be considered with the part introduced." This designation involves a new line of question and separate issue from the testimony offered therefore optional completeness is not required. The Plaintiff should be permitted to present the testimony requested and that follows with interruption by this testimony offered by defenses. Defense can play this testimony in cross. | OVERRULED |
| Carr, Rob 04/17/2013 | 13:25-14:10 | To the extent Mr. Carr's background and work history are previously designated, this is duplicative and | Admitted in the Peterson Case Plaintiff will only provide testimony as to Mr. Carr's | OVERRULED |

4

| | | | | |
|---|---|---|---|---|
| | | cumulative of testimony designated in the four other depositions of Mr. Carr. | background and work history one time. | |
| Carr, Rob 04/17/2013 | 14:11-14:14 | To the extent Mr. Carr's background and work history are previously designated, this is duplicative and cumulative of testimony designated in the four other depositions of Mr. Carr. | Admitted in the Peterson Case Plaintiff will only provide testimony as to Mr. Carr's background and work history one time. | OVERRULED |
| Carr, Rob 04/17/2013 | 91:16-91:24 | | Admitted in the Peterson Case | |
| Carr, Rob 04/17/2013 | 92:05-92:17 | | Admitted in the Peterson Case | |
| Carr, Rob 04/17/2013 | 93:01-93:07 | | Admitted in the Peterson Case | |
| Carr, Rob 04/17/2013 | 93:08-94:03 | | Admitted in the Peterson Case | |
| Carr, Rob 04/17/2013 | 94:16-95:02 | | Admitted in the Peterson Case | |
| Carr, Rob 04/17/2013 | 95:22-96:06 | | Admitted in the Peterson Case | |

| Carr, Rob 04/17/2013 | 97:19-97:22 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in the Peterson Case Bard chose to market the Meridian filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in the context of the entire filter-line development. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. The Bard's conduct with regard to the | OVERRULED |

| | | | design history its IVC filters from the Recovery filter to the Meridian is relevant to the negligence claims as is its knowledge of how complications such as caudal migration can lead to fracture. | |
|---|---|---|---|---|
| Carr, Rob 04/17/2013 | 97:23-98:08 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in the Peterson Case Bard chose to market the Meridian filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in the context of the entire filter-line development. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | | failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. The Bard's conduct with regard to the design history its IVC filters from the Recovery filter to the Meridian is relevant to the negligence claims as is its knowledge of how complications such as caudal migration can lead to fracture. | |
| Carr, Rob 04/17/2013 | 98:11-98:12 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in the Peterson Case Plaintiff has reduced this designation to 98:11-98:12. Bard chose to market the Meridian filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform | OVERRULED |

|  |  |  | filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in the context of the entire filter-line development. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. The Bard's conduct with regard to the design history its IVC filters from the Recovery filter to the Meridian is relevant to the negligence claims as is its knowledge of how complications |  |
| --- | --- | --- | --- | --- |

| | | | such as caudal migration can lead to fracture. | |
|---|---|---|---|---|
| Carr, Rob 04/17/2013 | 105:05-105:13 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. This testimony involves alleged issues with the G2 and G2X filters, not the filter at issue. Testimony also exceeds the scope of the notice of the deposition. Plaintiff should not be able to imply that Mr. Carr was speaking on behalf of the company when he was responding to questions in his personal capacity because counsel asked questions that exceeded the scope of the notice of the 30(b)(6) deposition. | Admitted in the Peterson Case Bard chose to market the Meridian filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in the context of the entire filter-line development. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the | OVERRULED |

| | | | design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. The Bard's conduct with regard to the design history its IVC filters from the Recovery filter to the Meridian is relevant to the negligence claims as is its knowledge of how complications such as caudal migration can lead to fracture. Bard chose Mr. Carr, its former Director of Research and Development and current VP for Project Management, to respond to the 30(b)(6) notice not the Plaintiff, therefore he is testifying for the company. At all times relevant to the deposition and subject matter of the testimony Mr. Carr was an | |
|---|---|---|---|---|

| | | | officer and manager at Bard. The testimony is withn the scope of the 30(b)(6) motion which included "the risks and complications associated with" the Bard filters. | |
|---|---|---|---|---|
| Carr, Rob 04/17/2013 | 106:18-107:07 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. This testimony involves alleged issues with the G2 and G2X filters, not the filter at issue. Testimony also exceeds the scope of the notice of the deposition. Plaintiff should not be able to imply that Mr. Carr was speaking on behalf of the company when he was responding to questions in his personal capacity because counsel asked questions that | Admitted in the Peterson Case Bard chose to market the Meridian filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in the context of the entire filter-line development. Judge Campbell agreed with this position in Jones v. Bard. [MDL | **RESERVED AS TO SCOPE, OTHERWISE OVERRULED** |

| | | | | |
|---|---|---|---|---|
| | | exceeded the scope of the notice of the 30(b)(6) deposition. | Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. The Bard's conduct with regard to the design history its IVC filters from the Recovery filter to the Meridian is relevant to the negligence claims as is its knowledge of how complications such as caudal migration can lead to fracture. Bard chose Mr. Carr, its former Director of Research and Development and current VP for Project Management, to respond to the 30(b)(6) notice not the Plaintiff, therefore he is testifying for the company. At all | |

| | | | | |
|---|---|---|---|---|
| | | | times relevant to the deposition and subject matter of the testimony Mr. Carr was an officer and manager at Bard. The testimony is withn the scope of the 30(b)(6) motion which included "the risks an complications associated with" the Bard filters. | |
| Carr, Rob 04/17/2013 | 107:08-108:12 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. This testimony involves alleged issues with the G2 and G2X filters, not the filter at issue. Testimony also exceeds the scope of the notice of the deposition. Plaintiff should not be able to imply that Mr. Carr was speaking on behalf of the company when he was responding to questions in his personal capacity because counsel asked questions that | Admitted in the Peterson Case | **RESERVED AS TO SCOPE, OTHERWISE OVERRULED** |

| | | exceeded the scope of the notice of the 30(b)(6) deposition. Moreover, counsel is testifying -- simply reading the document and asking the witness if counsel read it correctly. | | |
|---|---|---|---|---|
| Carr, Rob 04/17/2013 | 108:13-108:21 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. This testimony involves alleged issues with the G2 and G2X filters, not the filter at issue. Rules 401, 402, 403. Testimony also exceeds the scope of the notice of the deposition. Plaintiff should not be able to imply that Mr. Carr was speaking on behalf of the company when he was responding to questions in his personal capacity because counsel asked questions that exceeded the scope of the notice of the 30(b)(6) deposition. | Admitted in the Peterson Case Bard chose to market the Meridian filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in the context of the entire filter-line development. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a | **RESERVED AS TO SCOPE, OTHERWISE OVERRULED** |

| | | | |
|---|---|---|---|
| | | | particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. The Bard's conduct with regard to the design history its IVC filters from the Recovery filter to the Meridian is relevant to the negligence claims as is its knowledge of how complications such as caudal migration can lead to fracture. Bard chose Mr. Carr, its former Director of Research and Development and current VP for Project Management, to respond to the 30(b)(6) notice not the Plaintiff, therefore he is testifying for the company. At all times relevant to the deposition and subject matter of the testimony Mr. Carr was an officer and manager at Bard. | |

| | | | | |
|---|---|---|---|---|
| | | | The testimony is withn the scope of the 30(b)(6) motion which included "the risks and complications associated with" the Bard filters. | |
| Carr, Rob 04/17/2013 | 108:22-108:25 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. This testimony involves alleged issues with the G2 and G2X filters, not the filter at issue. Rules 401, 402, 403. Testimony also exceeds the scope of the notice of the deposition. Plaintiff should not be able to imply that Mr. Carr was speaking on behalf of the company when he was responding to questions in his personal capacity because counsel | Admitted in the Peterson Case Bard chose to market the Meridian filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in the context of the entire filter-line development. Judge Campbell agreed with this position in Jones v. Bard. [MDL | **RESERVED AS TO SCOPE, OTHERWISE OVERRULED** |

| | | asked questions that exceeded the scope of the notice of the 30(b)(6) deposition. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. The Bard's conduct with regard to the design history its IVC filters from the Recovery filter to the Meridian is relevant to the negligence claims as is its knowledge of how complications such as caudal migration can lead to fracture. Bard chose Mr. Carr, its former Director of Research and Development and current VP for Project Management, to respond to the 30(b)(6) notice not the Plaintiff, therefore he is testifying for the company. At all | |

| | | | | |
|---|---|---|---|---|
| | | | times relevant to the deposition and subject matter of the testimony Mr. Carr was an officer and manager at Bard. The testimony is withn the scope of the 30(b)(6) motion which included "the risks and complications associated with" the Bard filters. | |
| Carr, Rob 04/17/2013 | 109:01-109:01 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. This testimony involves alleged issues with the G2 and G2X filters, not the filter at issue. Rules 401, 402, 403. Testimony also exceeds the scope of the notice of the deposition. Plaintiff should not be able to imply that Mr. Carr was speaking on behalf of the company when he was responding to questions in his personal capacity because counsel | Testimony admitted at Bard's request in Peterson | **RESERVED AS TO SCOPE, OTHERWISE OVERRULED** |

| | | asked questions that exceeded the scope of the notice of the 30(b)(6) deposition. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | | |
|---|---|---|---|---|
| Carr, Rob 04/17/2013 | 109:05-109:09 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. This testimony involves alleged issues with the G2 and G2X filters, not the filter at issue. Rules 401, 402, 403. Testimony also exceeds the scope of the notice of the deposition. Plaintiff should not be able to imply that Mr. Carr was speaking on behalf of the company when he was responding to questions in his personal capacity because counsel asked questions that exceeded the scope of the notice of the 30(b)(6) deposition. Rules 601/602 & 612. Lacks | Testimony admitted at Bard's request in Peterson | **RESERVED AS TO SCOPE, OTHERWISE OVERRULED** |

| | | foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | | |
|---|---|---|---|---|
| Carr, Rob 04/17/2013 | 109:16-109:18 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. This testimony involves alleged issues with the G2 and G2X filters, not the filter at issue. Rules 401, 402, 403. Testimony also exceeds the scope of the notice of the deposition. Plaintiff should not be able to imply that Mr. Carr was speaking on behalf of the company when he was responding to questions in his personal capacity because counsel asked questions that exceeded the scope of the notice of the 30(b)(6) deposition. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge | Admitted in the Peterson Case Bard chose to market the Meridian filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in the context of the entire filter-line development. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure | **RESERVED AS TO SCOPE, OTHERWISE OVERRULED** |

| | | of subject matter, calls for speculation by the witness. | mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. The Bard's conduct with regard to the design history its IVC filters from the Recovery filter to the Meridian is relevant to the negligence claims as is its knowledge of how complications such as caudal migration can lead to fracture. Bard chose Mr. Carr, its former Director of Research and Development and current VP for Project Management, to respond to the 30(b)(6) notice not the Plaintiff, therefore he is testifying for the company. At all times relevant to the deposition and subject matter of the testimony Mr. Carr was an officer and manager at Bard. The testimony is | |
| --- | --- | --- | --- | --- |

| | | | withn the scope of the 30(b)(6) motion which included "the risks and complications associated with" the Bard filters. | |
|---|---|---|---|---|
| Carr, Rob 04/17/2013 | 109:21-110:01 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. This testimony involves alleged issues with the G2 and G2X filters, not the filter at issue. Rules 401, 402, 403. Testimony also exceeds the scope of the notice of the deposition. Plaintiff should not be able to imply that Mr. Carr was speaking on behalf of the company when he was responding to questions in his personal capacity because counsel | Admitted in the Peterson Case | **RESERVED AS TO SCOPE, OTHERWISE OVERRULED** |

| | | asked questions that exceeded the scope of the notice of the 30(b)(6) deposition. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | | |
|---|---|---|---|---|
| Carr, Rob 04/17/2013 | 110:03-110:03 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. This testimony involves alleged issues with the G2 and G2X filters, not the filter at issue. Rules 401, 402, 403. Testimony also exceeds the scope of the notice of the deposition. Plaintiff should not be able to imply that Mr. Carr was speaking on behalf of the company when he was responding to questions in his personal capacity because counsel asked questions that exceeded the scope of the notice of the 30(b)(6) deposition. Rules 601/602 & 612. Lacks | Admitted in the Peterson Case Bard chose to market the Meridian filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in the context of the entire filter-line development. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the | **RESERVED AS TO SCOPE, OTHERWISE OVERRULED** |

| | | foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. The Bard's conduct with regard to the design history its IVC filters from the Recovery filter to the Meridian is relevant to the negligence claims as is its knowledge of how complications such as caudal migration can lead to fracture. Bard chose Mr. Carr, its former Director of Research and Development and current VP for Project Management, to respond to the 30(b)(6) notice not the Plaintiff, therefore he is testifying for the company. At all times relevant to the deposition and subject matter of the testimony Mr. Carr was an | |
|---|---|---|---|---|

| | | | officer and manager at Bard. The testimony is withn the scope of the 30(b)(6) motion which included "the risks and complications associated with" the Bard filters. | |
|---|---|---|---|---|
| Carr, Rob 04/17/2013 | 116:04-116:06 | | Admitted in the Peterson Case | |
| Carr, Rob 04/17/2013 | 116:07-116:13 | | Admitted in the Peterson Case | |
| Carr, Rob 04/17/2013 | 157:04-157:11 | Rules 401, 402, 403. Testimony exceeds the scope of the notice of the deposition. Plaintiff should not be able to imply that Mr. Carr was speaking on behalf of the company when he was responding to questions in his personal capacity because counsel asked questions that exceeded the scope of the notice of the 30(b)(6) deposition. | Admitted in the Peterson case Bard chose Mr. Carr, its former Director of Research and Development and current VP for Project Management, to respond to the 30(b)(6) notice not the Plaintiff, therefore he is testifying for the company. At all times relevant to the deposition and subject matter of the testimony Mr. Carr was an | **RESERVED AS TO SCOPE, OTHERWISE OVERRULED** |

| | | | officer and manager at Bard. The testimony is withn the scope of the 30(b)(6) motion which included "the risks and complications associated with" the Bard filters. | |
|---|---|---|---|---|
| Carr, Rob 04/17/2013 | 157:15-157:22 | Rules 401, 402, 403. Testimony exceeds the scope of the notice of the deposition. Plaintiff should not be able to imply that Mr. Carr was speaking on behalf of the company when he was responding to questions in his personal capacity because counsel asked questions that exceeded the scope of the notice of the 30(b)(6) deposition. | Admitted in the Peterson Case Bard chose Mr. Carr, its former Director of Research and Development and current VP for Project Management, to respond to the 30(b)(6) notice not the Plaintiff, therefore he is testifying for the company. At all times relevant to the deposition and subject matter of the testimony Mr. Carr was an officer and manager at Bard. The testimony is withn the scope of the 30(b)(6) motion which included "the risks and complications associated with" the Bard filters. | **RESERVED AS TO SCOPE, OTHERWISE OVERRULED** |

| Carr, Rob 04/17/2013 | 159:21-160:01 | Rules 401, 402 and 403 - this line of questions exceeds the scope of the depositon notice (See 160:2-3). Rules 401, 402 and 403. Improper hypothetical and assumes facts that are not in evidence. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in the Peterson Case Bard chose Mr. Carr to respond to the 30(b)(6) notice not the Plaintiff, therefore he is testifying for the company. The testimony relates to the risks and benefits presented by Bard's IVC filters and is within the scope of the notice. At all times relevant to the deposition and subject matter of the testimony Mr. Carr was an officer and manager at Bard. The Hypothetical is based upon an event that actually occurred and was reported to Bard. [163:01-163:17]. The Bard's conduct with regard to the communication of the known performance failures of its filters and the reported rate of such failures, or lack thereof, to the medical community is clearly relevant to the failure to | **RESERVED AS TO SCOPE, OTHERWISE OVERRULED** |

| | | | warn and negligence claims. The testimony is relevant and is not unfairly prejudicial. | |
|---|---|---|---|---|
| Carr, Rob 04/17/2013 | 160:04-160:11 | Rules 401, 402 and 403 - this line of questions exceeds the scope of the depositon notice (See 160:2-3). Rules 401, 402 and 403. Improper hypothetical and assumes facts that are not in evidence. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in the Peterson Case Bard chose Mr. Carr to respond to the 30(b)(6) notice not the Plaintiff, therefore he is testifying for the company. The testimony relates to the risks and benefits presented by Bard's IVC filters and is within the scope of the notice. At all times relevant to the deposition and subject matter of the testimony Mr. Carr was an officer and manager at Bard. The Hypothetical is based upon an event that actually occurred and was reported to Bard. [163:01- | **RESERVED AS TO SCOPE, OTHERWISE OVERRULED** |

| | | | 163:17]. The Bard's conduct with regard to the communication of the known performance failures of its filters and the reported rate of such failures, or lack thereof, to the medical community is clearly relevant to the failure to warn and negligence claims. The testimony is relevant and is not unfairly prejudicial. | |
| --- | --- | --- | --- | --- |
| Carr, Rob 04/17/2013 | 160:15-160:17 | Rules 401, 402 and 403 - this line of questions exceeds the scope of the depositon notice (See 160:2-3). Rules 401, 402 and 403. Improper hypothetical and assumes facts that are not in evidence. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Plaintiff has reduced the designation to 160:15 -160:17 Bard chose Mr. Carr to respond to the 300(b)(6) notice not the Plaintiff, therefore he is testifying for the company. The testimony relates to the risks and benefits presented by Bard's IVC filters and is within the scope of the notice. At all times relevant to the deposition and subject matter of the testimony Mr. | **RESERVED AS TO SCOPE, OTHERWISE OVERRULED** |

| | | | | |
|---|---|---|---|---|
| | | | Carr was an officer and manager at Bard. The Hypothetical is based upon an event that actually occurred and was reported to Bard. [163:01-163:17]. The Bard's conduct with regard to the communication of the known performance failures of its filters and the reported rate of such failures, or lack thereof, to the medical community is clearly relevant to the failure to warn and negligence claims. The testimony is relevant and is not unfairly prejudicial. | |
| Carr, Rob 04/17/2013 | 161:08-161:10 | Rules 401, 402 and 403 - this line of questions exceeds the scope of the depositon notice (See 160:2-3). Rules 401, 402 and 403. Improper hypothetical and assumes facts that are not in evidence. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative | Bard chose Mr. Carr to respond to the 30(b)(6) notice not the Plaintiff, therefore he is testifying for the company. The testimony relates to the risks and benefits presented by Bard's IVC filters and is within the scope of the notice. At all | **RESERVED AS TO SCOPE, OTHERWISE OVERRULED** |

| | | | | |
|---|---|---|---|---|
| | | value outweighed by prejudicial effect. | times relevant to the deposition and subject matter of the testimony Mr. Carr was an officer and manager at Bard. The Hypothetical is based upon an event that actually occurred and was reported to Bard. [163:01-163:17]. The Bard's conduct with regard to the communication of the known performance failures of its filters and the reported rate of such failures, or lack thereof, to the medical community is clearly relevant to the failure to warn and negligence claims. The testimony is relevant and is not unfairly prejudicial. | |
| Carr, Rob 04/17/2013 | 161:13-161:14 | Rules 401, 402 and 403 - this line of questions exceeds the scope of the depositon notice (See 160:2-3). Rules 401, 402 and 403. Improper hypothetical and assumes facts that are not in evidence. | Admitted in the Peterson Case Bard chose Mr. Carr to respond to the 30(b)(6) notice not the Plaintiff, therefore he is testifying for the company. The testimony relates | **RESERVED AS TO SCOPE, OTHERWISE OVERRULED** |

| | | Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | to the risks and benefits presented by Bard's IVC filters and is within the scope of the notice. At all times relevant to the deposition and subject matter of the testimony Mr. Carr was an officer and manager at Bard. The Hypothetical is based upon an event that actually occurred and was reported to Bard. [163:01-163:17]. The Bard's conduct with regard to the communication of the known performance failures of its filters and the reported rate of such failures, or lack thereof, to the medical community is clearly relevant to the failure to warn and negligence claims. The testimony is relevant and is not unfairly prejudicial. | |
| Carr, Rob 04/17/2013 | 161:16 | Rules 401, 402 and 403 - this line of questions exceeds the scope of the | Admitted in the Peterson Case | **RESERVED AS TO SCOPE,** |

| | | | | |
|---|---|---|---|---|
| | | depositon notice (See 160:2-3). Rules 401, 402 and 403. Improper hypothetical and assumes facts that are not in evidence. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | | **OTHERWISE OVERRULED** |
| Carr, Rob 04/17/2013 | 162:11-162:15 | Rules 401, 402 and 403 - this line of questions exceeds the scope of the depositon notice (See 160:2-3). Rules 401, 402 and 403. Improper hypothetical and assumes facts that are not in evidence. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in the Peterson Case Bard chose Mr. Carr to respond to the 30(b)(6) notice not the Plaintiff, therefore he is testifying for the company. The testimony relates to the risks and benefits presented by Bard's IVC filters and is within the scope of the notice. At all times relevant to the deposition and subject matter of the testimony Mr. Carr was an officer and manager at Bard. The Hypothetical is based upon an event that actually occurred and was reported to Bard. [163:01- | **RESERVED AS TO SCOPE, OTHERWISE OVERRULED** |

| | | | | |
|---|---|---|---|---|
| | | | 163:17]. The Bard's conduct with regard to the communication of the known performance failures of its filters and the reported rate of such failures, or lack thereof, to the medical community is clearly relevant to the failure to warn and negligence claims. The testimony is relevant and is not unfairly prejudicial. | |
| Carr, Rob 04/17/2013 | 162:18 | Rules 401, 402 and 403 - this line of questions exceeds the scope of the depositon notice (See 160:2-3). Rules 401, 402 and 403. Improper hypothetical and assumes facts that are not in evidence. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in the Peterson Case Bard chose Mr. Carr to respond to the 30(b)(6) notice not the Plaintiff, therefore he is testifying for the company. The testimony relates to the risks and benefits presented by Bard's IVC filters and is within the scope of the notice. At all times relevant to the deposition and subject matter of the testimony Mr. Carr was an officer and | **RESERVED AS TO SCOPE, OTHERWISE OVERRULED** |

| | | | manager at Bard. The Hypothetical is based upon an event that actually occurred and was reported to Bard. [163:01-163:17]. The Bard's conduct with regard to the communication of the known performance failures of its filters and the reported rate of such failures, or lack thereof, to the medical community is clearly relevant to the failure to warn and negligence claims. The testimony is relevant and is not unfairly prejudicial. | |
|---|---|---|---|---|
| Carr, Rob 04/17/2013 | 162:19-162:23 | Rules 401, 402 and 403 - this line of questions exceeds the scope of the depositon notice (See 160:2-3). Rules 401, 402 and 403. Improper hypothetical and assumes facts that are not in evidence. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in the Peterson Case Bard chose Mr. Carr to respond to the 30(b)(6) notice not the Plaintiff, therefore he is testifying for the company. The testimony relates to the risks and benefits presented by Bard's IVC filters and is within the scope of the notice. At all | **RESERVED AS TO SCOPE, OTHERWISE OVERRULED** |

| | | | | |
|---|---|---|---|---|
| | | | times relevant to the deposition and subject matter of the testimony Mr. Carr was an officer and manager at Bard. The Hypothetical is based upon an event that actually occurred and was reported to Bard. [163:01-163:17]. The Bard's conduct with regard to the communication of the known performance failures of its filters and the reported rate of such failures, or lack thereof, to the medical community is clearly relevant to the failure to warn and negligence claims. The testimony is relevant and is not unfairly prejudicial. | |
| Carr, Rob 04/17/2013 | 162:24 | Rules 401, 402 and 403 - this line of questions exceeds the scope of the depositon notice (See 160:2-3). Rules 401, 402 and 403. Improper hypothetical and assumes facts that are not in evidence. | Admitted in the Peterson Case Bard chose Mr. Carr to respond to the 30(b)(6) notice not the Plaintiff, therefore he is testifying for the company. The testimony relates | **RESERVED AS TO SCOPE, OTHERWISE OVERRULED** |

| | | Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | to the risks and benefits presented by Bard's IVC filters and is within the scope of the notice. At all times relevant to the deposition and subject matter of the testimony Mr. Carr was an officer and manager at Bard. The Hypothetical is based upon an event that actually occurred and was reported to Bard. [163:01-163:17]. The Bard's conduct with regard to the communication of the known performance failures of its filters and the reported rate of such failures, or lack thereof, to the medical community is clearly relevant to the failure to warn and negligence claims. The testimony is relevant and is not unfairly prejudicial. | |
| --- | --- | --- | --- | --- |
| Carr, Rob 04/17/2013 | 163:20-163:21 | | Testimony admitted at Bard's request in Peterson | |

| | | | | |
|---|---|---|---|---|
| Carr, Rob 04/17/2013 | 163:22-164:08 | | Admitted in the Peterson Case | |
| Carr, Rob 04/17/2013 | 165:14-165:17 | Rules 401, 402 and 403 - this line of questions exceeds the scope of the depositon notice (See 160:2-3). Rules 401, 402 and 403. Improper hypothetical and assumes facts that are not in evidence. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in the Peterson Case Bard chose Mr. Carr to respond to the 30(b)(6) notice not the Plaintiff, therefore he is testifying for the company. The testimony relates to the risks and benefits presented by Bard's IVC filters and is within the scope of the notice. At all times relevant to the deposition and subject matter of the testimony Mr. Carr was an officer and manager at Bard. The hypothetical is based upon an event that actually occurred and was reported to Bard. [163:01-163:17]. The Bard's conduct with regard to the communication of the known performance failures of its filters and the reported rate of such failures, or lack thereof, to the medical | **RESERVED AS TO SCOPE, OTHERWISE OVERRULED** |

| | | | community is clearly relevant to the failure to warn and negligence claims. The testimony is relevant and is not unfairly prejudicial. | |

| DEPON-ENT | DEF COUNTER | PL OBJECTIONS | DEF RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| Carr, Rob 04/17/2013 | 13:25-14:10 Subject to objection and for completeness | FRCP 32 (6) and FRE 106 only require the inclusion of matters that "in fairness should be considered with the part introduced." This designation involves a new line of question and separate issue from the testimony offered therefore optional completeness is not required. The Plaintiff should be permitted to present the testimony requested and that follows with interruption by this testimony offered by defenses. Defense can play this testimony in cross. | | MOOT |
| Carr, Rob 04/17/2013 | 92:18-92:25 | | | |

| | | | | |
|---|---|---|---|---|
| Carr, Rob 04/17/2013 | 94:04-94:15 | | | |
| Carr, Rob 04/17/2013 | 95:03-95:21 | | | |
| Carr, Rob 04/17/2013 | 96:07-96:18 | | | |
| Carr, Rob 04/17/2013 | 99:03-99:05 | | | |
| Carr, Rob 04/17/2013 | 99:08-99:17 | FRCP 32(6) and FRE 106– Optional completeness – Page 99:18-99:24 completes the line of question requested by the defense and in fairness should be considered with the part introduced. This is particularly necessary since defense resumes the testimony at 99:25 | | SUSTAIN, INCLUDE 99:18-99:24 |
| Carr, Rob 04/17/2013 | 99:25-100:01 | | | |
| Carr, Rob 04/17/2013 | 100:04-100:05 | | | |
| Carr, Rob 04/17/2013 | 105:14-105:22 | | | |
| Carr, Rob 04/17/2013 | 109:01 | FRE 403: testimony is already contained in Plaintiff's affirmatives so results in undue delay, waste of time and needless presentation of cumulative evidence | | MOOT |

| | | | | |
|---|---|---|---|---|
| Carr, Rob 04/17/2013 | 109:05-109:09 Subject to objection | FRE 403: testimony is already contained in Plaintiff's affirmatives so results in undue delay, waste of time and needless presentation of cumulative evidence | | MOOT |
| Carr, Rob 04/17/2013 | 157:23-158:01 | | | |
| Carr, Rob 04/17/2013 | 158:03-158:06 | | | |
| Carr, Rob 04/17/2013 | 160:25-161:04 Subject to objection | | | |
| Carr, Rob 04/17/2013 | 161:06-161:07 Subject to objection | | | |
| Carr, Rob 04/17/2013 | 161:17-161:22 Subject to objection | | | |
| Carr, Rob 04/17/2013 | 162:01-162:04 Subject to objection | | | |
| Carr, Rob 04/17/2013 | 162:06-162:08 Subject to objection | | | |
| Carr, Rob 04/17/2013 | 163:20-163:21 | FRE 403: testimony is already contained in Plaintiff's | | MOOT |

| | | | |
|---|---|---|---|
| | subject to objection | affirmatives so results in undue delay, waste of time and needless presentation of cumulative evidence | |
| Carr, Rob 04/17/2013 | 164:15-164:18<br><br>Subject to objection | | |
| Carr, Rob 04/17/2013 | 164:20-164:21<br><br>Subject to objection | | |
| Carr, Rob 04/17/2013 | 165:01-165:13<br><br>Subject to objection | | |
| Carr, Rob 04/17/2013 | 166:02-166:07<br><br>Subject to objection | | |
| Carr, Rob 04/17/2013 | 166:19:166:21<br><br>(ending with "experienced")<br><br>Subject to objection | | |
| Carr, Rob 04/17/2013 | 166:24-167:02<br><br>(starting with "absolutely") | | |

| | Subject to objection | | | |
|---|---|---|---|---|

**November 5, 2013, Deposition:**

| DEPON-ENT | PL AFFIRM | DEF OBJECTIONS | PL RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| | | Bard objects to Plaintiff's references to "Admitted in the Peterson case" as a basis for allowing a designation to played, or overruling an objection, and submits that the testimony should be consider based on the facts and applicable law and rulings in this case. The Peterson case involved a different filter, different claims, and was decided under different state law. | | |
| Carr, Rob 11/05/2013 | 41:11-41:15 | | Admitted in Peterson | |
| Carr, Rob 11/05/2013 | 44:05-44:10 | | Admitted in Peterson | |
| Carr, Rob 11/05/2013 | 87:24-88:03 | | Admitted in Peterson | |

| | | | | |
|---|---|---|---|---|
| Carr, Rob 11/05/2013 | 88:05 | Counters at 88:7-12 are necessary for completeness. | Admitted in Peterson FRCP 32(6) AND FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demonstrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. Defendants can include it in their cross. | OVERRULED |
| Carr, Rob 11/05/2013 | 134:10-134:20 | Rule 803 - counsel is reading from a document that is not in evidence. See lines 6 and 7 ("turn to the next page") | Admitted in Peterson The fact the document "is not in evidence" is not a proper objection. The document being discussed is a copy of is a copy of 21 CFR 882 which address a medical device manufacturer's obligations regardingpost market survellance and is a proper subject for examination of this witness and relevant testimony with regard Bard's negligence. (128:09- | OVERRULED |

| | | | 128:15). The language in a regulation is not an out of court "statement" as that term is defined by FRE 801. | |
|---|---|---|---|---|
| Carr, Rob 11/05/2013 | 134:23 | | Admitted in Peterson | |
| Carr, Rob 11/05/2013 | 135:01-135:02 | | Admitted in Peterson | |
| Carr, Rob 11/05/2013 | 135:07-135:08 | | Admitted in Peterson | |
| Carr, Rob 11/05/2013 | 135:10-135:12 | | Testimony admitted at Bard's request in Peterson | |
| Carr, Rob 11/05/2013 | 135:14-135:14 | | Testimony admitted at Bard's request in Peterson | |
| Carr, Rob 11/05/2013 | 135:15-135:19 | Incomplete answer. Answer starts on 135:10-14. Answer is out of text without the added language | Admitted in Peterson FRCP 32(6) and FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demonstrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | OVERRULED |
| Carr, Rob 11/05/2013 | 135:21-135:22 | | Admitted in Peterson | |

| | | | | |
|---|---|---|---|---|
| Carr, Rob 11/05/2013 | 135:24-136:03 | | Admitted in Peterson | |
| Carr, Rob 11/05/2013 | 191:16-191:22 | Rules 401, 402 and 403. This relates to the Recovery filter. It is confusing and serves no purpose other than to confuse and prejudice the jury. If the testimony is allowed the counters on 192 are necessary for completeness. | Admitted in Peterson | OVERRULED |
| Carr, Rob 11/05/2013 | 193:24-194:02 | Rules 401, 402 and 403. This relates to the Recovery filter. It is confusing and serves no purpose other than to confuse and prejudice the jury. If the testimony is allowed the counters on 192 are necessary for completeness. | Admitted in Peterson | OVERRULED |
| Carr, Rob 11/05/2013 | 194:05 beginning with "We…" | Rules 401, 402 and 403. This relates to the Recovery filter. It is confusing and serves no purpose other than to confuse and prejudice the jury. If the testimony is allowed the counters on 192 | Admitted in Peterson | OVERRULED |

47

| | | are necessary for completeness. | | |
|---|---|---|---|---|
| Carr, Rob 11/05/2013 | 265:09-265:13 | Rules 401, 402 and 403. This relates to the Recovery filter. It is confusing and serves no purpose other than to confuse and prejudice the jury. If the testimony is allowed the counters on 265-266 are necessary for completeness. | Admitted in Peterson All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in the context of the entire filter-line development. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. The Bard's conduct with regard to the design history and complaint history of its IVC filters from the Recovery filter to the Meridian is relevant to the negligence | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | | claims as is its knowledge of how complications such as caudal migration can lead to fracture. The testimony is relevant and is not unfairly prejudicial. | |
| Carr, Rob 11/05/2013 | 265:15-265:16 | Rules 401, 402 and 403. This relates to the Recovery filter. It is confusing and serves no purpose other than to confuse and prejudice the jury. If the testimony is allowed the counters on 265-266 are necessary for completeness. | Admitted in Peterson All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in the context of the entire filter-line development. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. The Bard's conduct with regard | OVERRULED |

| | | | to the design history and complaint history of its IVC filters from the Recovery filter to the Meridian is relevant to the negligence claims as is its knowledge of how complications such as caudal migration can lead to fracture. The testimony ios relevant and is not unfairly prejudicial. | |
|---|---|---|---|---|
| Carr, Rob 11/05/2013 | 268:05-268:06 | Rule 602-Witness is not familiar with the document and has not seen it before. See, 268:8-15. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson The Federal Rules of Evidence do not prohibit a party from questioning witnesses about admissible documents the witness does not recall having seen before. "Personal knowledge of a fact 'is not an absolute' to Rule 602's foundational requirement . . . .", United States v. Cuti, 702 F.3d. 453, 459 (2nd Cir. 2013). . "What if you had known " questions are acceptable. Id., 459 (2nd Cir. 2013). At all times relevant to the deposition and subject matter of the testimony Mr. | SUSTAIN |

| | | | |
|---|---|---|---|
| | | | Carr was an officer and manager at Bard whiwho should be knowledgeable regarding the document and its subject matter. . All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in the context of the entire filter-line development. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. The Bard's conduct with regard to the design history and complaint history of its IVC filters from the Recovery filter to the Meridian is relevant to the negligence | |

| | | | claims as is its knowledge of how complications such as caudal migration can lead to fracture. The testimony is relevant and is not unfairly prejudicial. | |
|---|---|---|---|---|
| Carr, Rob 11/05/2013 | 268:08-268:09 | Rule 602-Witness is not familiar with the document and has not seen it before. See, 268:8-15 | Testimony Admitted at Bard's request in Peterson | SUSTAIN |
| Carr, Rob 11/05/2013 | 268:10-268:15 | Rule 602-Witness is not familiar with the document and has not seen it before. See, 268:8-15 | | SUSTAIN |

| Carr, Rob 11/05/2013 | 290:16-290:19 | Rule 602-Witness is not familiar with the document and has not seen it before. See, 268:8-15. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson The Federal Rules of Evidence do not prohibit a party from questioning witnesses about admissible documents the witness does not recall having seen before. "Personal knowledge of a fact 'is not an absolute' to Rule 602's foundational requirement . . . .", United States v. Cuti, 702 F.3d. 453, 459 (2nd Cir. 2013). . "What if you had known " questions are acceptable. Id., 459 (2nd Cir. 2013). At all times relevant to the deposition and subject matter of the testimony Mr. Carr was an officer and manager at Bard whiwho should be knowledgeable regarding the document and its subject matter. . All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in | SUSAIN |

| | | | | |
|---|---|---|---|---|
| | | | the context of the entire filter-line development. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. The Bard's conduct with regard to the design history and complaint history of its IVC filters from the Recovery filter to the Meridian is relevant to the negligence claims as is its knowledge of how complications such as caudal migration can lead to fracture. The testimony is relevant and is not unfairly prejudicial. | |

| Carr, Rob 11/05/2013 | 290:21-290:22 | Rule 602-Witness is not familiar with the document and has not seen it before. See, 268:8-15. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson The Federal Rules of Evidence do not prohibit a party from questioning witnesses about admissible documents the witness does not recall having seen before. "Personal knowledge of a fact 'is not an absolute' to Rule 602's foundational requirement . . . .", United States v. Cuti, 702 F.3d. 453, 459 (2nd Cir. 2013). . "What if you had known " questions are acceptable. Id., 459 (2nd Cir. 2013). At all times relevant to the deposition and subject matter of the testimony Mr. Carr was an officer and manager at Bard who should be knowledgeable regarding the document and its subject matter. . All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in | SUSTAIN |

| | | | the context of the entire filter-line development. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. The Bard's conduct with regard to the design history and complaint history of its IVC filters from the Recovery filter to the Meridian is relevant to the negligence claims as is its knowledge of how complications such as caudal migration can lead to fracture. The testimony is relevant and is not unfairly prejudicial. | |
| --- | --- | --- | --- | --- |

| Carr, Rob 11/05/2013 | 292:04-292:09 | Rule 602-Witness is not familiar with the document and has not seen it before. See, 268:8-15. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. | The Federal Rules of Evidence do not prohibit a party from questioning witnesses about admissible documents the witness does not recall having seen before. "Personal knowledge of a fact 'is not an absolute' to Rule 602's foundational requirement . . . .", United States v. Cuti, 702 F.3d. 453, 459 (2nd Cir. 2013). . "What if you had known " questions are acceptable. Id., 459 (2nd Cir. 2013). At all times relevant to the deposition and subject matter of the testimony Mr. Carr was an officer and manager at Bard whiwho should be knowledgeable regarding the document and its subject matter. . All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in the context of the entire filter-line | SUSTAIN |

| | | | | |
|---|---|---|---|---|
| | | | development. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. The Bard's conduct with regard to the design history and complaint history of its IVC filters from the Recovery filter to the Meridian is relevant to the negligence claims as is its knowledge of how complications such as caudal migration can lead to fracture. The testimony is relevant and is not unfairly prejudicial. | |

| Carr, Rob 11/05/2013 | 292:11 | Rule 602-Witness is not familiar with the document and has not seen it before. See, 268:8-15. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson The Federal Rules of Evidence do not prohibit a party from questioning witnesses about admissible documents the witness does not recall having seen before. "Personal knowledge of a fact 'is not an absolute' to Rule 602's foundational requirement . . . .", United States v. Cuti, 702 F.3d. 453, 459 (2nd Cir. 2013). . "What if you had known " questions are acceptable. Id., 459 (2nd Cir. 2013). At all times relevant to the deposition and subject matter of the testimony Mr. Carr was an officer and manager at Bard who should be knowledgeable regarding the document and its subject matter. . All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in | SUSTAIN |

| | | | the context of the entire filter-line development. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. The Bard's conduct with regard to the design history and complaint history of its IVC filters from the Recovery filter to the Meridian is relevant to the negligence claims as is its knowledge of how complications such as caudal migration can lead to fracture. The testimony is relevant and is not unfairly prejudicial. | |
|---|---|---|---|---|
| Carr, Rob 11/05/2013 | 293:04-293:14 beginning with "And did you…" | This violates the Court's Ruling on Recovery Migrataion deaths. Rule 401, 402, 403 . This case does not | Admitted in Peterson Fracture, migration, perforation and death are risks involved in the use of the Recovery | SUSTAIN |

|  |  |  | filters and are relevant to whether the there is a design defect. Fracture, migration, perforation and death are also dangers of the Meridian filter that were known to Bard, and the failure to warn of the substantial risk of fracture, migration and death associated with the Meridian rendered the Meridian unreasonably dangerous. The reference to the word "death" will be redacted. |  |
|---|---|---|---|---|
|  |  | involve the Recovery Filter, nor does it involve any allegation of migration death. ECF 204 |  |  |
|  |  |  |  |  |
| **DEPONENT** | **DEF COUNTER** | **PL OBJECTIONS** | **DEF RESPONSE TO OBJECTIONS** | **COURT RULING** |
| Carr, Rob 11/05/2013 | 88:07-88:08<br><br>For Completeness | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | This testimony is necessary to place Plaintiff's selective designation of lines of questioning in proper context and/or demonstrate the Plaintiff is attempting to elicit testimony from a witness about a subject or document with which that witness has no personal knowledge. | OVERRULED |

| | | | | |
|---|---|---|---|---|
| Carr, Rob 11/05/2013 | 88:10-88:12  For Completeness | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | This testimony is necessary to place Plaintiff's selective designation of lines of questioning in proper context and/or demonstrate the Plaintiff is attempting to elicit testimony from a witness about a subject or document with which that witness has no personal knowledge. | OVERRULED |
| Carr, Rob 11/05/2013 | 135:10-135:12  For Completeness | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | This testimony is necessary to place Plaintiff's selective designation of lines of questioning in proper context and/or demonstrate the Plaintiff is attempting to elicit testimony from a witness about a subject or document with which that witness has no personal knowledge. | OVERRULED |
| Carr, Rob 11/05/2013 | 135:14  For Completeness | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, | This testimony is necessary to place Plaintiff's selective designation of lines of questioning in proper context and/or demonstrate the Plaintiff is attempting to elicit testimony from a witness about a | OVERRULED |

| | | must be considered at the same time as Plaintiff's designation. | subject or document with which that witness has no personal knowledge. | |
|---|---|---|---|---|
| Carr, Rob 11/05/2013 | 192:12-192:16 For Completeness | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | This testimony is necessary to place Plaintiff's selective designation of lines of questioning in proper context and/or demonstrate the Plaintiff is attempting to elicit testimony from a witness about a subject or document with which that witness has no personal knowledge. | OVERRULED |
| Carr, Rob 11/05/2013 | 192:18-192:22 For Completeness | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | This testimony is necessary to place Plaintiff's selective designation of lines of questioning in proper context and/or demonstrate the Plaintiff is attempting to elicit testimony from a witness about a subject or document with which that witness has no personal knowledge. | OVERRULED |
| Carr, Rob 11/05/2013 | 193:11-193:15 For Completeness | FRE 106 only requires completeness that "in fairness ought to be considered | This testimony is necessary to place Plaintiff's selective designation of lines of questioning in | OVERRULED |

| | | at the same time". Defendants have not demostted why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | proper context and/or demonstrate the Plaintiff is attempting to elicit testimony from a witness about a subject or document with which that witness has no personal knowledge. | |
|---|---|---|---|---|
| Carr, Rob 11/05/2013 | 193:17-193:20  For Completeness | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostted why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | This testimony is necessary to place Plaintiff's selective designation of lines of questioning in proper context and/or demonstrate the Plaintiff is attempting to elicit testimony from a witness about a subject or document with which that witness has no personal knowledge. | OVERRULED |
| Carr, Rob 11/05/2013 | 265:18-266:03  For Completeness | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostted why this testimony, in the name of fairness, must be considered at the same time as | This testimony is necessary to place Plaintiff's selective designation of lines of questioning in proper context and/or demonstrate the Plaintiff is attempting to elicit testimony from a witness about a subject or document with which that witness has no personal knowledge. | OVERRULED |

| | | Plaintiff's designation. | | |
|---|---|---|---|---|
| Carr, Rob 11/05/2013 | 268:08-268:15 For Completeness | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | This testimony is necessary to place Plaintiff's selective designation of lines of questioning in proper context and/or demonstrate the Plaintiff is attempting to elicit testimony from a witness about a subject or document with which that witness has no personal knowledge. | SUSTAINED. Plaintiff's affirmative testimony on this point was struck. |

**October 29, 2014, Deposition:**

| DEPON-ENT | PL AFFIRM | DEF OBJECTIONS | PL RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| Carr, Rob 10/29/2014 | | Bard objects to Plaintiff's references to "Admitted in the Peterson case" as a basis for allowing a designation to played, or overruling an objection, and submits that the testimony should be consider based on the facts and applicable law and rulings in this case. The Peterson case involved a different filter, different claims, and was | | |

| | | | | |
|---|---|---|---|---|
| | | decided under different state law. | | |
| Carr, Rob 10/29/2014 | 74:24-75:06 | Rule 602 - witness is not familiar with the document.See, lines 5-9 and 12 | Admitted in Peterson The Federal Rules of Evidence do not prohibit a party from questioning witnesses about admissible documents the witness does not recall having seen before. "Personal knowledge of a fact 'is not an absolute' to Rule 602's foundational requirement . . . .", United States v. Cuti, 702 F.3d. 453, 459 (2nd Cir. 2013). . "What if you had known " questions are acceptable. Id.at 459. Mr. Carr is Bard's former Director of Research and Development and current VP for Project Management and should be knowledgeable regarding the document and its subject matter. | OVERRULED |
| Carr, Rob 10/29/2014 | 75:07-75:09 | | Testimony admitted at Bard's request in Peterson | |

| Carr, Rob 10/29/2014 | 75:12 | | Testimony admitted at Bard's request in Peterson | |
|---|---|---|---|---|
| Carr, Rob 10/29/2014 | 78:15-78:23 | Rule 602 - witness is not familiar with the document.See, lines 75: 5-9 and 12. | Admitted in Peterson Fracture, migration, perforation and death are risks involved in the use of the Recovery and Meridian filters and are relevant to whether the there is a design defect. Fracture, migration, perforation and death are also dangers of the Meridian filter that were known to Bard, and the failure to warn of the substantial risk of fracture, migration and death associated with the Meridian rendered the Meridian unreasonably dangerous. The Federal Rules of Evidence do not prohibit a party from questioning witnesses about admissible documents the witness does not recall having seen before. "Personal knowledge of a fact 'is not an absolute' to Rule 602's | OVERRULED |

| | | | foundational requirement . . . .", United States v. Cuti, 702 F.3d. 453, 459 . "What if you had known " questions are acceptable. Id., 459. Mr. Carr is Bard's former Director of Research and Development and current VP for Project Management and should be knowledgeable regarding the document and its subject matter. | |
| --- | --- | --- | --- | --- |
| Carr, Rob 10/29/2014 | 79:14-79:16 | Rule 602 - witness is not familiar with the document.See, lines 75: 5-9 and 12. | Admitted in Peterson Fracture, migration, perforation and death are risks involved in the use of the Recovery and Meridian filters and are relevant to whether the there is a design defect. Fracture, migration, perforation and death are also dangers of the Meridian filter that were known to Bard, and the failure to warn of the substantial risk of fracture, migration and death associated | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | | with the Meridian rendered the Meridian unreasonably dangerous. The Federal Rules of Evidence do not prohibit a party from questioning witnesses about admissible documents the witness does not recall having seen before. "Personal knowledge of a fact 'is not an absolute' to Rule 602's foundational requirement . . . .", United States v. Cuti, 702 F.3d. 453, 459 (2nd Cir. 2013). . "What if you had known " questions are acceptable. Id., 459. Mr. Carr is Bard's former Director of Research and Development and current VP for Project Management and should be knowledgeable regarding the document and its subject matter. | |

| Carr, Rob 10/29/2014 | 79:20-80:03 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. If testimony is allowed, counters are necessary for completeness. | Admitted in Peterson Fracture, migration, perforation and death are risks involved in the use of the Recovery and Meridian filters and are relevant to whether the there is a design defect. Fracture, migration, perforation and death are also dangers of the Meridian filter that were known to Bard, and the failure to warn of the substantial risk of fracture, migration and death associated with the Meridian rendered the Meridian unreasonably dangerous. FRCP 32(6) AND FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demonstrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | | Defendants can include it in their cross. | |
| Carr, Rob 10/29/2014 | 82:13-82:18 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. see 85:20-85:21. The witness states that he does not know the genesis of this document, so he cannot speak directly to it. | Admitted in Peterson Fracture, migration, perforation and death are risks involved in the use of the Recovery and Meridian filters and are relevant to whether the there is a design defect. Fracture, migration, perforation and death are also dangers of the Meridian filter that were known to Bard, and the failure to warn of the substantial risk of fracture, migration and death associated with the Meridian rendered the Meridian unreasonably dangerous. | OVERRULED |

| | | | | |
|---|---|---|---|---|
| Carr, Rob 10/29/2014 | 82:22-82:23 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. see 85:20-85:21. The witness states that he does not know the genesis of this document, so he cannot speak directly to it. | Admitted in Peterson Fracture, migration, perforation and death are risks involved in the use of the Recovery and Meridian filters and are relevant to whether the there is a design defect. Fracture, migration, perforation and death are also dangers of the Meridian filter that were known to Bard, and the failure to warn of the substantial risk of fracture, migration and death associated with the Meridian rendered the Meridian unreasonably dangerous. | OVERRULED |
| Carr, Rob 10/29/2014 | 83:02-83:03 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation | Admitted in Peterson Fracture, migration, perforation and death are risks involved in the use of the Recovery and Meridian filters and are relevant to whether the there is a design defect. Fracture, migration, perforation and | OVERRULED |

| | | by the witness. see 85:20-85:21. The witness states that he does not know the genesis of this document, so he cannot speak directly to it. | death are also dangers of the Meridian filter that were known to Bard, and the failure to warn of the substantial risk of fracture, migration and death associated with the Meridian rendered the Meridian unreasonably dangerous. | |
|---|---|---|---|---|
| Carr, Rob 10/29/2014 | 83:05-83:06 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. see 85:20-85:21. The witness states that he does not know the genesis of this document, so he cannot speak directly to it. | Admitted in Peterson Fracture, migration, perforation and death are risks involved in the use of the Recovery and Meridian filters and are relevant to whether the there is a design defect. Fracture, migration, perforation and death are also dangers of the Meridian filter that were known to Bard, and the failure to warn of the substantial risk of fracture, migration and death associated with the Meridian rendered the Meridian unreasonably dangerous. | OVERRULED |

| Carr, Rob 10/29/2014 | 83:08-83:11 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. see 85:20-85:21. The witness states that he does not know the genesis of this document, so he cannot speak directly to it. | Admitted in Peterson The Federal Rules of Evidence do not prohibit a party from questioning witnesses about admissible documents the witness does not recall having seen before. "Personal knowledge of a fact 'is not an absolute' to Rule 602's foundational requirement . . . .", United States v. Cuti, 702 F.3d. 453, 459 (2nd Cir. 2013). . "What if you had known " questions are acceptable. Id., 459 (2nd Cir. 2013). At all times relevant to the deposition and subject matter of the testimony Mr. Carr was an officer and manager at Bard who should be knowledgeable regarding the document and its subject matter. Fracture, migration, perforation and death are risks involved in the use of the Recovery and Meridian filters and are relevant to whether the there is a design defect. | OVERRULED |

| | | | Fracture, migration, perforation and death are also dangers of the Meridian filter that were known to Bard, and the failure to warn of the substantial risk of fracture, migration and death associated with the Meridian rendered the Meridian unreasonably dangerous. | |
|---|---|---|---|---|
| Carr, Rob 10/29/2014 | 83:14-83:18 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. see 85:20-85:21. The witness states that he does not know the genesis of this document, so [he] can't speak directly to it. (83:14-15) Obj. to designation of an answer with no question designated. | Admitted in Peterson Fracture, migration, perforation and death are risks involved in the use of the Recovery and Meridian filters and are relevant to whether the there is a design defect. Fracture, migration, perforation and death are also dangers of the Meridian filter that were known to Bard, and the failure to warn of the substantial risk of fracture, migration and death associated with the Meridian rendered the Meridian | OVERRULED |

| | | | unreasonably dangerous. | |
|---|---|---|---|---|
| Carr, Rob 10/29/2014 | 83:21 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. see 85:20-85:21. The witness states that he does not know the genesis of this document, so he cannot speak directly to it. | Admitted in Peterson Fracture, migration, perforation and death are risks involved in the use of the Recovery and Meridian filters and are relevant to whether the there is a design defect. Fracture, migration, perforation and death are also dangers of the Meridian filter that were known to Bard, and the failure to warn of the substantial risk of fracture, migration and death associated with the Meridian rendered the Meridian unreasonably dangerous. | OVERRULED |
| Carr, Rob 10/29/2014 | 83:23-83:24 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 601/602 & | Admitted in Peterson Fracture, migration, perforation and death are risks involved in the use of the Recovery and Meridian filters and are | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. see 85:20-85:21. The witness states that he does not know the genesis of this document, so he cannot speak directly to it. | relevant to whether the there is a design defect. Fracture, migration, perforation and death are also dangers of the Meridian filter that were known to Bard, and the failure to warn of the substantial risk of fracture, migration and death associated with the Meridian rendered the Meridian unreasonably dangerous. | |
| Carr, Rob 10/29/2014 | 84:02 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. see 85:20-85:21. The witness states that he does not know the genesis of this document, so he cannot speak directly to it. | Admitted in Peterson Fracture, migration, perforation and death are risks involved in the use of the Recovery and Meridian filters and are relevant to whether the there is a design defect. Fracture, migration, perforation and death are also dangers of the Meridian filter that were known to Bard, and the failure to warn of the substantial risk of fracture, migration and death associated | OVERRULED |

| | | | with the Meridian rendered the Meridian unreasonably dangerous. | |
|---|---|---|---|---|
| Carr, Rob 10/29/2014 | 84:04-84:08 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. see 85:20-85:21. The witness states that he does not know the genesis of this document, so he cannot speak directly to it. | Admitted in Peterson Fracture, migration, perforation and death are risks involved in the use of the Recovery and Meridian filters and are relevant to whether the there is a design defect. Fracture, migration, perforation and death are also dangers of the Meridian filter that were known to Bard, and the failure to warn of the substantial risk of fracture, migration and death associated with the Meridian rendered the Meridian unreasonably dangerous. | OVERRULED |
| Carr, Rob 10/29/2014 | 84:11 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 601/602 & | Admitted in Peterson Fracture, migration, perforation and death are risks involved in the use of the Recovery and Meridian filters and are | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. see 85:20-85:21. The witness states that he does not know the genesis of this document, so he cannot speak directly to it. | relevant to whether the there is a design defect. Fracture, migration, perforation and death are also dangers of the Meridian filter that were known to Bard, and the failure to warn of the substantial risk of fracture, migration and death associated with the Meridian rendered the Meridian unreasonably dangerous. | |
| Carr, Rob 10/29/2014 | 84:13-84:14 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. see 85:20-85:21. The witness states that he does not know the genesis of this document, so he cannot speak directly to it. | Admitted in Peterson Fracture, migration, perforation and death are risks involved in the use of the Recovery and Meridian filters and are relevant to whether the there is a design defect. Fracture, migration, perforation and death are also dangers of the Meridian filter that were known to Bard, and the failure to warn of the substantial risk of fracture, migration and death associated | OVERRULED |

| | | | with the Meridian rendered the Meridian unreasonably dangerous. | |
|---|---|---|---|---|
| Carr, Rob 10/29/2014 | 84:17 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. see 85:20-85:21. The witness states that he does not know the genesis of this document, so he cannot speak directly to it. | Admitted in Peterson racture, migration, perforation and death are risks involved in the use of the Recovery and Meridian filters and are relevant to whether the there is a design defect. Fracture, migration, perforation and death are also dangers of the Meridian filter that were known to Bard, and the failure to warn of the substantial risk of fracture, migration and death associated with the Meridian rendered the Meridian unreasonably dangerous. | OVERRULED |
| Carr, Rob 10/29/2014 | 84:19-84:20 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 601/602 & 612. Lacks | Admitted in Peterson Fracture, migration, perforation and death are risks involved in the use of the Recovery and Meridian filters and are relevant to whether | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. see 85:20-85:21. The witness states that he does not know the genesis of this document, so he cannot speak directly to it. | the there is a design defect. Fracture, migration, perforation and death are also dangers of the Meridian filter that were known to Bard, and the failure to warn of the substantial risk of fracture, migration and death associated with the Meridian rendered the Meridian unreasonably dangerous. | |
| Carr, Rob 10/29/2014 | 84:22-85:01 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. see 85:20-85:21. The witness states that he does not know the genesis of this document, so he cannot speak directly to it. | Admitted in Peterson The Federal Rules of Evidence do not prohibit a party from questioning witnesses about admissible documents the witness does not recall having seen before. "Personal knowledge of a fact 'is not an absolute' to Rule 602's foundational requirement . . . .", United States v. Cuti, 702 F.3d. 453, 459 (2nd Cir. 2013). . "What if you had known " questions are acceptable. Id., 459. At all times relevant to the deposition and | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | | subject matter of the testimony Mr. Carr was an officer and manager at Bard who should be knowledgeable regarding the document and its subject matter. Fracture, migration, perforation and death are risks involved in the use of the Recovery and Meridian filters and are relevant to whether the there is a design defect. Fracture, migration, perforation and death are also dangers of the Meridian filter that were known to Bard, and the failure to warn of the substantial risk of fracture, migration and death associated with the Meridian rendered the Meridian unreasonably dangerous. | |
| Carr, Rob 10/29/2014 | 85:04 | | Admitted in Peterson | |
| Carr, Rob 10/29/2014 | 132:11-132:17 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value | Admitted in Peterson Fracture, migration, perforation and death are risks involved in the use | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | outweighed by prejudicial effect. | of the Recovery and Meridian filters and are relevant to whether the there is a design defect. Fracture, migration, perforation and death are also dangers of the Meridian filter that were known to Bard, and the failure to warn of the substantial risk of fracture, migration and death associated with the Meridian rendered the Meridian unreasonably dangerous. The testimony is not unfairly prejudicial. | |
| Carr, Rob 10/29/2014 | 134:07-134:18 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson Fracture, migration, perforation and death are risks involved in the use of the Recovery and Meridian filters and are relevant to whether the there is a design defect. Fracture, migration, perforation and death are also dangers of the Meridian filter that were known to Bard, and the | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | | failure to warn of the substantial risk of fracture, migration and death associated with the Meridian rendered the Meridian unreasonably dangerous. The testimony is not unfairly prejudicial. | |
| Carr, Rob 10/29/2014 | 161:21-162:02 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson Fracture, migration, perforation and death are risks involved in the use of the Recovery and Meridian filters and are relevant to whether the there is a design defect. Fracture, migration, perforation and death are also dangers of the Meridian filter that were known to Bard, and the failure to warn of the substantial risk of fracture, migration and death associated with the Meridian rendered the Meridian unreasonably dangerous. The testimony is not unfairly prejudicial. | OVERRULED |
| | | | | |

| DEPON-ENT | DEF COUNTER | PL OBJECTIONS | DEF RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| Carr, Rob 10/29/2014 | 32:10-32:19<br><br>For Completeness | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | This testimony is necessary to place Plaintiff's selective designation of lines of questioning in proper context and/or demonstrate the Plaintiff is attempting to elicit testimony from a witness about a subject or document with which that witness has no personal knowledge. | SUSTAIN |
| Carr, Rob 10/29/2015 | 60:08-60:14 | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | This testimony is necessary to place Plaintiff's selective designation of lines of questioning in proper context and/or demonstrate the Plaintiff is attempting to elicit testimony from a witness about a subject or document with which that witness has no personal knowledge. | SUSTAIN |
| Carr, Rob 10/29/2014 | 75:07-75:09<br><br>For Completeness | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as | This testimony is necessary to place Plaintiff's selective designation of lines of questioning in proper context and/or demonstrate the Plaintiff is attempting to elicit testimony from a witness about a subject or document with | OVERRULED |

| | | Plaintiff's designation. | which that witness has no personal knowledge. | |
|---|---|---|---|---|
| Carr, Rob 10/29/2014 | 75:12 For Completenes s | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | This testimony is necessary to place Plaintiff's selective designation of lines of questioning in proper context and/or demonstrate the Plaintiff is attempting to elicit testimony from a witness about a subject or document with which that witness has no personal knowledge. | OVERRULED |
| Carr, Rob 10/29/2014 | 80:04-80:06 For Completenes s | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | This testimony is necessary to place Plaintiff's selective designation of lines of questioning in proper context and/or demonstrate the Plaintiff is attempting to elicit testimony from a witness about a subject or document with which that witness has no personal knowledge. | OVERRULED |
| Carr, Rob 10/29/2014 | 80:10-80:13 For Completenes s | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the | This testimony is necessary to place Plaintiff's selective designation of lines of questioning in proper context and/or demonstrate the Plaintiff is attempting to elicit testimony from a witness about a subject or | OVERRULED |

| | | same time as Plaintiff's designation. | document with which that witness has no personal knowledge. | |
|---|---|---|---|---|
| Carr, Rob 10/29/2014 | 134:19-135:03

For Completeness | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | This testimony is necessary to place Plaintiff's selective designation of lines of questioning in proper context and/or demonstrate the Plaintiff is attempting to elicit testimony from a witness about a subject or document with which that witness has no personal knowledge. | OVERRULED |
| Carr, Rob 10/29/2014 | 135:08-135:12

For Completeness | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | This testimony is necessary to place Plaintiff's selective designation of lines of questioning in proper context and/or demonstrate the Plaintiff is attempting to elicit testimony from a witness about a subject or document with which that witness has no personal knowledge. | OVERRULED |
| Carr, Rob 10/29/2014 | 164:13-164:14 For Completeness Subject to Objection | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be | This testimony is necessary to place Plaintiff's selective designation of lines of questioning in proper context and/or demonstrate the Plaintiff is attempting to elicit testimony from a witness about a | SUSTAIN |

| | | considered at the same time as Plaintiff's designation. | subject or document with which that witness has no personal knowledge. | |
|---|---|---|---|---|
| Carr, Rob 10/29/2014 | 166:20-166:24 For Completeness | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | This testimony is necessary to place Plaintiff's selective designation of lines of questioning in proper context and/or demonstrate the Plaintiff is attempting to elicit testimony from a witness about a subject or document with which that witness has no personal knowledge. | SUSTAIN |

Accordingly, IT IS ORDERED that the parties' request for rulings on objections to certain designations is GRANTED, and the objections are sustained in part and overruled in part as provided above.

Entered this 4th day of June, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge