IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATALIE JOHNSON,

|  |  |
|---|---|
| Plaintiff, | ORDER |
| v. | 19-cv-760-wmc |
| C.R. BARD INC. and BARD PERIPHERAL VASCULAR INC., | |
| Defendants. | |

---

Before the court is the parties' request for ruling on objections to certain deposition designations as to Janet Hudnall.

| DEPONENT | PL AFFIRM | DEF OBJECTIONS | PL RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | | Bard objects to the playing of this deposition under Rules 401, 402 and 403. Ms. Hudnall is a former marketing manager who left Bard in 2008, before the development of the Meridian filter. Bard objects to Plaintiff's references to "Admitted in the Peterson case" as a basis for allowing a designation to played, or overruling an objection, and submits that the testimony should be consider based on the facts and applicable law and rulings in this case. The Peterson case involved a different filter, | Bard chose to market the Meridian filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery, G2 and Eclipse filters' complications, testing, warnings and design are relevant and are not unfairly prejudicial. Judge Campbell agreed with this position in Jones v. Bard. | OVERRULED |

| | | different claims, and was decided under different state law. | [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mrs. John has experienced tilt, migration, perforation, and fracture of her filter with pieces of the device embolizing to her heart. She is still at risk for death or serious injury in the future. | |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | 5:20-5:22 | | Admitted in Peterson | |
| Hudnall, Janet 11/01/2013 | 21:02-21:07 | | Admitted in Peterson | |
| Hudnall, Janet 11/01/2013 | 21:12-21:14 | | Admitted in Peterson | |
| Hudnall, Janet 11/01/2013 | 30:24-31:18 | | Admitted in Peterson | |
| Hudnall, Janet 11/01/2013 | 31:25-32:06 | | Admitted in Peterson | |
| Hudnall, Janet 11/01/2013 | 53:12-53:20 beginning with "And as…" | | Admitted in Peterson | |
| Hudnall, Janet 11/01/2013 | 54:20-55:08 | | Admitted in Peterson | |
| Hudnall, Janet 11/01/2013 | 56:02-56:08 | | Admitted in Peterson | |

2

| | | | | |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | 56:15-56:23 | | Admitted in Peterson | |
| Hudnall, Janet 11/01/2013 | 57:08-57:12 | | Admitted in Peterson | |
| Hudnall, Janet 11/01/2013 | 57:14-57:16 | | Admitted in Peterson | |
| Hudnall, Janet 11/01/2013 | 91:06-91:08 beginning with "Exhibit 20…" | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve the Recovery Filter. | Admitted in Peterson The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is | OVERRULED |

| | | | relevant to the warning and design defect claims. | |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | 92:24-93:10 | Rules 401, 402 & 403- Irrelevant and Unfairly Prejudicial. Testimony improperly suggests that Bard had a financial motive for actions when no such evidence exists. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve the Recovery Filter. | Admitted in Peterson The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge | OVERRULED |

| | | | and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. | |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | 99:01-100:05 | Rules 401, 402 & 403-Irrelevant and Unfairly Prejudicial. Testimony improperly suggests that Bard had a financial motive for actions when no such evidence exists. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve the Recovery Filter. If testimony is added, counters at page 100 are necessary for completeness and will not make sense out of contect. | Admitted in Peterson The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | | and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. FRCP 32(6) AND FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demonstrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. The testimony concerns a new line of questioning. Defendants can include it in their cross. | |
| Hudnall, Janet 11/01/2013 | 163:07-163:21 | | Admitted in Peterson | |
| Hudnall, Janet 11/01/2013 | 166:06-166:11 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | | Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. | |
| Hudnall, Janet 11/01/2013 | 168:18- 169:02 | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This testimony is about a G2 brochure developed years before the Meridian was on the market. There is a separate Meridian patient brochure, in which it is recommended that patients have the filter retrieved when it is no longer indicated. This serves no purpose other than to mislead and prejudice the jury as it was not the information in use at the time Ms. Johnson's filter was implanted. | Admitted in Peterson The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | | and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. | |
| Hudnall, Janet 11/01/2013 | 169:18-170:18 | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. This testimony is about a G2 brochure developed years before the Meridian was on the market. There is a separate Meridian patient brochure, in which it is recommended that patients have the filter retrieved when it is no longer indicated. This serves no purpose other than to mislead and prejudice the jury as it was not the information in use at the time Ms. Johnson's filter was implanted. | Admitted in Peterson The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge | OVERRULED |

| | | | and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. | |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | 170:20-170:25 | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. This testimony is about a G2 brochure developed years before the Meridian was on the market. There is a separate Meridian patient brochure, in which it is recommended that patients have the filter retrieved when it is no longer indicated. This serves no purpose other than to mislead and prejudice the jury as it was not the information in use at the time Ms. Johnson's filter was implanted. | Admitted in Peterson The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge | OVERRULED |

| | | | and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. | |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | 171:02-171:19 | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. This testimony is about a G2 brochure developed years before the Meridian was on the market. There is a separate Meridian patient brochure, in which it is recommended that patients have the filter retrieved when it is no longer indicated. This serves no purpose other than to mislead and prejudice the jury as it was not the information in use at the time Ms. Johnson's filter was implanted. | Admitted in Peterson The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge | OVERRULED as to 171:02-:03, but otherwise SUSTAIN |

| | | | | |
|---|---|---|---|---|
| | | | and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. | |
| Hudnall, Janet 11/01/2013 | 178:09-178:19 | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge | OVERRULED |

| | | | and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. | |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | 179:02-180:12 | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. If testimony is allowed counters at 181 are necessary for completeness and will not make sense out of context. | Admitted in Peterson The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based | OVERRULED |

| | | | thereon. The testimony is relevant to the warning and design defect claims. | |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | 185:10-186:03 | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. If this testimony is allowed, counters at 186 are necessary for completeness. | Admitted in Peterson The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | | thereon. The testimony is relevant to the warning and design defect claims. | |
| Hudnall, Janet 11/01/2013 | 186:18-187:02 | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. If the testimony is allowed, counters at 187 re necessary fro completeness. | Admitted in Peterson The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based | SUSTAIN |

| | | | | |
|---|---|---|---|---|
| | | | thereon. The testimony is relevant to the warning and design defect claims. | |
| Hudnall, Janet 11/01/2013 | 187:15-187:18 | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based | SUSTAIN |

| | | | | |
|---|---|---|---|---|
| | | | thereon. The testimony is relevant to the warning and design defect claims. | |
| Hudnall, Janet 11/01/2013 | 188:06-188:09 | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. This all relates to marketing and alleged bad acts of the Recovery filter, nd serves no purpose except to confuse and prejudice the jury. Ms. Hudnall was not involved in the marketing of the Meridian filter. If the testimony is allowed the counters on 188-189 are necessary for completeness. | Admitted in Peterson The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based | SUSTAIN |

| | | | thereon. The testimony is relevant to the warning and design defect claims. | |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | 226:15-226:21 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. See 204:10-204:12. The witness has never seen the document before and has no personal knowledge of it. | Admitted in Peterson Admitted in PetersonThe testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based | OVERRULED |

| | | | thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. The Federal Rules of Evidence do not prohibit a party from questioning witnesses about admissible documents the witness does not recall having seen before. "Personal knowledge of a fact 'is not an absolute' to Rule 602's foundational requirement . . . .", United States v. Cuti, 702 F.3d. 453, 459 . "What if you had known " questions are acceptable. Id. at 459. | |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | 227:16-227:25 | This all realtes to alleged Recovery bad acts and serves no purpose other than to confuse and prejudice the jury. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. Rules 601/602 & 612. Witness does not have personal knowledge of document. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her | OVERRULED |

| | | Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. See 204:10-204:12. The witness has never seen the document before and has no personal knowledge of it. | background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. | |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | 316:09-316:17 beginning with "If you…" | This testimony relates to the Recovery filter only. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge | OVERRULED |

| | | | and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. | |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | 316:19-316:25 beginning with "Do you…" | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge | OVERRULED |

| | | | and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. | |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | 317:01-317:09 beginning with "Just looking…" | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, | SUSTAIN |

| | | | | |
|---|---|---|---|---|
| | | | as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. | |
| Hudnall, Janet 11/01/2013 | 317:11-317:13 beginning with "Looking at…" | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, | SUSTAIN |

| | | | as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. | |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | 318:02-318:06 | | Admitted in Peterson | |
| Hudnall, Janet 11/01/2013 | 340:03-340:08 beginning with "Do you…" | The question is not evidence. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for | SUSTAIN |

| | | | the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. | |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | 340:11 beginning with "I have…" | The question is not evidence. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based | SUSTAIN |

| | | | | |
|---|---|---|---|---|
| | | | thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter.<br>The Federal Rules of Evidence do not prohibit a party from questioning witnesses about admissible documents the witness does not recall having seen before. "Personal knowledge of a fact 'is not an absolute' to Rule 602's foundational requirement . . . .", United States v. Cuti, 702 F.3d. 453, 459 . "What if you had known " questions are acceptable. Id. at 459. | |
| Hudnall, Janet 11/01/2013 | 342:23- 343:14 beginning with "You telling…" *REDACT - "including death" from 343:10* | This violates the Court's ruling on Recovery migration deaths. The testimony is about the recovery filter. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. | OVERRULED with redaction. |

| | | | The testimony does not violate the Court's ruling as it discuss the general risks related to filters "including death" not the cephalad migration death attributed to the Recovery filter, howerver the Plaintiff will redacted the words "including death" from the testimony being offered. | |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | 348:19-348:23 beginning with "Why weren't..." | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402 & 403-Irrelevant and Unfairly Prejudicial. Testimony improperly suggests that Bard had a financial motive for actions when no such evidence exists. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well Bard's knowledge and action/inaction based | OVERRULED |

26

| | | | thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. | |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | 348:25-349:02 beginning with "Well…" | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402 & 403- Irrelevant and Unfairly Prejudicial. Testimony improperly suggests that Bard had a financial motive for actions when no such evidence exists. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based | OVERRULED |

| | | | thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. | |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | 349:04-349:19 | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402 & 403- Irrelevant and Unfairly Prejudicial. Testimony improperly suggests that Bard had a financial motive for actions when no such evidence exists. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based | OVERRULED |

| | | | thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. | |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | 358:05-358:15 beginning with "You were…" | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | | thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. | |
| Hudnall, Janet 11/01/2013 | 359:07-359:13 beginning with "Okay." | This violates the Court's ruling on Recovery migration deaths. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve a fatal migration or a Recovery Filter. This testimony is overly prejudicial and has no bearing on the facts of this case. The Court has ruled this testimony is not substantially similar to the facts in this case and, therefore, should be excluded. (See ECF No. 204, p. 3-5.) | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based | OVERRULED |

| | | | thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. The testimony is relevant to the design defect, neglience and failure to warn claims and is not unfairly prejudicial. | |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | 359:16-359:18 beginning with "Isn't that…" | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge | OVERRULED |

| | | | and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. | |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | 359:20-360:08 beginning with "When it…" | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well Bard's knowledge and action/inaction based | OVERRULED |

| | | | thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. | |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | 360:10-360:12 beginning with "Yes." | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well Bard's knowledge and action/inaction based | OVERRULED as to "Yes." SUSTAINED as to lines 11-14. |

| | | | | |
|---|---|---|---|---|
| | | | thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. | |
| Hudnall, Janet 11/01/2013 | 360:14 beginning with "Okay." | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well Bard's knowledge and action/inaction based | SUSTAIN |

| | | | thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. | |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | 361:08-361:11 beginning with "The…" | This violates the Court's ruling on Recovery migration deaths. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve a fatal migration or a Recovery Filter. This testimony is overly prejudicial and has no bearing on the facts of this case. The Court has ruled this testimony is not substantially similar to the facts in this case and, therefore, should be excluded. (See ECF No. 204, p. 3-5.) | Ms. Hudnall was a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). The testimony is relevant to the warnings, negligence and design defect claims. The testimony does not violate the Courts MIL ruling as the testimony does not refer to the the Recovery 's cephalad migration deaths, in fact the testimony is about the | SUSTAIN |

| | | | | |
|---|---|---|---|---|
| | | | G2. (358:05-358:15). The testimony is not unfairly prejudicial. | |
| Hudnall, Janet 11/01/2013 | 361:13-361:14 beginning with "Would you…" | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve a fatal migration or a Recovery Filter. This testimony is overly prejudicial and has no bearing on the facts of this case. The Court has ruled this testimony is not substantially similar to the facts in this case and, therefore, should be excluded. (See ECF No. 204, p. 3-5.) | Ms. Hudnall was a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). The testimony is relevant to the warnings, negligence and design defect claims. The testimony does not violate the Courts MIL ruling as the testimony does not refer to the the Recovery 's cephalad migration deaths, in fact the testimony is about the G2. (358:05-358:15). The | SUSTAIN |

| | | | testimony is not unfairly prejudicial | |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | 361:17 beginning with "They are…" | This violates the Court's ruling on Recovery migration deaths. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve a fatal migration or a Recovery Filter. This testimony is overly prejudicial and has no bearing on the facts of this case. The Court has ruled this testimony is not substantially similar to the facts in this case and, therefore, should be excluded. (See ECF No. 204, p. 3-5.) | Ms. Hudnall was a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). The testimony is relevant to the warnings, negligence and design defect claims. The testimony does not violate the Courts MIL ruling as the testimony does not refer to the the Recovery 's cephalad migration deaths, in fact the testimony is about the G2. (358:05-358:15). The | SUSTAIN |

| | | | testimony is not unfairly prejudicial | |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | 370:16-370:22 beginning with "Would it…" | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is | SUSTAIN |

| | | | relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. | |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | 370:24-370:25 beginning with "I can't…" | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Meridian and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, compaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well Bard's knowledge and action/inaction based | OVERRULED |

| | | | thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. | |
|---|---|---|---|---|
| **DEPONENT** | **DEF COUNTER** | **PL OBJECTIONS** | **DEF RESPONSE TO OBJECTIONS** | **COURT RULING** |
| Hudnall, Janet 11/01/2013 | 100:06-101:03 | | | |
| Hudnall, Janet 11/01/2013 | 108:02-108:08 | | | |
| Hudnall, Janet 11/01/2013 | 108:10-108:11 | | | |
| Hudnall, Janet 11/01/2013 | 136:13-136:25 | | | |
| Hudnall, Janet 11/01/2013 | 138:13-139:02 | | | |
| Hudnall, Janet 11/01/2013 | 142:21-143:15 | | | |
| Hudnall, Janet 11/01/2013 | 147:11-148:11 | | | |
| Hudnall, Janet 11/01/2013 | 148:20-148:25 | | | |
| Hudnall, Janet 11/01/2013 | 181:01-181:23 | | | |

| | begin at I showed | | | |
|---|---|---|---|---|
| Hudnall, Janet 11/01/2013 | 186:04-186:17 | FRE 403: Misleading and confusing; optional completeness: delete 186:4-5 or add 185:25-186:3 so the context of 186:4-5 is clear. | 185:25-186:3 is already contained in Plaintiff's affirmative designations. Indeed, this is a designation meant to counter that, and other, testimony. | OVERRULED, except delete line 12. |
| Hudnall, Janet 11/01/2013 | 187:10-187:14 begin at No one | | | |
| Hudnall, Janet 11/01/2013 | 188:11-188:12 | FRE 403: Misleading and confusing: "I'm sorry" is not a question. This is not proper testimony. | Plaintiff's counsel asked a question in follow up to another question, which garnered a response from the witness. "I'm sorry" in this context is reasonably read as asking the witness to restate or clarify her response, which the witness did. | SUSTAIN |
| Hudnall, Janet 11/01/2013 | 188:18-189:03 | | | |
| Hudnall, Janet 11/01/2013 | 193:06-193:12 | | | |
| Hudnall, Janet 11/01/2013 | 195:10-196:06 | | | STRIKE "But they" at 196:05 and all of 196:06. |
| Hudnall, Janet 11/01/2013 | 349:22-350:02 | FRE 401, 402, 403: Statement of attorney is followed by a statement from the witness, but no question was asked. Not proper testimony/evidence. FRE 701 (opinion by lay witness based on scientific, technical or other specialized knowledge). | Plaintiff's counsel's words can reasonably be read to be eliciting a statement from the witness. Indeed, even a cursory reading of this deposition indicates that this tactic is used throughout. Plaintiff cannot now complain of her own counsel's tactics when they elicit a response she does not prefer. | OVERRULED |

| Hudnall, Janet 11/01/2013 | 350:04-350:05 | FRE 401, 402, 403: Statement of attorney is followed by a statement from the witness, but no question was asked. Not proper testimony/evidence. FRE 701 (opinion by lay witness based on scientific, technical or other specialized knowledge). | Plaintiff's counsel's words can reasonably be read to be eliciting a statement from the witness. Indeed, even a cursory reading of this deposition indicates that this tactic is used throughout. Plaintiff cannot now complain of her own counsel's tactics when they elicit a response she does not prefer. | OVERRULED |

Accordingly, IT IS ORDERED that the parties' request for rulings on objections to certain designations is GRANTED, and the objections are sustained in part and overruled in part as provided above.

Entered this 4th day of June, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

42