IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

NATALIE JOHNSON,

                        Plaintiff,                                          ORDER

    v.
                                                                        19-cv-760-wmc
C.R. BARD INC. and
BARD PERIPHERAL VASCULAR INC.,

                        Defendants.

---

Before the court is the parties' request for ruling on objections to certain deposition

designations as to Jason Greer.

| DEPONENT | PL AFFIRM | DEF OBJECTIONS | PL RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| Greer, Jason 08/11/2014 | | Bard objects to the playing of this deposition under Rules 401, 402 and 403. Mr. Greer is a former sales manager who left Bard in 2007, before the development of the Meridian filter. In fact, he had no involvement with the Meridian filter in any capacity. Bard objects to Plaintiff's references to "Admitted in the Peterson case" as a basis for allowing a designation to played, or overruling an objection, and submits that the testimony should be consider based on the facts and applicable law | Bard chose to market the Meridian filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery, G2 and Eclipse filters' complications, testing, warnings and design are relevant and are not unfairly prejudicial. Judge Campbell agreed | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | and rulings in this case. The Peterson case involved a different filter, different claims, and was decided under different state law. | with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mrs. John has experienced tilt, migration, perforation, and fracture of her filter with pieces of the device embolizing to her heart. She is still at risk for death or serious injury in the future. | |
| Greer, Jason 08/11/2014 | 5:16-5:18 | | Admitted in Peterson | |
| Greer, Jason 08/11/2014 | 5:21-5:22 | | Admitted in Peterson | |
| Greer, Jason 08/11/2014 | 22:06-22:11 | | Admitted in Peterson | |
| Greer, Jason 08/11/2014 | 27:05-27:10 | | Admitted in Peterson | |
| Greer, Jason 08/11/2014 | 173:07 ending with "No. 12." | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson Bard's knowledge regarding the Recovery Filter's risks, and Bard's intent in ultimately redesigning its retrievable filters to create the G2 family (including the filter at issue) in response to the risks of the Recovery Filter, is relevant to, among other things, Bard's warnings were adequate and its knowlegde based upn the failure of its testing and design of the G2X and Meridian. Further, issues with the | OVERRULED |

2

| | | | Recovery Filter are relevant to consumer expectations in connection with the filter. | |
|---|---|---|---|---|
| Greer, Jason 08/11/2014 | 174:16-175:09 | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson Bard's knowledge regarding the Recovery Filter's risks, and Bard's intent in ultimately redesigning its retrievable filters to create the G2 family (including the filter at issue) in response to the risks of the Recovery Filter, is relevant to, among other things, Bard's warnings were adequate and its knowlegde based upn the failure of its testing and design of the G2X and Meridian. Further, issues with the Recovery Filter are relevant to consumer expectations in connection with the filter. | OVERRULED |

| DEPONENT | DEF COUNTER | PL OBJECTIONS | DEF RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| Greer, Jason 08/11/2014 | 174:10-175:11 subject to objection | | | |
| Greer, Jason 08/11/2014 | 175:13-175:20 subject to objection | | | |

| | | | | |
|---|---|---|---|---|
| Greer, Jason 08/11/2014 | 175:22-176:05 subject to objection | | | |

Accordingly, IT IS ORDERED that the parties' request for rulings on objections to certain designations is GRANTED, and the objections are sustained in part and overruled in part as provided above.

Entered this 5th day of June, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

4