IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATALIE JOHNSON,

|                 |                 |
|-----------------|-----------------|
| Plaintiff,      | ORDER           |
| v.              | 19-cv-760-wmc   |

C.R. BARD INC. and
BARD PERIPHERAL VASCULAR INC.,

Defendants.

---

Before the court is the parties' request for ruling on objections to certain deposition designations as to Natalie Wong.

| DEPON-ENT | PL AFFIRM | DEF OBJECTIONS | PL RESPONSE TO OBJECTIONS | COURT RULING |
|-----------|-----------|----------------|---------------------------|--------------|
|  |  | Bard objects to Plaintiff's references to "Admitted in the Peterson case" as a basis for allowing a designation to played, or overruling an objection, and submits that the testimony should be consider based on the facts and applicable law and rulings in this case. The Peterson case involved a different filter, different claims, and was decided under different state law. |  |  |
| Wong, Natalie 10/18/2016 | 8:10-8:12 beginning with "Will you…" |  | Admitted in Peterson |  |

| Wong, Natalie 10/18/2016 | 10:03-10:06 | | Admitted in Peterson | |
|---|---|---|---|---|
| Wong, Natalie 10/18/2016 | 13:06-13:08 | | Admitted in Peterson | |
| Wong, Natalie 10/18/2016 | 17:10-17:12 | | Admitted in Peterson | |
| Wong, Natalie 10/18/2016 | 29:13-29:16 beginning with "what's the goal…" | | Admitted in Peterson | |
| Wong, Natalie 10/18/2016 | 30:10-30:19 beginning with "Is…" | | Admitted in Peterson | |
| Wong, Natalie 10/18/2016 | 31:04-31:11 | | Admitted in Peterson | |
| Wong, Natalie 10/18/2016 | 31:16-31:22 beginning with "When would you…" | | Admitted in Peterson | |
| Wong, Natalie 10/18/2016 | 32:13-32:19 beginning with "why does Bard…" | | Admitted in Peterson | |
| Wong, Natalie 10/18/2016 | 32:23-33:04 | | Admitted in Peterson | |
| Wong, Natalie 10/18/2016 | 33:07-33:20 | | Admitted in Peterson | |

| | | | | |
|---|---|---|---|---|
| Wong, Natalie 10/18/2016 | 40:07-40:13 | | Admitted in Peterson | |
| Wong, Natalie 10/18/2016 | 43:14-44:01 beginning with "why is it..." | | Admitted in Peterson | |
| Wong, Natalie 10/18/2016 | 44:05-44:25 | | Admitted in Peterson | |
| Wong, Natalie 10/18/2016 | 47:06-47:23 beginning with "when Bard's..." | | Admitted in Peterson | |
| Wong, Natalie 10/18/2016 | 50:01-50:23 beginning with "that data..." | | Admitted in Peterson | |
| Wong, Natalie 10/18/2016 | 52:10-52:18 beginning with "the adverse event..." | | Admitted in Peterson | |
| Wong, Natalie 10/18/2016 | 58:11-58:14 | | Admitted in Peterson | |
| Wong, Natalie 10/18/2016 | 59:10-59:25 | | Admitted in Peterson | |
| Wong, Natalie 10/18/2016 | 102:10-103:03 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |

| | | | | |
|---|---|---|---|---|
| Wong, Natalie 10/18/2016 | 103:09-103:19 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Also, this violates the MDL Court's ruling on a motion for protective order finding that the hiring of the consultant and his report are protected work product. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. That is not what Judge Campbell's ruling said. Judge Campbell's ruling excluded very specific information and did not exclude the reference to Bard hiring consultants by name or otherwise. The order also did not exclude the information contained in the report becuase it can be found elsewhere such as the Dec 2004 HHE. | OVERRULED |
| Wong, Natalie 10/18/2016 | 104:19-105:24 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 109:24-110:09 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 110:14-110:20 beginning with "it says…" | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |

| | | | | |
|---|---|---|---|---|
| Wong, Natalie 10/18/2016 | 112:13-112:22 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 114:10-114:13 beginning with "is it consistent…" | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 116:02-116:11 beginning with "this is being…" | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 120:04-120:10 beginning with "was it ever…" | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. Ms. Wong's job is the delepoment of products at Bard. An essential function of her job is know what the customers (physicians) want or need. | OVERRULED |
| Wong, Natalie 10/18/2016 | 122:09-122:22 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical | OVERRULED |

5

| | | outweighed by prejudicial effect. | community of the dangers of their filters. | |
|---|---|---|---|---|
| Wong, Natalie 10/18/2016 | 123:01-123:12 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 125:17-125:24 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 126:03-126:24 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. Ms. Wong's job is the delevopment of products at Bard. An essential function of her job is know what the customers (physicians) want or need. | OVERRULED |
| Wong, Natalie 10/18/2016 | 130:09-130:12 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |

| | | | | |
|---|---|---|---|---|
| Wong, Natalie 10/18/2016 | 130:17-130:18 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 131:19-131:22 beginning with Based on this… | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Judge Campbell sustained this objection in the MDL. Dkt. 12590, page 4 | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. Bard has materially misrepresented the MDL Court's Order. The ruling on Ms. Wong's testimony is on page 8 of the Order and the MDL Court did not rule on testimony from page 131. | OVERRULED |
| Wong, Natalie 10/18/2016 | 141:17-142:09 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 142:17-143:12 begin with look at) | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 143:17-143:22 | | Testimony admitted at Bard's request in Peterson | |

| Wong, Natalie 10/18/2016 | 145:19-146:04 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
|---|---|---|---|---|
| Wong, Natalie 10/18/2016 | 146:08-146:20 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 146:22-146:23 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 148:06-148:10 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 148:12 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. There is a claim of migration in this case. | OVERRULED |

| Wong, Natalie 10/18/2016 | 150:11-150:24 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
|---|---|---|---|---|
| Wong, Natalie 10/18/2016 | 151:19-152:17 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. There is a claim of migration in this case. | OVERRULED |
| Wong, Natalie 10/18/2016 | 152:19-153:02 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 153:10-153:17 begin with And | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 154:08-154:18 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. There is a claim of migration in this case. | OVERRULED |

| Wong, Natalie 10/18/2016 | 154:25-155:14 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. Ms. Wong's job is the delepoment of products at Bard. An essential function of her job is know what the customers (physicians) want or need. | OVERRULED |
|---|---|---|---|---|
| Wong, Natalie 10/18/2016 | 155:20-155:25 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. There is a claim of migration in this case. | OVERRULED |
| Wong, Natalie 10/18/2016 | 157:06-157:15 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. There is a claim of migration in this case. | OVERRULED |
| Wong, Natalie 10/18/2016 | 157:22-159:04 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED except STRIKE lines 158:20-158:25. |
| Wong, Natalie 10/18/2016 | 170:06-170:23 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's | OVERRULED |

10

| | | | | |
|---|---|---|---|---|
| | | issue; Irrelevant and any probative value outweighed by prejudicial effect. | failure to warn the medical community of the dangers of their filters. | |
| Wong, Natalie 10/18/2016 | 171:07-171:22 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 172:06-172:21 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. There is a claim of migration in this case. | OVERRULED |
| Wong, Natalie 10/18/2016 | 175:15-175:25 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 182:18-183:14 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 187:20:188:04 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | outweighed by prejudicial effect. | community of the dangers of their filters. | |
| Wong, Natalie 10/18/2016 | 213:13-214:10 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 265:09-265:18 End at "reporting" | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve a fatal migration or a Recovery Filter. This testimony is overly prejudicial and has no bearing on the facts of this case. The Court has ruled this testimony is not substantially similar to the facts in this case and, therefore, should be excluded. (See ECF No. 204, p. 3-5.) | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian, Bard's negligence and the failure to warn. The Plaintff will redact "their deaths" as indicated. | OVERRULED |
| Wong, Natalie 10/18/2016 | 265:19-265:21 | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve a fatal migration or a Recovery Filter. This testimony is overly prejudicial and has no bearing on the facts of | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian, Bard's negligence and the failure to warn. The Plaintff will redact "their deaths" as indicated. | SUSTAIN as to "the deaths" referenced on 265:18. Otherwise OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | this case. The Court has ruled this testimony is not substantially similar to the facts in this case and, therefore, should be excluded. (See ECF No. 204, p. 3-5.) | | |
| Wong, Natalie 10/18/2016 | 273:20 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 273:24-274:01 beginning with It's a memorandum… | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 274:20-274:23 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 276:23-277:01 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 277:04-277:16 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | issue; Irrelevant and any probative value outweighed by prejudicial effect. | failure to warn the medical community of the dangers of their filters. | |
| Wong, Natalie 10/18/2016 | 278:18-278:23 beginning with And then… | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. Ms. Wong's job is the delepoment of products at Bard. An essential function of her job is know what the customers (physicians) want or need. | OVERRULED |
| Wong, Natalie 10/18/2016 | 278:25 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. Ms. Wong's job is the delepoment of products at Bard. An essential function of her job is know what the customers (physicians) want or need. | OVERRULED |
| Wong, Natalie 10/18/2016 | 279:03-279:14 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. Ms. Wong's job is the delepoment of products at Bard. An essential function of her job is know what the customers (physicians) want or need. | OVERRULED |

14

| | | | | |
|---|---|---|---|---|
| | | manufacturer to tell him/her. | | |
| Wong, Natalie 10/18/2016 | 283:12 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 283:19-283:22 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 284:06-284:12 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 284:18-285:08 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 285:13-286:03 Starting at "this" | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | outweighed by prejudicial effect. | | |
| Wong, Natalie 10/18/2016 | 286:12-286:23 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 287:20-288:01 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 288:09-288:12 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 288:15-288:24 beginning with "are you the.." | (288:19 - 288:24) Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. | OVERRULED |
| Wong, Natalie 10/18/2016 | 289:21-289:23 | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial | Admitted in Peterson All Bard filters are relevant to show the design defect of the Meridian and Bard's failure to warn the medical community of the dangers of their filters. Defendants | SUSTAIN as cumulative |

16

| | | | | |
|---|---|---|---|---|
| | | effect. Rule 611, cumulative testimony. Judge Campbell sustained cumulative. Doc 10403, p.4 A.55-56. | have not identified to what testimony this designation is cummulative. | |
| | | | | |

| DEPON-ENT | DEF COUNTER | PL OBJECTIONS | DEF RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| Wong, Natalie 10/18/2016 | 13:09-13:24 For Completenes s | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | This testimony is necessary to provide a complete picture of the witness' background, place Plaintiff's selective designation of lines of questioning in proper context, and/or demonstrate the Plaintiff is attempting to elicit testimony from a witness about a subject or document with which that witness has no or limited personal knowledge. | OVERRULED |
| Wong, Natalie 10/18/2016 | 18:01-18:03 For Completenes s | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | This testimony is necessary to provide a complete picture of the witness' background, place Plaintiff's selective designation of lines of questioning in proper context, and/or demonstrate the Plaintiff is attempting to elicit testimony from a witness about a subject or document with which that witness has no or limited personal knowledge. | OVERRULED |
| Wong, Natalie 10/18/2016 | 31:12-31:15 For Completenes s | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same | This testimony is necessary to provide a complete picture of the witness' background, place Plaintiff's selective designation of lines of questioning in proper context, and/or demonstrate the Plaintiff is attempting to elicit testimony from a | OVERRULED |

| | | time as Plaintiff's designation. | witness about a subject or document with which that witness has no or limited personal knowledge. | |
|---|---|---|---|---|
| Wong, Natalie 10/18/2016 | 40:14-40:16 For Completeness | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | This testimony is necessary to provide a complete picture of the witness' background, place Plaintiff's selective designation of lines of questioning in proper context, and/or demonstrate the Plaintiff is attempting to elicit testimony from a witness about a subject or document with which that witness has no or limited personal knowledge. | OVERRULED |
| Wong, Natalie 10/18/2016 | 44:01-44:13 For Completeness | 44:02-44:04 - Defedants are attempting to designate a partial question that was clearly struck by the offering attorney and a self-depricating sidebar that has no relation to this case. FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | 44:02-44:04 was designated in error, and Bard will withdraw it. The remainder of the testimony is necessary to place Plaintiff's selective designation of lines of questioning in proper context, and/or demonstrate the Plaintiff is attempting to elicit testimony from a witness about a subject or document with which that witness has no or limited personal knowledge. | SUSTAIN as to 44:02-44:04, which is to be excluded. MOOT as to remainder, which is included in plaintiff's designation. |
| Wong, Natalie 10/18/2016 | 58:15-59:01 For Completeness | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same | This testimony is necessary to provide a complete picture of the witness' background, place Plaintiff's selective designation of lines of questioning in proper context, and/or demonstrate the Plaintiff is attempting to elicit testimony from a | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | time as Plaintiff's designation. | witness about a subject or document with which that witness has no or limited personal knowledge. | |
| Wong, Natalie 10/18/2016 | 143:17-143:22<br><br>For Completeness | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demonstrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | This testimony is necessary to provide a complete picture of the witness' background, place Plaintiff's selective designation of lines of questioning in proper context, and/or demonstrate the Plaintiff is attempting to elicit testimony from a witness about a subject or document with which that witness has no or limited personal knowledge. | OVERRULED |
| Wong, Natalie 10/18/2016 | 147:05-147:09<br>For completeness<br>subject to objection | Non-responsive answer. The answer was unrelated to the question asked. FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | The answer was related to the question asked, and goes to the reality that comparisons of complication rates between permanent filters and retrievable filters are impossible due to the inherent differences between those two devices and their uses. This testimony is necessary to provide a complete picture of the witness' background, place Plaintiff's selective designation of lines of questioning in proper context. | OVERRULED |
| Wong, Natalie 10/18/2016 | 163:23-164:01 start at "it" | - | - | - |
| Wong, Natalie 10/18/2016 | 164:06-164:07 stop at first instance of "don't" | - | - | - |

| | | | | |
|---|---|---|---|---|
| Wong, Natalie 10/18/2016 | 164:07-164:08 starting at "if" | - | - | - |
| Wong, Natalie 10/18/2016 | 164:19-164:23 | | | |
| Wong, Natalie 10/18/2016 | 168:22-168:24 | | | |
| Wong, Natalie 10/18/2016 | 169:01 | | | |
| Wong, Natalie 10/18/2016 | 173:01-173:07<br><br>For Completeness | Non-responsive answer. The answer was unrelated to the question asked. FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | The answer was related to the question asked. Plaintiff's counsel and the witness were discussing a document and the witness is responding to the question in the context of that document. This testimony is necessary to provide a complete picture of the witness' background, place Plaintiff's selective designation of lines of questioning in proper context. | OVERRULED |
| Wong, Natalie 10/18/2016 | 177:15-177:16<br><br>For Completeness | Non-responsive answer. The answer was unrelated to the question asked. FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same | The answer is related to the question. As frequently occurs in depositions in this litigation, Plaintiff was attempting to read a document to the witness and have her validate his reading of the document. This testimony is necessary to show that the preceding designations by Plaintiff, should they survive Bard's objections, consist of Plaintiff's counsel | SUSTAIN |

| | | | | |
|---|---|---|---|---|
| | | time as Plaintiff's designation. | questioning the witness about matters about which she is unfamiliar. | |
| Wong, Natalie 10/18/2016 | 177:18-177:19 For Completeness | Non-responsive answer. The answer was unrelated to the question asked. FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | The answer is related to the question. As frequently occurs in depositions in this litigation, Plaintiff was attempting to read a document to the witness and have her validate his reading of the document. This testimony is necessary to show that the preceding designations by Plaintiff, should they survive Bard's objections, consist of Plaintiff's counsel questioning the witness about matters about which she is unfamiliar. | SUSTAIN |

Accordingly, IT IS ORDERED that the parties' request for rulings on objections to certain designations is GRANTED, and the objections are sustained in part and overruled in part as provided above.

Entered this 5th day of June, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge