IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

NATALIE JOHNSON,

<table>
<tr><td>Plaintiff,</td><td>ORDER</td></tr>
<tr><td>v.</td><td>19-cv-760-wmc</td></tr>
</table>

C.R. BARD INC. and
BARD PERIPHERAL VASCULAR INC.,

Defendants.

Before the court is the parties' request for ruling on objections to certain deposition
designations as to John McDermott.

| DEPON-ENT | PL AFFIRM | DEF OBJECTIONS | PL RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| McDermott, John 02/05/2014 | | Bard objects to the playing of this deposition under Rules 401, 402 and 403. Mr. McDermott left BPV in 2007, before the Meridian filter was manufactured, and his testimony relates to the Recovery filter, which is irrelevant in this case. Further, much of this testimony relates to Recovery migration deaths and actions taken by Bard regarding the Recovery filter. | Bard chose to market the Meridian filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery, G2 and Eclipse filter's complications, testing, warnings and design are relevant and are not unfairly prejudicial. Judge Campbell agreed with this position in | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | | Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mrs. John has experienced tilt, migration,perforation, and fracture of her filter with pieces of the device embolizing to her heart. She is still at risk fordeath or serious injury in the future. | |
| McDermott, John 02/05/2014 | 9:12-9:17 | | | |
| McDermott, John 02/05/2014 | 22:24-23:10 beginning with "while you were…" | | | |
| McDermott, John 02/05/2014 | 24:02-24:05 | | | |
| McDermott, John 02/05/2014 | 24:07 | | | |
| McDermott, John 02/05/2014 | 24:09-24:14 | | | |
| McDermott, John 02/05/2014 | 27:14-27:18 | | | |
| McDermott, John 02/05/2014 | 27:21-27:23 | | | |

| | | | | |
|---|---|---|---|---|
| McDermott, John 02/05/2014 | 28:10-28:13 | | | |
| McDermott, John 02/05/2014 | 66:03-66:05 beginning with "did you ever…" | | | |
| McDermott, John 02/05/2014 | 66:09-66:10 | | | |
| McDermott, John 02/05/2014 | 66:15-66:19 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. This testimony relates to alleged "bad acts" regarding the Recovery that were excluded by MIL. | See Plaintiff's response to Bard's general objection above. The testimony is relevant and is not unfairly prejudicial. | SUSTAIN |
| McDermott, John 02/05/2014 | 66:21 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | See Plaintiff's response to Bard's general objection above. The testimony is relevant and is not unfairly prejudicial. | SUSTAIN |
| McDermott, John 02/05/2014 | 66:23-67:05 | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. If allowed, the | See Plaintiff's response to Bard's general objection above. The testimony is relevant and is not unfairly prejudicial. | SUSTAIN |

| | | counters are necessary for completeness | | |
|---|---|---|---|---|
| McDermott, John 02/05/2014 | 69:14-69:15 | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. Also, inclomplete answer. The answer continues on lines, 15,16, 19 and 21-22 | See Plaintiff's response to Bard's general objection above. The testimony is relevant and is not unfairly prejudicial. | OVERRULED |
| McDermott, John 02/05/2014 | 78:22-79:04 beginning with "But did you..." We are Redacting the word Death from 78:24. | Rules 401, 402, 403 – This testimony violates the Court's ruling on Recovery migration deaths. This case does not involve a fatal migration or a Recovery Filter. This testimony is overly prejudicial and has no bearing on the facts of this case. The Court has ruled this testimony is not substantially similar to the facts in this case and, therefore, should be excluded. (See ECF No. 204, p. 3-5.) | See Plaintiff's response to Bard's general objection above. The testimony is relevant and is not unfairly prejudicial. | OVERRULED |
| McDermott, John 02/05/2014 | 83:05-83:06 beginning with "Exhibit 2..." | Rule 602 – witness does not have personal knowledge of the document. See, 84:4-9. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value | See Plaintiff's response to Bard's general objection above. The testimony is relevant and is not unfairly prejudicial. | OVERRULED |

| | | outweighed by prejudicial effect. | | |
|---|---|---|---|---|
| McDermott, John 02/05/2014 | 83:09-84:03 | Rule 602 – witness does not have personal knowledge of the document. See, 84:4-9. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. | See Plaintiff's response to Bard's general objection above. The testimony is relevant and is not unfairly prejudicial. | OVERRULED |
| McDermott, John 02/05/2014 | 87:03-87:05 | Rule 602 – witness does not have personal knowledge of the document. See, 84:4-9. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. | See Plaintiff's response to Bard's general objection above. The testimony is relevant and is not unfairly prejudicial. | OVERRULED |
| McDermott, John 02/05/2014 | 91:01-91:13 beginning with "this is page…" | Rule 602 – witness does not have personal knowledge of the document. See, 84:4-9. Counsel is reading from the document. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value | See Plaintiff's response to Bard's general objection above. The testimony is relevant and is not unfairly prejudicial. | OVERRULED |

| | | outweighed by prejudicial effect. | | |
|---|---|---|---|---|
| McDermott, John 02/05/2014 | 91:14-91:22 | Rule 602 – witness does not have personal knowledge of the document. See, 84:4-9. Rules 401, 402 & 403 (sustained by Judge Campbell) . Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. | See Plaintiff's response to Bard's general objection above. The testimony is relevant and is not unfairly prejudicial. | OVERRULED |
| McDermott, John 02/05/2014 | 92:03-92:18 | Rule 602 – witness does not have personal knowledge of the document. See, 84:4-9. Rules 401, 402 & 403 (sustained by Judge Campbell). Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. | See Plaintiff's response to Bard's general objection above. The testimony is relevant and is not unfairly prejudicial. | OVERRULED |
| McDermott, John 02/05/2014 | 93:18 | Rules 401, 402 & 403 (sustained by Judge Campbell). Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any | See Plaintiff's response to Bard's general objection above. The testimony is relevant and is not unfairly prejudicial. | SUSTAIN |

| | | probative value outweighed by prejudicial effect. | | |
|---|---|---|---|---|
| McDermott, John 02/05/2014 | 93:25-94:01 beginning with "So we're on…" | Rule 602 – there is no indication that the witness has personal knowledge of the document and counsel is simply reading from it. Rules 401, 402 & 403 (sustained by Judge Campbell). Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. | See Plaintiff's response to Bard's general objection above. The testimony is relevant and is not unfairly prejudicial. | SUSTAIN |
| McDermott, John 02/05/2014 | 94:17-94:18 beginning with "It's Bates No…" | Rule 602 – there is no indication that the witness has personal knowledge of the document and counsel is simply reading from it. Rules 401, 402 & 403 (sustained by Judge Campbell). Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a | See Plaintiff's response to Bard's general objection above. The testimony is relevant and is not unfairly prejudicial. | SUSTAIN |

| | | manufacturer to tell him/her. | | |
|---|---|---|---|---|
| McDermott, John 02/05/2014 | 94:20-95:03 | Rule 602 – there is no indication that the witness has personal knowledge of the document and counsel is simply reading from it. Rules 401, 402 & 403 (sustained by Judge Campbell). Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. | See Plaintiff's response to Bard's general objection above. The testimony is relevant and is not unfairly prejudicial. | SUSTAIN |
| McDermott, John 02/05/2014 | 98:06-98:10 | Rules 401, 402 & 403. (sustained by Judge Campbell). | | SUSTAIN |
| McDermott, John 02/05/2014 | 98:14-98:20 beginning with "Isn't that…" | Rule 602 – witness has no personal knowledge of the document and is simply agreing that counsel is reading it correctly. | | SUSTAIN |
| McDermott, John 02/05/2014 | 101:10-101:14 | Rules 401, 402 & 403. This is not a question. Counsel is testifying. | | SUSTAIN |
| McDermott, John 02/05/2014 | 105:22-106:01 beginning with "this was…" | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the | See Plaintiff's response to Bard's general objection above. The testimony is relevant and is not unfairly prejudicial. | SUSTAIN |

| | ending with "Yeah." | Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. Again, counsel is testifying and the witness is confirming what was read. | | |
|---|---|---|---|---|
| McDermott, John 02/05/2014 | 107:15-108:14 | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. Again, counsel is testifying and the witness is confirming what was read. | See Plaintiff's response to Bard's general objection above. The testimony is relevant and is not unfairly prejudicial. | SUSTAIN |
| McDermott, John 02/05/2014 | 108:23-109:05 beginning with "is there any…" | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. Again, counsel is testifying and the witness is confirming what was read. | See Plaintiff's response to Bard's general objection above. The testimony is relevant and is not unfairly prejudicial. | SUSTAIN |
| McDermott, John 02/05/2014 | 111:16-111:20 | This testimony relates to the Reecovery filter and alleged bad acts regarding the Recovery filter. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. | See Plaintiff's response to Bard's general objection above. The testimony is relevant and is not unfairly prejudicial. | OVERRULED |

| McDermott, John 02/05/2014 | 111:23 | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. | See Plaintiff's response to Bard's general objection above. The testimony is relevant and is not unfairly prejudicial. | OVERRULED |
|---|---|---|---|---|
| McDermott, John 02/05/2014 | 112:01-112:02 | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. To the extent this testimony is allowed the counters are necessary for completeness. | See Plaintiff's response to Bard's general objection above. The testimony is relevant and is not unfairly prejudicial. | OVERRULED |
| McDermott, John 02/05/2014 | 112:12-112:14 start at "it became" end at "in 2004" | Rules 401, 402, 403 – This testimony violates the Court's ruling on Recovery migration deaths. Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve a fatal migration or a Recovery Filter. The Court has ruled this testimony is not substantially similar to the facts in this case and, therefore, should be excluded. (See ECF No. 204, p. 3-5.) | See Plaintiff's response to Bard's general objection above. The testimony is relevant and is not unfairly prejudicial. Plaintiff will redact "I showed you that remedial action plan where there was that second reported death" from 112:14-15 as indicated | OVERRULED |

| | | | | |
|---|---|---|---|---|
| McDermott, John 02/05/2014 | 112:15-112:18 Start at "that the" | Rules 401, 402, 403 – This testimony violates the Court's ruling on Recovery migration deaths. Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve a fatal migration or a Recovery Filter. The Court has ruled this testimony is not substantially similar to the facts in this case and, therefore, should be excluded. (See ECF No. 204, p. 3-5.) | See Plaintiff's response to Bard's general objection above. The testimony is relevant and is not unfairly prejudicial. Plaintiff will redact "I showed you that remedial action plan where there was that second reported death" from 112:14-15 as indicated | OVERRULED |
| McDermott, John 02/05/2014 | 112:20-112:22 | Rules 401, 402, 403 – This testimony violates the Court's ruling on Recovery migration deaths. Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve a fatal migration or a Recovery Filter. This testimony is overly prejudicial and has no bearing on the facts of this case. The Court has ruled this testimony is not substantially similar to the facts in this case and, therefore, should be excluded. (See ECF No. 204, p. 3-5.) | See Plaintiff's response to Bard's general objection above. The testimony is relevant and is not unfairly prejudicial. | OVERRULED |

| | | | | |
|---|---|---|---|---|
| McDermott, John 02/05/2014 | 143:09-144:01 | No foundation, calls for speculation. | | OVERRULED but strike lines 143:15 and 143:25. |
| McDermott, John 02/05/2014 | 190:11-190:16 beginning with "I marked…" | Rules 601 & 602. The witness testified he was not involved in the creation of this document and has no personal knowledge about it. See, 190:17-23 | see Plaintiff's response to Bard's general objection above. Further, the testimony of the witness esrablished his knowledge of the subject matter and he is also charged with such knowledge by virtue of his position at Bard. The testimony is relevant and is not unfairly prejudicial. | OVERRULED |
| McDermott, John 02/05/2014 | 192:12-192:14 | Rules 601 & 602. See 192: 17-193:5. The witness testified he was not involved in the creation of this document and has no personal knowledge about it. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | see Plaintiff's response to Bard's general objection above. Further, the testimony of the witness esrablished his knowledge of the subject matter and he is also charged with such knowledge by virtue of his position at Bard. The testimony is relevant and is not unfairly prejudicial. | OVERRULED |
| McDermott, John 02/05/2014 | 194:17-195:03 | Rules 601, 602 & 612. Document is after witness left the company. He has no personal knowledge. (see 284:5) (Objection sustained by Judge Campbell). Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Witness is simply confirming what the | see Plaintiff's response to Bard's general objection above. Further, the testimony of the witness esrablished his knowledge of the subject matter and he is also charged with such knowledge by virtue of his position at Bard. The testimony is relevant and is not unfairly prejudicial. | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | exhibit says. If testimony is allowed, couters at 195-196 are necessary for completeness, and will not make sense out of context. | | |
| McDermott, John 02/05/2014 | 196:12-197:07 | Rules 601, 602 & 612. Document is after witness left the company. He has no personal knowledge. (see 284:5) (Objection sustained by Judge Campbell). Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. | see Plaintiff's response to Bard's general objection above. Further, the testimony of the witness esrablished his knowledge of the subject matter and he is also charged with such knowledge by virtue of his position at Bard. The testimony is relevant and is not unfairly prejudicial. | OVERRULED |
| McDermott, John 02/05/2014 | 228:17-228:23 | Rules 410, 402 and 403-implies Bard has a duty to patients when the law in Wisconsin is that the duty to warn is to the physician. | No such implication. The testimony is relevant and is not unfairly prejudicial. | OVERRULED |
| McDermott, John 02/05/2014 | 229:04-229:08 | | | |
| McDermott, John 02/05/2014 | 230:08 | | | |
| McDermott, John 02/05/2014 | 284:02-284:15 beginning with "Exhibit 15.." | Rules 601, 602 and 612. Witness has no personal knowledge of the document that was written 4 years after he left the company, and counsel is reading the document into evidence. See, 284:5. | see Plaintiff's response to Bard's general objection above. Further, the testimony of the witness esrablished his knowledge of the subject matter and he is also charged with such knowledge by virtue of his position at Bard. The | SUSTAIN |

| | | | testimony is relevant and is not unfairly prejudicial. | |
|---|---|---|---|---|
| McDermott, John 02/05/2014 | 285:01-285:10 beginning with "And if you…" | Rules 601, 602 and 612. Witness has no personal knowledge of the document that was written 4 years after he left the company, and counsel is reading the document into evidence. | see Plaintiff's response to Bard's general objection above. Further, the testimony of the witness esrablished his knowledge of the subject matter and he is also charged with such knowledge by virtue of his position at Bard. The testimony is relevant and is not unfairly prejudicial. | SUSTAIN |
| McDermott, John 02/05/2014 | 285:12 | Rules 601, 602 and 612. Witness has no personal knowledge of the document that was written 4 years after he left the company, and counsel is reading the document into evidence. | see Plaintiff's response to Bard's general objection above. Further, the testimony of the witness esrablished his knowledge of the subject matter and he is also charged with such knowledge by virtue of his position at Bard. | SUSTAIN |
| McDermott, John 02/05/2014 | 285:14-285:21 | Rules 601, 602 and 612. Witness has no personal knowledge of the document that was written 4 years after he left the company, and counsel is reading the document into evidence. | see Plaintiff's response to Bard's general objection above. Further, the testimony of the witness esrablished his knowledge of the subject matter and he is also charged with such knowledge by virtue of his position at Bard. The testimony is relevant and is not unfairly prejudicial. | SUSTAIN |
| McDermott, John 02/05/2014 | 285:24-285:25 | Rules 601, 602 and 612. Witness has no personal knowledge of the document that was written 4 years after he left the company, and counsel is reading the document into evidence. | see Plaintiff's response to Bard's general objection above. Further, the testimony of the witness esrablished his knowledge of the subject matter and he is also charged with such knowledge by virtue of his position at Bard. | SUSTAIN |

| | | | | |
|---|---|---|---|---|
| McDermott, John 02/05/2014 | 286:02-286:04 | Rules 601, 602 and 612. Witness has no personal knowledge of the document that was written 4 years after he left the company, and counsel is reading the document into evidence. | see Plaintiff's response to Bard's general objection above. Further, the testimony of the witness esrablished his knowledge of the subject matter and he is also charged with such knowledge by virtue of his position at Bard. The testimony is relevant and is not unfairly prejudicial. | SUSTAIN |
| McDermott, John 02/05/2014 | 288:13-289:03 | | | |
| McDermott, John 02/05/2014 | 289:05-289:07 | | | |
| McDermott, John 02/05/2014 | 296:17-296:22 | | | |
| McDermott, John 02/05/2014 | 296:24 | | | |
| McDermott, John 02/05/2014 | 297:01-297:24 beginning with "Now, one…" | | | |
| McDermott, John 02/05/2014 | 303:13-303:23 beginning with "in some…" | This violates the Court's ruling on Recovery migration deaths. The "reports" on line 13 refer to reports of migration deaths. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value | See Plaintiff's response above to Bard's general FRE 402 and 403 objections. The testimony is relevant and is not unfairly prejudicial. It does not violate the court's ruling as it does not mention a Recovery cephalad migration death. It talks about a physician's response to one complaint of migration. It is relevant to | OVERRULED |

| | | outweighed by prejudicial effect. | the failure to warn and negligence claims and is not unfairly prejudicial. | |
|---|---|---|---|---|
| McDermott, John 02/05/2014 | 307:01-307:15 | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. 307:14-15 is a question without an answer – calls for speculation | See Plaintiff's response above to Bard's general FRE 402 and 403 objections. The testimony is relevant and is not unfairly prejudicial. The answer to 307:14-15 begins at 307:19 and there is no speculation. | OVERRULED |
| McDermott, John 02/05/2014 | 307:19-307:20 | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. | See Plaintiff's response above to Bard's general FRE 402 and 403 objections. The testimony is relevant and is not unfairly prejudicial. | OVERRULED |
| McDermott, John 02/05/2014 | 307:22-307:23 | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. | See Plaintiff's response above to Bard's general FRE 402 and 403 objections. The testimony is relevant and is not unfairly prejudicial. | OVERRULED |
| McDermott, John 02/05/2014 | 308:04-308:08 | This violates the Court's ruling recovery migration deaths. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve a fatal migration or a Recovery Filter. This | See Plaintiff's response above to Bard's general FRE 402 and 403 objections. The testimony is relevant and is not unfairly prejudicial. The question and answer do not violate the Court's MIL ruling as the question and answer do not mention a Recovery Cephalad migration death. They reference the rising number | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | testimony is overly prejudicial and has no bearing on the facts of this case. The Court has ruled this testimony is not substantially similar to the facts in this case and, therefore, should be excluded. (See ECF No. 204, p. 3-5.) | of complications experienced by the filter and known to Bard and that evidence has not been excluded. | |
| McDermott, John 02/05/2014 | 308:10 | This violates the Court's ruling recovery migration deaths. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. | See Plaintiff's response above to Bard's general FRE 402 and 403 objections. The testimony is relevant and is not unfairly prejudicial. The question and answer do not violate the Court's MIL ruling as the question and answer do not mention a Recovery Cephalad migration death. They reference the rising number of complications experienced by the filter and known to Bard and that evidence has not been excluded. | OVERRULED |
| McDermott, John 02/05/2014 | 311:12-312:08 | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. | See Plaintiff's response above to Bard's general FRE 402 and 403 objections. The testimony is relevant and is not unfairly prejudicial. | SUSTAIN |
| McDermott, John 02/05/2014 | 317:15-317:21 | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. | See Plaintiff's response above to Bard's general FRE 402 and 403 objections. The testimony is relevant and is not unfairly prejudicial. | SUSTAIN |

| McDermott, John 02/05/2014 | 320:21-320:24 beginning with "The comparison…" | | | |
|---|---|---|---|---|
| McDermott, John 02/05/2014 | 321:01 | | | |
| McDermott, John 02/05/2014 | 349:17-349:21 | | | |
| McDermott, John 02/05/2014 | 349:25 | | | |
| McDermott, John 02/05/2014 | 350:02-350:03 | | | |
| McDermott, John 02/05/2014 | 350:06 | | | |
| | | | | |
| **DEPON-ENT** | **DEF COUNT-ER** | **PL OBJECTIONS** | **DEF RESPONSE TO OBJECTIONS** | **COURT RULING** |
| McDermott, John 02/05/2014 | 65:12-65:17 | | | |
| McDermott, John 02/05/2014 | 65:19 (anybody) | | | |
| McDermott, John 02/05/2014 | 65:21-66:03 (ends at other) | | | |

| | | | | |
|---|---|---|---|---|
| McDermott, John 02/05/2014 | 66:07 | | | |
| McDermott, John 02/05/2014 | 67:06-67:07 | | | STRIKE |
| McDermott, John 02/05/2014 | 67:09 | | | STRIKE |
| McDermott, John 02/05/2014 | 69:15-69:16 (They're) | Non-responsive. Objection located at 69:23. | Plaintiff may not appreciate the witness' complete answer, but that does not mean that it is non-responsive. The designated testimony reflects the witness' complete response to Plaintiff's counsel attempting to force the witness into a yes or no answer with which he is uncomfortable, and to explain his discomfort with that answer. | OVERRULED |
| McDermott, John 02/05/2014 | 69:19 | Non-responsive. Objection located at 69:23. | Plaintiff may not appreciate the witness' complete answer, but that does not mean that it is non-responsive. The designated testimony reflects the witness' complete response to Plaintiff's counsel attempting to force the witness into a yes or no answer with which he is uncomfortable, and to explain his discomfort with that answer. | OVERRULED |
| McDermott, John 02/05/2014 | 69:21-69:22 | Non-responsive. Objection located at 69:23. | Plaintiff may not appreciate the witness' complete answer, but that does not mean that it is non-responsive. The designated | OVERRULED |

| | | | testimony reflects the witness' complete response to Plaintiff's counsel attempting to force the witness into a yes or no answer with which he is uncomfortable, and to explain his discomfort with that answer. | |
|---|---|---|---|---|
| McDermott, John 02/05/2014 | 78:15-78:21<br><br>subject to objection | | | |
| McDermott, John 02/05/2014 | 84:04-84:09 subject to objection | Plaintiff objects under rules 401, 402 and 403. Who exactly reviewed or contributed to the document is irrelevant to the issues at hand. | This testimony is relevant to establish that Plaintiff's counsel is questioning the witness on a document he did not be involved in creating, to establish who created the document being discussed (contrary to Plaintiff's objection, this testimony does not list individuals who contributed to this document), and to establish the processes at Bard, which Plaintiff attempts to impugn through various other deposition testimony. | OVERRULED |
| McDermott, John 02/05/2014 | 84:14-84:16<br><br>subject to objection | Plaintiff objects under rules 401, 402 and 403. Who exactly reviewed or contributed to the document is irrelevant to the issues at hand. | This testimony is relevant to establish that Plaintiff's counsel is questioning the witness on a document he did not be involved in creating, to establish who created the document being discussed (contrary to Plaintiff's objection, this testimony does not list individuals who contributed to this document), and to establish the processes at | OVERRULED |

20

| | | | | |
|---|---|---|---|---|
| | | | Bard, which Plaintiff attempts to impugn through various other deposition testimony. | |
| McDermott, John 02/05/2014 | 84:21-84:23<br><br>subject to objection | Plaintiff objects under rules 401, 402 and 403. Who exactly reviewed or contributed to the document is irrelevant to the issues at hand. | This testimony is relevant to establish that Plaintiff's counsel is questioning the witness on a document he did not be involved in creating, to establish who created the document being discussed (contrary to Plaintiff's objection, this testimony does not list individuals who contributed to this document), and to establish the processes at Bard, which Plaintiff attempts to impugn through various other deposition testimony. | OVERRULED |
| McDermott, John 02/05/2014 | 95:10-95:17 | Plaintiff objects under rules 401, 402 and 403. Who exactly reviewed or contributed to the document is irrelevant to the issues at hand. | This testimony is relevant to establish that Plaintiff's counsel is questioning the witness on a document he did not be involved in creating, to establish who created the document being discussed (contrary to Plaintiff's objection, this testimony does not list individuals who contributed to this document), and to establish the processes at Bard, which Plaintiff attempts to impugn through various other deposition testimony. | OVERRULED |
| McDermott, John 02/05/2014 | 105:16-105:22 | | | STRIKE |

| | (end at but) | | | |
|---|---|---|---|---|
| McDermott, John 02/05/2014 | 106:01-106:07 (The --) | | | STRIKE |
| McDermott, John 02/05/2014 | 107:10-107:14 | | | STRIKE |
| McDermott, John 02/05/2014 | 112:05-112:08 | | | |
| McDermott, John 02/05/2014 | 127:10-127:15 | vague | Witness is simply attempting to answer the question posed by Plaintiff's own counsel. Plaintiff fails to explain how the testimony is vague. | OVERRULED |
| McDermott, John 02/05/2014 | 127:17 | vague | Witness is simply attempting to answer the question posed by Plaintiff's own counsel. Plaintiff fails to explain how the testimony is vague. | OVERRULED |
| McDermott, John 02/05/2014 | 128:02-128:07 | vague | Witness is simply attempting to answer the question posed by Plaintiff's own counsel. Plaintiff fails to explain how the testimony is vague. | OVERRULED |
| McDermott, John 02/05/2014 | 137:16-137:20 | | | |
| McDermott, John 02/05/2014 | 137:22-137:23 | non-responsive. | The witness responding that he believes Bard was "always very transparent" is responsive to Plaintiff's counsel's question as to what might constitute transparency. | OVERRULED |
| McDermott, John 02/05/2014 | 190:17-190:23 | FRE 602 | The witness is merely attempting to respond to Plaintiff's counsel's repeated | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | subject to objection | | attempts to elicit an answer, and is not offering anything outside of his own personal understanding and recollection. | |
| McDermott, John 02/05/2014 | 192:17-193:05 subject to objection | leading;answer non-responsive; calls for speculation | Plaintiff objects here that her own counsel is leading an adverse witness, which he is permitted to do on cross. Moreover, the witness provides a complete response of what he personally recollects regarding the subject matter of Plaintiff's counsel's question. | OVERRULED |
| McDermott, John 02/05/2014 | 195:10-195:13 subject to objection | non-responsive | The designated testimony is the witness' complete answer to the previous question. It is directly responsive to the previous question, and provides an explanation of his answer. | OVERRULED |
| McDermott, John 02/05/2014 | 195:23-196:11 subject to objection | | | |
| McDermott, John 02/05/2014 | 199:24-199:25 subject to objection | | | |
| McDermott, John 02/05/2014 | 229:01 | | | |
| McDermott, John 02/05/2014 | 291:06-291:08 (end at was:) | Plaintiff objects under rules 401, 402 and 403. This is an unnecessary and non-relevant statement/sidebar. This also is not a question. | Plaintiff's counsel's is necessary to establish why the witness' response, which was designated by Plaintiff, appears confused. | SUSTAIN |

Accordingly, IT IS ORDERED that the parties' request for rulings on objections to certain designations is GRANTED, and the objections are sustained in part and overruled in part as provided above.

Entered this 5th day of June, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge