IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATALIE JOHNSON,

<table>
<tr><td>Plaintiff,</td><td>ORDER</td></tr>
<tr><td>v.</td><td>19-cv-760-wmc</td></tr>
</table>

C.R. BARD INC. and
BARD PERIPHERAL VASCULAR INC.,

Defendants.

---

Before the court is the parties' request for ruling on objections to certain deposition

designations as to John DeFord.

**June 2, 2016, Deposition:**

| DEPON-ENT | DEF AFFIRM | PL OBJECTIONS | DEF RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| | If Plainitff is allowed to present testimony about the Recovery and the earlier generation filters, Bard should be able to present testimony to put it in context. Dr. DeFord was disclosed on a non-retained expert on the issues about | | | **RESERVE** as to defendants' use of affirmative designation from June 2, 2016, deposition. |

| | | | | |
|---|---|---|---|---|
| | which he testifies. | | | |
| DeFord, John 06/02/2016 | 10:04-10:05 | | | |
| DeFord, John 06/02/2016 | 13:06-13:15 | | | |
| DeFord, John 06/02/2016 | 14:21-15:20 | | | |
| DeFord, John 06/02/2016 | 16:06-18:18 | | | |
| DeFord, John 06/02/2016 | 20:22-21:05 | | | |
| DeFord, John 06/02/2016 | 21:13-21:17 | Objection Relevance 402/403: The clinical research and results of another product are not relevant, are a waste of time, and will be confusing or mislead the jury. | Plaintiff objects to testimony regarding filters other than the Meridian Filter at issue in this case, but yet designates testimony from various Bard employees and former employees, including Mr. DeFord, regarding Bard IVC filters such as the Recovery and the G2 Filter, which preceded the Meridian Filter by several designs, and in the case of the Recovery, preceded the timeline of this case by a decade. If | OVERRULED except add 21:18-21:24 |

| | | | Plaintiff is permitted to designate such irrelevant testimony, Bard must be permitted to do so as well. | |
|---|---|---|---|---|
| DeFord, John 06/02/2016 | 22:01-23:18 | Objection Relevance 402/403: The clinical research and results of another product are not relevant, are a waste of time, and will be confusing or mislead the jury. | Plaintiff objects to testimony regarding filters other than the Meridian Filter at issue in this case, but yet designates testimony from various Bard employees and former employees, including Mr. DeFord, regarding Bard IVC filters such as the Recovery and the G2 Filter, which preceded the Meridian Filter by several designs, and in the case of the Recovery, preceded the timeline of this case by a decade. If Plaintiff is permitted to designate such irrelevant testimony, Bard must be permitted to do so as well | OVERRULED |
| DeFord, John 06/02/2016 | 24:19-24:22 | | | |
| DeFord, John 06/02/2016 | 78:12-78:16 | | | |
| DeFord, John 06/02/2016 | 78:19-79:18 | | | |
| | | | | |

3

| DEPON-ENT | PL COUNTERS | DEF OBJECTIONS | PL RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| DeFord, John 06/02/2016 | 288:14-288:20 | | Bard chose to market the Meridian filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. The Bard's conduct with regard to the design of its IVC filters from the Recovery filter to the Meridian is relevant to the negligence claims | |

| DeFord, John 06/02/2016 | 288:23-289:12 | | Bard chose to market the Meridian filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. The Bard's conduct with regard to the design of its IVC filters from the Recovery filter to the Meridian is relevant to the negligence claims | |
| --- | --- | --- | --- | --- |

**August 15, 2019, Deposition:**

| DEPON-ENT | DEF AFFIRM | PL OBJECTIONS | DEF RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| | | Running Objection to FRE 701 & Relevance: Plaintiff objects to this deposition on the grounds that this witness has not been designated as an expert witness and any testimony in violation of FRE 701, attempting to elicit expert opinions from a lay witness, should be stricken. Additionally, Plaintiff objects to any testimony regarding the Bard Denali filters as they have no relevance to Plaintiff's case. Plaintiff makes his counter-designations in the event the court overrules his objections. | Plaintiff has designated much testimony from other of Bard's witnesses regarding the testing, development, marketing, and clearance of various of Bard's filters not involved in Plaintiff's case. If Plaintiff is able to designate this irrelevant testimony regarding Bard's other filters, Bard must be permitted to do so as well. Moreover, the witness is not offering expert testimony. He has extensive personal experience in the medical device industry, with IVC filters generally, and specifically with Bard's IVC filters, and his testimony is based on personal knowledge of events in which he was involved. Further, Dr. DeFord was designated as a non-retained expert in this case. | OVERRULED |
| DeFord, John 08/15/2019 | 7:16-16:09 | (11:17-16:09) FRE 401: not relevant (16:07-16:09) Lack of foundation; FRE 602 | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a | OVERRULED |

| | | | witness with extensive background and experience with these matters. | |
|---|---|---|---|---|
| DeFord, John 08/15/2019 | 16:12-21:11 | (16:12-16:24) Lack of foundation; FRE 602 (16:25-17:07) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. Through the course of his career, the witness has had reason to keep abreast of medical literature and the medical community's experience as a whole with IVC filters in general and providing testimony regarding that experience and knowledge is directly relevant. | SUSTAIN as to 17:23-18:1 (beginning with "And so"), 18:19-19:25. Otherwise OVERRULED |
| DeFord, John 08/15/2019 | 21:14-22:16 | | | |
| DeFord, John 08/15/2019 | 22:19-24:01 | | | |
| DeFord, John 08/15/2019 | 24:04-24:07 | | | |
| DeFord, John 08/15/2019 | 24:09-24:18 | | | |
| DeFord, John 08/15/2019 | 24:21-26:01 | | | |

| | | | | |
|---|---|---|---|---|
| DeFord, John 08/15/2019 | 26:04-26:12 | | | |
| DeFord, John 08/15/2019 | 26:14-27:09 | | | |
| DeFord, John 08/15/2019 | 27:12-28:18 | (28:16-28:18) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | Dr. DeFord was disclosed as a non-retained expert. The witness is entitled to explain his answer. The witness has previously testified to his lengthy experience in the medical device industry and with IVC filters in general. He is speaking from personal knowledge of events that he was involved in. | OVERRULED |
| DeFord, John 08/15/2019 | 28:21-30:18 | (28:21-29:21) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | Dr. DeFord was disclosed as a non-retained expert. The testimony is directly responsive to the question asked. The wtiness is entitled to explain his answer. The witness has previously testified to his lengthy experience in the medical device industry and with IVC filters in general. He is speaking from personal knowledge of events that he was involved in. The witness is discussing facts that are well-established within the medical community and to which Plaintiff's own expert witnesses agree. | OVERRULED |
| DeFord, John 08/15/2019 | 30:20-30:25 | | | OVERRULED |

8

| DeFord, John 08/15/2019 | 31:23-32:10 | (31:23-32:05) Lack of personal knowledge; FRE 602. speculation. Opinion testimony by a lay witness; FRE 701. (32:06-32:10) Lack of personal knowledge; FRE 602. speculation. Opinion testimony by a lay witness; FRE 701. | Dr. DeFord was disclosed as a non-retained expert. The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. | OVERRULED |
| --- | --- | --- | --- | --- |
| DeFord, John 08/15/2019 | 32:13-32:20 | (32:13-32:18) Lack of personal knowledge; FRE 602. speculation. Opinion testimony by a lay witness; FRE 701. (32:19-32:20) vague: unclear as to what "evolved over time" means. | Dr. DeFord was disclosed as a non-retained expert. The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The question is not vague. | OVERRULED |
| DeFord, John 08/15/2019 | 32:22-33:06 | (32:22-32:24) vague: unclear as to what "evolved over time" means. | Dr. DeFord was disclosed as a non-retained expert. The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The question is not vague. | OVERRULED |
| DeFord, John 08/15/2019 | 33:11-33:25 | (33:24-33:08) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | Dr. DeFord was disclosed as a non-retained expert. The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in, as well as the medical literature that he is aware of on the topic of central venous | OVERRULED |

| | | | pressure, which the Plaintiffs put directly at issue in this litigation. | |
|---|---|---|---|---|
| DeFord, John 08/15/2019 | 34:02-34:08 | (34:02-34:08) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | Dr. DeFord was disclosed as a non-retained expert. The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. | OVERRULED |
| DeFord, John 08/15/2019 | 37:03-37:14 | (37:03-37:14) Lack of foundation; Lack of personal knowledge; FRE 602. Speculation. Opinion testimony by a lay witness; FRE 701. No scientific proof that filters including the Recovery filters save lives. | Dr. DeFord was disclosed as a non-retained expert. | OVERRULED |
| DeFord, John 08/15/2019 | 38:14-39:17 | (38:14-39:17) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | Dr. DeFord was disclosed as a non-retained expert. | OVERRULED |
| DeFord, John 08/15/2019 | 39:19-40:20 | (39:19-40:16) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. Speculation. Narrative. (40:17-40:20) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | Dr. DeFord was disclosed as a non-retained expert. | OVERRULED |
| DeFord, John 08/15/2019 | 40:23-42:16 | (40:23-41:19) Lack of foundation; FRE 602. Speculation. Opinion testimony by a lay witness; FRE 701. (42:14-42:16) Leading. | Dr. DeFord was disclosed as a non-retained expert. | OVERRULED |

| | | Lack of foundation; Opinion testimony by a lay witness; FRE 701. | | |
|---|---|---|---|---|
| DeFord, John 08/15/2019 | 42:19-43:18 | (42:19-42:21) Leading. Lack of foundation; Opinion testimony by a lay witness; FRE 701. | Dr. DeFord was disclosed as a non-retained expert. | OVERRULED |
| DeFord, John 08/15/2019 | 50:08-50:12 | 50:08-50:25) Lack of foundation; Lack of personal knowledge; FRE 602. Opinion testimony by a lay witness; FRE 701. Speculation. | Dr. DeFord was disclosed as a non-retained expert. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. | OVERRULED |
| DeFord, John 08/15/2019 | 50:15-50:25 | 50:08-50:25) Lack of foundation; Lack of personal knowledge; FRE 602. Opinion testimony by a lay witness; FRE 701. Speculation. | Dr. DeFord was disclosed as a non-retained expert. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. | OVERRULED |
| DeFord, John 08/15/2019 | 51:01-51:05 | 50:08-50:25) Lack of foundation; Lack of personal knowledge; FRE 602. Opinion testimony by a lay witness; FRE 701. Speculation. | Dr. DeFord was disclosed as a non-retained expert. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. | OVERRULED |

| DeFord, John 08/15/2019 | 51:08-51:16 | (51:01-51:12) Lack of foundation; Lack of personal knowledge; FRE 602. Opinion testimony by a lay witness; FRE 701. Speculation. | Dr. DeFord was disclosed as a non-retained expert. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. | OVERRULED |
|---|---|---|---|---|
| DeFord, John 08/15/2019 | 51:18-52:19 | (51:18-51:20) Lack of foundation; Lack of personal knowledge; FRE 602. Opinion testimony by a lay witness; FRE 701. Speculation. | Dr. DeFord was disclosed as a non-retained expert. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. | OVERRULED |
| DeFord, John 08/15/2019 | 54:11-54:16 | (54:11-54:16) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | Dr. DeFord was disclosed as a non-retained expert. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. | OVERRULED |
| DeFord, John 08/15/2019 | 54:19-55:06 | (54:19-55:06) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | Dr. DeFord was disclosed as a non-retained expert. The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this | OVERRULED |

| | | | litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. | |
|---|---|---|---|---|
| DeFord, John 08/15/2019 | 71:08-71:14 | (71:08-71:14) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | Dr. DeFord was disclosed as a non-retained expert. The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. | OVERRULED |
| DeFord, John 08/15/2019 | 71:16-72:02 | (71:16-71:21) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. (71:25-72:02) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | Dr. DeFord was disclosed as a non-retained expert. The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. | OVERRULED |

| | | | | |
|---|---|---|---|---|
| DeFord, John 08/15/2019 | 72:04-72:22 | (71:04-72:22) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | Dr. DeFord was disclosed as a non-retained expert. The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. | OVERRULED |
| DeFord, John 08/15/2019 | 72:25-74:08 | (72:25-73:10) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. (73:18-73:24) Object to FDA testimony based on Plaintiff's 510k MIL. FRE 403- & 401 (74:06-74:08) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | Dr. DeFord was disclosed as a non-retained expert. The Court denied Plaintiff's MIL on this issue. | OVERRULED |
| DeFord, John 08/15/2019 | 74:11-75:09 | (74:11-74:16) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. (75:06-75:09) Object to FDA testimony based on Plaintiff's 510k MIL. FRE 403- & 401 | Dr. DeFord was disclosed as a non-retained expert. The Court denied Plainitff's MIL on this issue. | OVERRULED |
| DeFord, John 08/15/2019 | 75:11-75:12 | (75:11-75:12) Object to FDA testimony based on Plaintiff's 510k MIL. FRE 403- & 401 | The Court denied Plaintiff's MIL on this issue. | OVERRULED |

| | | | | |
|---|---|---|---|---|
| DeFord, John 08/15/2019 | 75:14-81:10 | (75:14) Object to FDA testimony based on Plaintiff's 510k MIL FRE 403- & 401<br>(77:10-77:15) Lack of foundation; lack of personal knowledge; FRE 602. Opinion testimony by a lay witness; FRE 701. speculation<br>(77:16-77:24) Lack of foundation; lack of personal knowledge; FRE 602. Opinion testimony by a lay witness; FRE 701. speculation<br>(77:25-78:06) Lack of foundation; lack of personal knowledge; FRE 602. Opinion testimony by a lay witness; FRE 701. speculation<br>(80:20-80:25) Lack of foundation; lack of personal knowledge; FRE 602. Opinion testimony by a lay witness; FRE 701. speculation | Dr. DeFord was disclosed as a non-retained expert. The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. Defendants incorporate by reference their response to Plaintiff's 510k motion in limine. | SUSTAIN as to 77:10-78:12 and 80:17-80:25. Otherwise OVERRULED |
| DeFord, John 08/15/2019 | 81:13-82:02 | (81:13-82:02) Lack of foundation; lack of personal knowledge; FRE 602. Opinion testimony by a lay witness; FRE 701. speculation | Dr. DeFord was disclosed as a non-retained expert. | OVERRULED |
| DeFord, John 08/15/2019 | 82:05-82:06 | | | |
| DeFord, John 08/15/2019 | 82:10-82:25 | | | |

| DeFord, John 08/15/2019 | 83:03-83:14 | | | |
|---|---|---|---|---|
| DeFord, John 08/15/2019 | 83:19-84:21 | | | |
| DeFord, John 08/15/2019 | 84:24-86:01 | (87:10-87:11) Lack of foundation; lack of personal knowledge; FRE 602. speculation. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. | SUSTAIN as to 84:17-84:21. Otherwise OVERRULED |
| DeFord, John 08/15/2019 | 91:03-92:08 | (91:02) Lack of foundation; FRE 602. | | OVERRULED |
| DeFord, John 08/15/2019 | 92:10-92:13 | (92:12-92:13) Lack of foundation; FRE 602. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. | OVERRULED |

| DeFord, John 08/15/2019 | 92:15-93:15 | (92:15-92:25) Lack of foundation; (93) FRE 401/403, testimony regarding the Denali filter, which is not at issue is not relevant. (94:01-94:25) Object to FDA testimony based on Plaintiff's 510k MIL FRE 403- & 401, FRE 401/403, testimony regarding the Denali filter, which is not at issue is not relevant. (95:11-95:13) Lack of foundation; lack of personal knowledge; FRE 602. Opinion testimony by a lay witness; FRE 701. speculation. Misleading as the study had not concluded. FRE 403 FRE 401/403, testimony regarding the Denali filter, which is not at issue is not relevant. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. | OVERRULED |
| DeFord, John 08/15/2019 | 97:18-97:23 | (97:21-97:23) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. | OVERRULED |
| DeFord, John 08/15/2019 | 98:01-98:07 | (98:01-98:04) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | (98:05-98:07) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. | |
| DeFord, John 08/15/2019 | 98:10-99:01 | (98:10-98:16) Lack of foundation; FRE 602. (98:24-99:01) Lack of foundation; FRE 602. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. | OVERRULED |
| DeFord, John 08/15/2019 | 99:04-99:07 | (99:04-99:07) Lack of foundation; FRE 602. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. | OVERRULED |

| DeFord, John 08/15/2019 | 99:09-99:13 | (99:09-99:13) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. | OVERRULED |
| --- | --- | --- | --- | --- |
| DeFord, John 08/15/2019 | 99:15-100:06 | (99:15-99:17) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. (100:05-100:06) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. | SUSTAIN as to 100:05-100:07. Otherwise OVERRULED |
| DeFord, John 08/15/2019 | 100:08-100:14 | (100:08-100:09) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. (100:10-100:14) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive | SUSTAIN as to 100:08-100:09. Otherwise OVERRULED |

19

| | | | background and experience with these matters. | |
|---|---|---|---|---|
| DeFord, John 08/15/2019 | 100:16-101:02 | (100:16) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. (100:17-100:23) Leading. Counsel in testifying. (100:24-101:02) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. | OVERRULED as to 100:16. Otherwise SUSTAIN |
| DeFord, John 08/15/2019 | 101:04-101:08 | (101:04) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. (101:05-101:08) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. | SUSTAIN as to 101:04. Otherwise OVERRULED |
| DeFord, John 08/15/2019 | 101:10-101:16 | (101:10-101:16) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. (101:11-101:25) Relevance. FRE 401 | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters | OVERRULED |

| | | | directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. | |
|---|---|---|---|---|
| DeFord, John 08/15/2019 | 101:18-101:25 | (101:18-101:25) Relevance. FRE 401 | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. | OVERRULED |
| | | | | |

| DEPON-ENT | PL COUNTERS | DEF OBJECTIONS | PL RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| DeFord, John 08/15/2019 | 102:20-103:23 | | | |
| DeFord, John 08/15/2019 | 104:20-105:17 | | | |
| DeFord, John 08/15/2019 | 106:04-106:07 | | | |
| DeFord, John 08/15/2019 | 106:09-106:15 | | | |

| | | | | |
|---|---|---|---|---|
| DeFord, John 08/15/2019 | 106:17-107:14 | | | |
| DeFord, John 08/15/2019 | 108:05-108:21 stopping at Correct | Object to the introduction of the article on the grounds that it is hearsay. Also – not a counter to any testimony designated by Defendants. | Use of the article is appropriate under FRE 803(18), The article is used a demonstrative aide and Plaintiff's will not ask for admission as an exhibit. | OVERRULED |
| DeFord, John 08/15/2019 | 109:02-109:21 | Object to the introduction of the article on the grounds that it is hearsay. Also – not a counter to any testimony designated by Defendants. | Use of the article is appropriate under FRE 803(18), The article is used a demonstrative aide and Plaintiff's will not ask for admission as an exhibit. | SUSTAIN |
| DeFord, John 08/15/2019 | 109:23 | Object to the introduction of the article on the grounds that it is hearsay. Also – not a counter to any testimony designated by Defendants. | Use of the article is appropriate under FRE 803(18), The article is used a demonstrative aide and Plaintiff's will not ask for admission as an exhibit. | SUSTAIN |
| DeFord, John 08/15/2019 | 110:04-110:13 | Object to the introduction of the article on the grounds that it is hearsay. Also – not a counter to any testimony designated by Defendants. | Use of the article is appropriate under FRE 803(18), The article is used a demonstrative aide and Plaintiff's will not ask for admission as an exhibit. | OVERRULED |
| DeFord, John 08/15/2019 | 110:15 "Yes" | Not a counter to any testimony designated by Defendants | | OVERRULED |
| DeFord, John 08/15/2019 | 110:21-111:25 | Not a counter to any testimony designated by Defendants | | OVERRULED |
| DeFord, John 08/15/2019 | 112:08-115:21 | | | |

22

| | | | | |
|---|---|---|---|---|
| DeFord, John 08/15/2019 | 116:13-117:19<br><br>stopping at correctly | Counsel is testifying – he is reading from an article and the only question is "did I read it correctly?" | | OVERRULED except add the rest of 117:19-117:25. |
| DeFord, John 08/15/2019 | 127:02-127:23 | Rules 401, 402, 403 – This violoates the Court's Order on Recovery migration deaths. This testimony is overly prejudicial and has no bearing on the facts of this case. The Court has ruled this testimony is not substantially similar to the facts in this case and, therefore, should be excluded. (See ECF No. 204, p. 3-5.) | Bard is presenting the testimony of this witness and he discusses the Recovery filter extensively. Plaintiff's cross is within the scope of the direct. In addition, Bard chose to market the Meridian filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and | OVERRULED |

| | | | fracture. The Bard's conduct with regard to the design of its IVC filters from the Recovery filter to the Meridian is relevant to the negligence claims | |
|---|---|---|---|---|
| DeFord, John 08/15/2019 | 135:19-136:08 | Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. The witness testified that he has never seen the document before. See 135:8-135:15. | The Federal Rules of Evidence do not prohibit a party from questioning witnesses about admissible documents the witness does not recall having seen before. "Personal knowledge of a fact 'is not an absolute' to Rule 602's foundational requirement . . . .", United States v. Cuti, 702 F.3d. 453, 459 (2nd Cir. 2013). . "What if you had known " questions are acceptable. Id., 459 (2nd Cir. 2013). The witness has been called by Bard as its Executive VP and Chief Technology officer with over 15 and years of experience with the company and its IVC filters. The information discussed is or should be within the scope of his | SUSTAIN |

| | | | employment and knowledge. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. The Bard's conduct with regard to the design of its IVC filters from the Recovery filter to the Meridian is relevant to the negligence claims. The testimony is relevant and not unfairly prejudicial. | |
|---|---|---|---|---|
| DeFord, John 08/15/2019 | 155:12-155:22 | Rules 401, 402, 403 – This violates the Court's ruling on the MIL on Recovery migration deaths. This case does not involve a fatal migration or a Recovery Filter. This testimony is overly prejudicial and has no bearing on the facts of this case. The Court has ruled this testimony is not substantially similar to the facts in this case and, therefore, should be | The witness has been called by Bard as its Executive VP and Chief Technology officer with over 15 and years of experience with the company and its IVC filters. The information discussed is or should be within the scope of his employment and knowledge. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not | SUSTAIN |

| | | | | |
|---|---|---|---|---|
| | | excluded. (See ECF No. 204, p. 3-5.) | outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. The Bard's conduct with regard to the design of its IVC filters from the Recovery filter to the Meridian is relevant to the negligence claims. The testimony is relevant and not unfairly prejudicial. | |
| DeFord, John 08/15/2019 | 156:04-156:09 End at "to be serious." | Rules 401, 402, 403 – This violates the Court' s ruling on the MIL on Recovery migration deaths. This case does not involve a fatal migration or a Recovery Filter. This testimony is overly prejudicial and has no bearing on the facts of this case. The Court has ruled this testimony is not substantially similar to the facts in this case and, therefore, should be excluded. (See ECF No. 204, p. 3-5.) | The witness has been called by Bard as its Executive VP and Chief Technology officer with over 15 and years of experience with the company and its IVC filters. The information discussed is or should be within the scope of his employment and knowledge. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure | OVERRULED |

| | | | modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. The Bard's conduct with regard to the design of its IVC filters from the Recovery filter to the Meridian is relevant to the negligence claims. The testimony is relevant and not unfairly prejudicial. | |
|---|---|---|---|---|
| DeFord, John 08/15/2019 | 156:11-156:16 end at "That's Fair" | Rules 401, 402, 403 – This violates the Court's ruling on the MIL on Recovery migration deaths. This case does not involve a fatal migration or a Recovery Filter. This testimony is overly prejudicial and has no bearing on the facts of this case. The Court has ruled this testimony is not substantially similar to the facts in this case and, therefore, should be excluded. (See ECF No. 204, p. 3-5.) | The witness has been called by Bard as its Executive VP and Chief Technology officer with over 15 and years of experience with the company and its IVC filters. The information discussed is or should be within the scope of his employment and knowledge. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Ms. | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | | Johnson has experienced perforation, migration, tilt, and fracture. The Bard's conduct with regard to the design of its IVC filters from the Recovery filter to the Meridian is relevant to the negligence claims. The testimony is relevant and not unfairly prejudicial. | |
| DeFord, John 08/15/2019 | 160:07-160:08 Stopping at "G2" | | | |
| DeFord, John 08/15/2019 | 160:17-161:01 | | | |
| DeFord, John 08/15/2019 | 162:17-162:19 | Rule 602 –this witness does not have personal knowledge of the document. See, 162:20-21 | | SUSTAIN |
| DeFord, John 08/15/2019 | 163:04-163:07 | Rule 602 –this witness does not have personal knowledge of the document. See, 162:20-21 | | SUSTAIN |
| DeFord, John 08/15/2019 | 164:07-164:09 | Rule 602 –this witness does not have personal knowledge of the document. See, 162:20-21 | | SUSTAIN |
| DeFord, John 08/15/2019 | 167:07-167:10 | | | |
| DeFord, John 08/15/2019 | 167:19-168:04 | Rule 602 –this witness does not have personal knowledge of the document. See, 162:20-21 | | SUSTAIN |

| | | | | |
|---|---|---|---|---|
| DeFord, John 08/15/2019 | 168:08  Stopping at correctly | Rule 602 –this witness does not have personal knowledge of the document. See, 162:20-21 | | SUSTAIN |
| DeFord, John 08/15/2019 | 168:13-168:17  Starting at He | Rule 602 –this witness does not have personal knowledge of the document. See, 162:20-21. Also cumulative of Dr. Ciavarella's testimony. | | SUSTAIN |
| DeFord, John 08/15/2019 | 168:19-168:25 | Rule 602 –this witness does not have personal knowledge of the document. See, 162:20-21 | | SUSTAIN |
| DeFord, John 08/15/2019 | 169:02-169:04 | | | |
| DeFord, John 08/15/2019 | 169:12-169:19 | | | |
| DeFord, John 08/15/2019 | 170:21-172:05 | | | |
| DeFord, John 08/15/2019 | 173:19-174:06 | Rule 602 – the witness is being asked about a document he has never seen before. See, 172:25-173:3 and 173:9-11 | | OVERRULED |
| DeFord, John 08/15/2019 | 175:04-176:03 | Rule 602 – the witness is being asked about a document he has never seen before. See, 172:25-173:3 and 173:9-11 | | OVERRULED |
| DeFord, John 08/15/2019 | 177:01-177:23 | Rule 602 – the witness is being asked about a document he has never seen before. See, 172:25-173:3 and 173:9-11 | | OVERRULED |

| | | | | |
|---|---|---|---|---|
| DeFord, John 08/15/2019 | 178:11-178:15 | Rule 602 – the witness is being asked about a document he has never seen before. See, 172:25-173:3 and 173:9-11 | | OVERRULED |
| DeFord, John 08/15/2019 | 178:22-179:11 | Rule 602 – the witness is being asked about a document he has never seen before. See, 172:25-173:3 and 173:9-11 | | OVERRULED |
| DeFord, John 08/15/2019 | 179:14-180:02 | Rule 602 – the witness is being asked about a document he has never seen before. See, 172:25-173:3 and 173:9-11 | | OVERRULED |
| DeFord, John 08/15/2019 | 180:06-180:18 | Rule 602 – the witness is being asked about a document he has never seen before. See, 172:25-173:3 and 173:9-11 | | OVERRULED |
| DeFord, John 08/15/2019 | 181:02-181:05 | | | |
| DeFord, John 08/15/2019 | 181:07-181:20 | Rule 602 – the witness is being asked about a document he has never seen. See, 182:2-3 | | OVERRULED |
| DeFord, John 08/15/2019 | 182:09-183:12 | Rule 602 – the witness is being asked about a document he has never seen. See, 182:2-3 | | OVERRULED |
| DeFord, John 08/15/2019 | 183:16-183:17 | Rule 602 – the witness is being asked about a document he has never seen. See, 182:2-3 | | OVERRULED |
| DeFord, John 08/15/2019 | 183:19-183:20 | Rule 602 – the witness is being asked about a document he has never seen. See, 182:2-3 | | OVERRULED |

| DEPON-ENT | DEF COUNTERS TO COUNTERS | PL OBJECTIONS | DEF RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| DeFord, John 08/15/2019 | 202:19-203:03 | | | |
| | | | | |
| DeFord, John 08/15/2019 | 105:18-105:24 | | | |
| DeFord, John 08/15/2019 | 107:13-107:14 | Plaintiff agrees to include these lines in her cross. | | MOOT |
| DeFord, John 08/15/2019 | 119:01-119:03 | FRE 401,402 & 403. The testimony identifies and refences an exhibit that is not discussed in the Plaintiff's cross. It is not relevant and will cause undue delay and confusion. The testimony is outside the scope of the cross examination. | | OVERRULED |
| DeFord, John 08/15/2019 | 129:02-129:07 | FRE 401,402 & 403. The Plaintiff has withdrawn testimony from 127:24 to 134:21 The testimony designated here is not discussed in the Plaintiff's cross. It is not relevant and will cause undue delay and confusion. The testimony is outside the scope of the cross examination. | | SUSTAIN |
| DeFord, John 08/15/2019 | 130:21-130:24 | FRE 401,402 & 403. The Plaintiff has withdrawn testimony from 127:24 to 134:21 The testimony designated here is not discussed in the Plaintiff's | | SUSTAIN |

| | | | | |
|---|---|---|---|---|
| | | cross. It is not relevant and will cause undue delay and confusion. The testimony is outside the scope of the cross examination. | | |
| DeFord, John 08/15/2019 | 133:23–134:10 | FRE 401,402 & 403. The Plaintiff has withdrawn testimony from 127:24 to 134:21 The testimony designated here is not discussed in the Plaintiff's cross. It is not relevant and will cause undue delay and confusion. The testimony is outside the scope of the cross examination. | | SUSTAIN |
| DeFord, John 08/15/2019 | 134:16-134:17 | FRE 401,402 & 403. The Plaintiff has withdrawn testimony from 127:24 to 134:21 The testimony designated here is not discussed in the Plaintiff's cross. It is not relevant and will cause undue delay and confusion. The testimony is outside the scope of the cross examination. | | SUSTAIN |
| DeFord, John 08/15/2019 | 134:24 | FRE 403. The Plaintiff includes this line of testimony in her cross and so this is unnecessarily cumulative and an undue delay. | | SUSTAIN |
| DeFord, John 08/15/2019 | 135:10-135:12 | FRE 401, 402 & 403. The testimony is of no or very limited relevance and results in undue delay. | | SUSTAIN |
| DeFord, John 08/15/2019 | 135:14-135:15 | FRE 401, 402 & 403. The testimony is of no or very limited relevance and results in undue delay. | | SUSTAIN |

| | | | | |
|---|---|---|---|---|
| DeFord, John 08/15/2019 | 136:09-136:13 | | | STRIKE |
| DeFord, John 08/15/2019 | 138:09-139:04 | FRE 401,402 & 403. The Plaintiff has withdrawn testimony from 136:10 to 155:11. The testimony designated here is not discussed in the Plaintiff's cross. It is not relevant and will cause undue delay and confusion. The testimony is outside the scope of the cross examination. | | SUSTAIN |
| DeFord, John 08/15/2019 | 140:10-140:15 | FRE 401,402 & 403. The Plaintiff has withdrawn testimony from 136:10 to 155:11. The testimony designated here is not discussed in the Plaintiff's cross. It is not relevant and will cause undue delay and confusion. The testimony is outside the scope of the cross examination. | | SUSTAIN |
| DeFord, John 08/15/2019 | 151:05-152:15 | FRE 401,402 & 403. The Plaintiff has withdrawn testimony from 136:10 to 155:11. The testimony designated here is not discussed in the Plaintiff's cross. It is not relevant and will cause undue delay and confusion. The testimony is outside the scope of the cross examination. | | SUSTAIN |
| DeFord, John 08/15/2019 | 152:19-152:21 | FRE 401,402 & 403. The Plaintiff has withdrawn testimony from 136:10 to 155:11. The testimony designated here is not discussed in the Plaintiff's cross. It is not relevant and will cause undue delay and | | SUSTAIN |

33

| | | confusion. The testimony is outside the scope of the cross examination. | | |
|---|---|---|---|---|
| DeFord, John 08/15/2019 | 154:10-154:16 | FRE 401,402 & 403. The Plaintiff has withdrawn testimony from 136:10 to 155:11. The testimony designated here is not discussed in the Plaintiff's cross. It is not relevant and will cause undue delay and confusion. The testimony is outside the scope of the cross examination. | | SUSTAIN |
| DeFord, John 08/15/2019 | 156:16-156:20 | FRE 401,402 & 403. The added testimony is not responsive to the question asked and will require the addition under FRCP 32(6) and FRE 106 of 156:21-157:23. | | OVERRULED |
| DeFord, John 08/15/2019 | 158:04–158:13 | FRE 401,402 & 403. The Plaintiff has withdrawn testimony from 157:24-158:10 The testimony designated here is not discussed in the Plaintiff's cross. It is not relevant and will cause undue delay and confusion. The testimony is outside the scope of the cross examination. | | SUSTAIN |
| DeFord, John 08/15/2019 | 201:23–202:18 | FRE 401,402, 403 & 602 – the Plaintiff objects to 202:11-202:18 as the witness specially states :I am speculating here" therefore he lacks the proper foundation for his testimony, speculations are not relevant testimony, they are unfairly prejudicial | | SUSTAIN |

| | | | | |
|---|---|---|---|---|
| | | and likely to confuse or mislead the jury. | | |
| DeFord, John 08/15/2019 | 203:25–204:05 | FRE 401,402 & 403. The Plaintiff has withdrawn testimony from 203:03-203:25. The testimony designated here is not discussed in the Plaintiff's cross. It is not relevant and will cause undue delay and confusion. The testimony is outside the scope of the cross examination. | | OVERRULED |

Accordingly, IT IS ORDERED that the parties' request for rulings on objections to certain designations is GRANTED, and the objections are sustained in part and overruled in part as provided above.

Entered this 5th day of June, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge