IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATALIE JOHNSON,

|  |  |  |
|---|---|---|
| | Plaintiff, | ORDER |
| v. | | 19-cv-760-wmc |
| C.R. BARD INC. and<br>BARD PERIPHERAL VASCULAR INC., | | |
| | Defendants. | |

---

Before the court is the parties' request for ruling on objections to certain deposition designations as to Gin Schulz.

| DEPON-ENT | PL AFFIRM | DEF OBJECTIONS | PL RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| Schulz, Gin 01/30/2014 | | Bard objects to the playing of this deposition under Rules 401, 402 and 403.  Ms. Schulz was formerly a quality assurance employee who left Bard in 2011, before the Meridian filter was available for commercial distribution.  Her testimony does not address the Meridian filter. | Bard chose to market the Meridian filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing, warnings and design is relevant and is not | OVERRULED |

| | | | outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The design history and failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred and Bard's past conduct is relevant to the claims of negligence. The testimony is relevant and not unfairly prejudicial. | |
|---|---|---|---|---|
| Schulz, Gin 01/30/2014 | 13:17-13:18 | | | |
| Schulz, Gin 01/30/2014 | 101:23-102:12 | | | |
| Schulz, Gin 01/30/2014 | 104:14-105:03 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | This testimony does not invovled any particular filter, bust instead devices in general. Testimony discusses the needs of the device | OVERRULED |
| Schulz, Gin 01/30/2014 | 109:13-110:01 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Testimony involves migration, which is at issue here and the testimony is not device specific. | OVERRULED |
| Schulz, Gin 01/30/2014 | 110:04-111:19 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value | Testimony involves migration, which is at issue here and the testimony is not device specific. | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | outweighed by prejudicial effect. | | |
| Schulz, Gin 01/30/2014 | 120:22-121:10 | | | |
| Schulz, Gin 01/30/2014 | 121:13-121:15 | | | |
| Schulz, Gin 01/30/2014 | 125:05-125:10 | Late addition of 125:02-125:04 is confusing and should not be included as it references an answer that is not designated. | The designation of 125:05-125:110 as indicated clarifies the testimony. | OVERRULED |
| Schulz, Gin 01/30/2014 | 130:22-131:01 | | | |
| Schulz, Gin 01/30/2014 | 131:04-131:07 | | | |
| Schulz, Gin 01/30/2014 | 204:17-204:20 | | | |
| Schulz, Gin 01/30/2014 | 206:03-206:07 | | | |
| Schulz, Gin 01/30/2014 | 206:15-206:22 | | | |
| Schulz, Gin 01/30/2014 | 207:24-208:19 | | | |
| Schulz, Gin 01/30/2014 | 227:04-227:13 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. Rules 601/602 & | The witness had direct involvement with the issue being discussed and it was part of her duties at Bard to be aware of the needs of physicians. Ms. Johnson's filter fractured. The Recovery is relevenat to the Meridian as ruled by the MDL Court. | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. See testimony at 227:23 - 228:02. | | |
| Schulz, Gin 01/30/2014 | 228:07- 228:19 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 801/802. Testimony is hearsay. | The witness had direct involvement with the issue being discussed and it was part of her duties at Bard to be aware of the needs of physicians. Ms. Johnson's filter fractured. The Recovery is relevenat to the Meridian as ruled by the MDL Court. | OVERRULED |
| Schulz, Gin 01/30/2014 | 417:09- 417:11 | | | |
| Schulz, Gin 01/30/2014 | 417:14- 417:17 | | | |
| Schulz, Gin 01/30/2014 | 417:19- 418:03 | | | |

| | | | | |
|---|---|---|---|---|
| Schulz, Gin 01/30/2014 | 418:06-418:07 | | | |
| Schulz, Gin 01/30/2014 | 418:09-418:22 | | | |
| Schulz, Gin 01/30/2014 | 419:01 | | | |
| Schulz, Gin 01/30/2014 | 419:03-419:08 | | | |
| Schulz, Gin 01/30/2014 | 419:11-419:24 | | | |
| Schulz, Gin 01/30/2014 | 420:02-420:06 | | | |
| Schulz, Gin 01/30/2014 | 420:09-420:11 | | | |
| Schulz, Gin 01/30/2014 | 422:18-422:21 | | | |
| Schulz, Gin 01/30/2014 | 422:24-423:02 | | | |
| Schulz, Gin 01/30/2014 | 431:14-431:17 | | | |
| Schulz, Gin 01/30/2014 | 431:20-431:20 | | | |
| Schulz, Gin 01/30/2014 | 431:22-432:05 | | | |
| Schulz, Gin 01/30/2014 | 434:19-434:20 | | | |
| Schulz, Gin 01/30/2014 | 435:04-436:05 | | | |
| Schulz, Gin 01/30/2014 | 442:06-442:14 | | | |
| Schulz, Gin 01/30/2014 | 446:14-447:06 | | | |

| Schulz, Gin 01/30/2014 | 447:09-447:11 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Tilting and penetration are at issue in this case. The witness is allowed to explain her understanding. | OVERRULED |
|---|---|---|---|---|
| Schulz, Gin 01/30/2014 | 447:13-447:19 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. | Ms. Johnson's filter fractured and embolized to her right ventricle. The witness is allowed to explain her understanding. | OVERRULED |
| Schulz, Gin 01/30/2014 | 448:09-448:13 | | | |
| Schulz, Gin 01/30/2014 | 448:16 | | | |
| Schulz, Gin 01/30/2014 | 448:18 | | | |
| Schulz, Gin 01/30/2014 | 448:21 | | | |
| Schulz, Gin 01/30/2014 | 448:23-449:18 | | | |
| Schulz, Gin 01/30/2014 | 449:21-449:23 | | | |
| | | | | |
| **DEPON-ENT** | **DEF COUNTER** | **PL OBJECTIONS** | **DEF RESPONSE TO OBJECTIONS** | **COURT RULING** |
| Schulz, Gin 01/30/2014 | 24:11-24:17 | | | |

| | | | |
|---|---|---|---|
| Schulz, Gin 01/30/2014 | 31:05-31:07 | | |
| Schulz, Gin 01/30/2014 | 31:16-47:09 | | |
| Schulz, Gin 01/30/2014 | 49:04-49:07 | | |
| Schulz, Gin 01/30/2014 | 56:04-56:07 at Do you | | |
| Schulz, Gin 01/30/2014 | 56:14-57:04 | FRE 611(b) - beyond the scope of the direct examination. | | OVERRULED |
| Schulz, Gin 01/30/2014 | 58:12-58:17 | FRE 611(b) - beyond the scope of the direct examination. | | OVERRULED |
| Schulz, Gin 01/30/2014 | 59:01-59:12 | FRE 611(b) - beyond the scope of the direct examination; FRE 106 - optional completeness - the witness's clarification and answer at lines 58:20-24 ought to be included. | | OVERRULED except ADD 58:20-58:24 |
| Schulz, Gin 01/30/2014 | 59:23-60:03 at According | FRE 611(b) - beyond the scope of the direct examination. | | OVERRULED |
| Schulz, Gin 01/30/2014 | 60:06-60:19 | FRE 611(b) - beyond the scope of the direct examination. | | OVERRULED |
| Schulz, Gin 01/30/2014 | 77:22-78:01 | | |
| Schulz, Gin 01/30/2014 | 90:20-91:09 | ? | |
| Schulz, Gin 01/30/2014 | 101:23-103:03 | | |
| Schulz, Gin 01/30/2014 | 103:06-104:12 | | |

| | | | | |
|---|---|---|---|---|
| Schulz, Gin 01/30/2014 | 117:12-119:09 | | | |
| Schulz, Gin 01/30/2014 | 123:13-123:20 | | | |
| Schulz, Gin 01/30/2014 | 131:11-133:01 | (133:21-133:1) FRE 401/402 (relevance); further, the designated lines are a statement by counsel, not a question, and do not constitute evidence. | Plaintiff's counsel asked the question. The testimony is relevant to show how Bard evaluates its filters. | SUSTAIN, strike 132:21-133:1 |
| Schulz, Gin 01/30/2014 | 135:01-135:04 | | | |
| Schulz, Gin 01/30/2014 | 135:07-136:02 | | | |
| Schulz, Gin 01/30/2014 | 145:11-145:20 | | | |
| Schulz, Gin 01/30/2014 | 145:23-147:19 | (147:20-149:21) - Nonresponsive - objection & motion to strike at 149:22-23. | That testimony is not designated | MOOT |
| Schulz, Gin 01/30/2014 | 151:02-151:07 | (1) FRE 402, 403 - objection to evidence of FDA lack of enforcement for the reasons set forth in Plaintiff's Motion in Limine on this topic. (2) FRE 402, 403: objection to evidence of advocacy organization guidelines, for reasons stated in Plaintiff's Omnibus Motion in Limine; (3) FRE 602, 802: speculative & hearsay: witness lacks foundation to testify about FDA's intent/state of mind as to the SIR guidelines or as an expert on the legal requirements established by FDA; to extent witness is reporting that FDA | There is no testimony on FDA enforcement designated. Objection makes no sense. | RESERVE |

| | | | | |
|---|---|---|---|---|
| | | represented or acknowledged in meetings that SIR guidelines or Bard failure rates were acceptable, the testimony is inadmissible hearsay. (4) FRE 402, 403: further, any probative value is outweighed by the danger of undue prejudice and confusion of the issues because (a) SIR has issued multiple guidelines and the testimony does not identify which ones were allegedly ""acknowledged"" or accepted by FDA. and (b) testimony implies that FDA found the failure rates for the Meridian filter ""to be acceptable,"" suggesting (improperly and without foundation) that FDA evaluated Ecplise filter for compliance with a Federal regulatory standard." | | |
| Schulz, Gin 01/30/2014 | 154:20-154:24 | (1) FRE 402, 403 - objection to evidence of FDA lack of enforcement for the reasons set forth in Plaintiff's Motion in Limine on this topic. (2) FRE 402, 403: objection to evidence of advocacy organization guidelines, for reasons stated in Plaintiff's Omnibus Motion in Limine; (3) FRE 602, 802: speculative & hearsay: witness lacks foundation to testify about FDA's intent/state of mind as to the SIR guidelines or as an expert on the legal requirements established by FDA; to extent witness is | | SUSTAIN |

| | | | | |
|---|---|---|---|---|
| | | reporting that FDA represented or acknowledged in meetings that SIR guidelines or Bard failure rates were acceptable, the testimony is inadmissible hearsay. (4) FRE 402, 403: further, any probative value is outweighed by the danger of undue prejudice and confusion of the issues because (a) SIR has issued multiple guidelines and the testimony does not identify which ones were allegedly ""acknowledged"" or accepted by FDA. and (b) testimony implies that FDA found the failure rates for the Meridian filter ""to be acceptable,"" suggesting (improperly and without foundation) that FDA evaluated Ecplise filter for compliance with a Federal regulatory standard." | | |
| Schulz, Gin 01/30/2014 | 155:03-157:13 | (1) FRE 402, 403 - objection to evidence of FDA lack of enforcement for the reasons set forth in Plaintiff's Motion in Limine on this topic. (2) FRE 402, 403: objection to evidence of advocacy organization guidelines, for reasons stated in Plaintiff's Omnibus Motion in Limine; (3) FRE 602, 802: speculative & hearsay: witness lacks foundation to testify about FDA's intent/state of mind as to the SIR guidelines or as an expert on the legal requirements established by | | SUSTAIN |

| | | | | |
|---|---|---|---|---|
| | | FDA; to extent witness is reporting that FDA represented or acknowledged in meetings that SIR guidelines or Bard failure rates were acceptable, the testimony is inadmissible hearsay. (4) FRE 402, 403: further, any probative value is outweighed by the danger of undue prejudice and confusion of the issues because (a) SIR has issued multiple guidelines and the testimony does not identify which ones were allegedly ""acknowledged"" or accepted by FDA. and (b) testimony implies that FDA found the failure rates for the Meridian filter ""to be acceptable,"" suggesting (improperly and without foundation) that FDA evaluated Ecplise filter for compliance with a Federal regulatory standard." FDA does not establish safety through the 510K process. | | |
| Schulz, Gin 01/30/2014 | 185:18-185:22 at Most | | | |
| Schulz, Gin 01/30/2014 | 186:08-186:12 | | | |
| Schulz, Gin 01/30/2014 | 208:24-209:04 | | | |
| Schulz, Gin 01/30/2014 | 209:07-209:10 | | | |
| Schulz, Gin 01/30/2014 | 215:14-215:23 | | | |

| | | | | |
|---|---|---|---|---|
| Schulz, Gin 01/30/2014 | 216:02-216:08 | | | |
| Schulz, Gin 01/30/2014 | 217:21-218:04 | | | |
| Schulz, Gin 01/30/2014 | 218:07-218:19 | (218:12-17): FRE 602/702: the witness lacks personal knowledge of whether filters "took the recurring PE rate down" and is not qualified to offer evidence on this topic. FRE 402/403: as explained in Plaintiffs' Omnibusa Motion in Limine, testimony that filters "prevent PEs" ought to be excluded because no such evidence exists for Bard's retrievable filter line. Further the testimony is non-responsive. | The MIL was denied. This testimony is directly relevant to the risk benefit analysis performed by Bard. | OVERRULED |
| Schulz, Gin 01/30/2014 | 227:23-228:02 | FRE 106 - Optional completeness; the remainder of the witness's answer at 228:4-6 ought to be included. | | SUSTAIN as to completeness only; add 228:4-228:6. |
| Schulz, Gin 01/30/2014 | 285:02-285:09 at Given subject to objection | | | |
| Schulz, Gin 01/30/2014 | 285:13-285:23 subject to objection | | | |
| Schulz, Gin 01/30/2014 | 290:13-290:16 subject to objection | Optional completeness: the complete question, beginning at 290:2, ought to be included, as the omission of th question makes it unclear what the | | SUSTAIN as to completeness only; add 290:2-290:9. |

| | | | | |
|---|---|---|---|---|
| | | witness is actually begin asked. | | |
| Schulz, Gin 01/30/2014 | 290:19-291:06 subject to objection | FRE 402/403: The witness's testimony that she believed the Bard personnel who made decisions were qualified is not relevant to any matter at issue, including, but not limied to, the issue of consumer expectations. | | OVERRULED |
| Schulz, Gin 01/30/2014 | 351:19-352:21 | | | |
| Schulz, Gin 01/30/2014 | 394:24-395:07 | Lack of foundation. Witness does not know if the "product" was improved with every iteration. | | OVERRULED |
| Schulz, Gin 01/30/2014 | 395:10-395:18 | Lack of foundation. Witness does not know if the "product" was improved with every iteration. | | OVERRULED |
| Schulz, Gin 01/30/2014 | 406:17-406:19 | Lack of foundation. Witness cannot speak for the entire medical community. | | SUSTAIN |
| Schulz, Gin 01/30/2014 | 406:22-407:02 | Lack of foundation. Witness cannot speak for the entire medical community. | | SUSTAIN |
| Schulz, Gin 01/30/2014 | 414:23-414:24 | vague and confusing question. Lack of foundation. Relevant is not clear in the question or based on the answer. | | SUSTAIN |
| Schulz, Gin 01/30/2014 | 415:03-415:09 | vague and confusing question. Lack of foundation. Relevant is not clear in the question or based on the answer. | | SUSTAIN |

| | | | | |
|---|---|---|---|---|
| Schulz, Gin 01/30/2014 | 432:20-432:22 | Speculation. The witness cannot speak for Dr. Ciavarella and what he did and did not understand. | | OVERRULED |
| Schulz, Gin 01/30/2014 | 433:01-433:05 | Speculation. The witness cannot speak for Dr. Ciavarella and what he did and did not understand. | | OVERRULED |
| Schulz, Gin 01/30/2014 | 437:06-437:21 | Counsel if testifying. The document speaks for itself. | Plaintiff's counsel is asking the question. | SUSTAIN |
| Schulz, Gin 01/30/2014 | 438:05-438:11 | Counsel if testifying. The document speaks for itself. | Plaintiff's counsel is asking the question. | SUSTAIN |
| Schulz, Gin 01/30/2014 | 440:07-440:11 | | | |
| Schulz, Gin 01/30/2014 | 443:07-443:20 | | | |
| Schulz, Gin 01/30/2014 | 444:16-444:22 | Non responsive. The witness did not answer the quesiton. Speculations, the witness cannot speak for what physicians believed to be the tradeoffs of retrievable filters. | No objection to responsiveness was made at the time of the question. | OVERRULED |
| Schulz, Gin 01/30/2014 | 445:01-445:08 | Non responsive. The witness did not answer the quesiton. Speculations, the witness cannot speak for what physicians believed to be the tradeoffs of retrievable filters. | No objection to responsiveness was made at the time of the question. | OVERRULED |
| Schulz, Gin 01/30/2014 | 452:04-452:13 | This is an answer without a question. | Plainitff designated the question without the answer. The answer is necessary for comleteness. | SUSTAIN, plaintiff did not designate the question. |
| Schulz, Gin 01/30/2014 | 452:19-452:22 | | | |

| Schulz, Gin 01/30/2014 | 453:01-453:03 | | | |
|---|---|---|---|---|
| Schulz, Gin 01/30/2014 | 465:12-465:20 | | | |
| Schulz, Gin 01/30/2014 | 466:06-466:09 | | | |
| | | | | |
| **DEPON-ENT** | **DEF AFFIRM** | **PL OBJECTIONS** | **DEF RESPONSE TO OBJECTIONS** | **COURT RULING** |
| Schulz, Gin 01/30/2014 | 24:04-24:10 begin at "Can" | | | |
| Schulz, Gin 01/30/2014 | 26:11-26:13 | | | |
| Schulz, Gin 01/30/2014 | 30:12-30:16 begin at "you" end at through "1990" | | | |
| Schulz, Gin 01/30/2014 | 30:21-31:04 begin at "And" | | | |
| Schulz, Gin 01/30/2014 | 31:08-31:15 begin at "when" | | | |
| Schulz, Gin 01/30/2014 | 49:08-50:24 | | | |
| Schulz, Gin 01/30/2014 | 52:22-53:24 begin at "And" | | | |
| Schulz, Gin 01/30/2014 | 54:01-55:10 begin at "Now" | | | |

| | | | | |
|---|---|---|---|---|
| Schulz, Gin 01/30/2014 | 123:21-124:03 begin at "if" | | | |
| Schulz, Gin 01/30/2014 | 124:06-124:20 | (124:06-20). (124:18-20): FRE: 602 & 702: Lack of foundation; speculative: witness is not qualified or properly designated to testify as an expert about what "FDA looks at…on the approval of the devices." Also, FRE: 403: any probative value of reference to what FDA considers in "approval of the devices" is outweighed by the danger of undue prejudice and confusion of the issues because the device at issue was never "approved" and the FDA made no risk/benefit analysis of the device at issue although testimony implies that occurred. | The witness is testifying from her extensive personal experience. She was asked extensively about these issues by Plaintiff's counsel who apparently believed she had the pertinent background and experience to testify as to these issues -- otherwise, Plaintiff's counsel would not have asked. Any confusion regarding "approval" or "clearance" can be easily cured by inclusion of 124:22-23. | SUSTAIN as to 124:18-124:20, otherwise OVERRULED |
| Schulz, Gin 01/30/2014 | 125:11-125:22 begin at "And" | FRE 602, 702: Lack of foundation: witness has no personal knowledge and is neither qualified nor properly designated as an expert to testify about how an implanting physician makes risk/benefit decisions in using the device at issue. Further, FRE 106: the rule of optional completeness requires the answer (at line 125:16) if this excerpt is permitted because the question is designated without the witness's answer and gives the improper impression that the answer given at lines | The witness is testifying from her extensive personal experience. She was asked extensively about these issues by Plaintiff's counsel who apparently believed she had the pertinent background and experience to testify as to these issues -- otherwise, Plaintiff's counsel would not have asked. Defendants do not object to the inclusion of 125:16. | OVERRULED |

| | | 126:1 and following is an answer to the designated question, rather than line 16. | | |
|---|---|---|---|---|
| Schulz, Gin 01/30/2014 | 126:01-127:06 | (126:01-06): FRE 106: under the rule of optional completeness the jury should hear the question at lines 125:17-22 ( rather than the question at lines 125:11-15) since that is the actual question this witness is answering in the designated testimony. (Highlighted transcript includes lines 126:7-127:6, to which Plaintiffs have additional objections. Plaintiffs assume that this chart presents the correct intended designations). | Defendants do not object to the icnlusion of 125:17-22. Plaintiffs do not articulate what their "additional objections" are. | MOOT |
| Schulz, Gin 01/30/2014 | 147:20-149:21 | (147:20-149:21): Non-responsive. (147:20-150:13): (1) FRE 402, 403 - objection to evidence of FDA lack of enforcement for the reasons set forth in Plaintiff's Motion in Limine on this topic. (2) FRE 402, 403: objection to evidence of advocacy organization guidelines, for reasons stated in Plaintiff's Omnibus Motion in Limine; (3) FRE 602, 802: speculative & hearsay: witness lacks foundation to testify about FDA's intent/state of mind as to the SIR guidelines or as an expert on the legal | The witness is testifying from her extensive personal experience. She was asked extensively about these issues by Plaintiff's counsel who apparently believed she had the pertinent background and experience to testify as to these issues -- otherwise, Plaintiff's counsel would not have asked. Plaintiff's objection to this testimony on the basis that Ms. Schulz began with Bard in 2005 and the timeframe at issue is 2013 (Plaintiff errantly identifies the | SUSTAIN |

17

| | | | | |
|---|---|---|---|---|
| | | requirements established by FDA; to extent witness is reporting that FDA represented or acknowledged in meetings that SIR guidelines or Bard failure rates were acceptable, the testimony is inadmissible hearsay. (4) FRE 402, 403: testimony is irrelevant because the witness went to work at Bard in 2005 and did not explain when such meetings occurred, thus the testimony is not shown to pertain to the G2X filter or to the time frame at issue (2010), further, any probative value is outweighed by the danger of undue prejudice and confusion of the issues because (a) SIR has issued multiple guidelines and the testimony does not identify which ones were allegedly "acknowledged" or accepted by FDA. and (b) testimony implies that FDA found the failure rates for the G2X filter "to be acceptable," suggesting (improperly and without foundation) that FDA evaluated G2X filter for compliance with a Federal regulatory standard. | filter at issue in this case as the G2X and the germane time frame as 2010) runs counter to Plaintiff's own actions, as she has designated a significant amount of testimony from this and other witnesses regarding events and circumstances from the 2003-2005, etc. timeframe. Plaintiff cannot have it both ways. Either the pertinent time period is 2013, or both parties can present evidence from this earlier time period. Defendants incorporate their responses to Plaintiff's motions in limine. | |

| Schulz, Gin 01/30/2014 | 150:02-150:13 | Non-responsive. | The witness is testifying from her extensive personal experience. She was asked extensively about these issues by Plaintiff's counsel who apparently believed she had the pertinent background and experience to testify as to these issues -- otherwise, Plaintiff's counsel would not have asked. Plaintiff's objection to this testimony on the basis that Ms. Schulz began with Bard in 2005 and the timeframe at issue is 2013 (Plaintiff errantly identifies the filter at issue in this case as the G2X and the germane time frame as 2010) runs counter to Plaintiff's own actions, as she has designated a significant amount of testimony from this and other witnesses regarding events and circumstances from the 2003-2005, etc. timeframe. Plaintiff cannot have it both ways. Either the pertinent time period is 2013, or both parties can present evidence from this earlier time period. Defendants incorporate their responses to Plaintiff's motions in limine. | SUSTAIN |
|---|---|---|---|---|

| DEPON-ENT | PL COUNTERS | DEF OBJECTIONS | PL RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| Schulz, Gin 01/30/2014 | 150:22-151:01 | | | |
| Schulz, Gin 01/30/2014 | 109:22-110:01 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. This is not within the scope of Defendant's designations; this is not a "counter-designation." | Ms. Shultz was the VP of Quality assurance and is now the VP of Quality Operations for Bard. The testimony is clearly with in experience, her knowledge and the scope of responsibilities for Bard. Bard has used this witness to discuss complication rates and what should or should not be told to physicians about complications. See 148:01-150:13. This testimony is clearly within the scope of Bard's direct. Also the testimony concerns migration and Mrs. Johnson experience migration of her filter. The testimony is relevant and is not unfairly prejudicial | OVERRULED, but also already designated |
| Schulz, Gin 01/30/2014 | 110:04-110:14 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. This is not within the scope of Defendant's designations; this is not a "counter-designation." | Ms. Shultz was the VP of Quality assurance and is now the VP of Quality Operations for Bard. The testimony is clearly with in experience, her knowledge and the scope of responsibilities for Bard. Bard has used this witness to discuss | OVERRULED, but also already designated |

| | | | complication rates and what should or should not be told to physicians about complications. See 148:01-150:13. This testimony is clearly within the scope of Bard's direct. Also the testimony concerns perforation and fracture and Mrs. Johnson experience perforation and fracture of her filter. The testimony is relevant and is not unfairly prejudicial. | |
|---|---|---|---|---|

Accordingly, IT IS ORDERED that the parties' request for rulings on objections to certain designations is GRANTED, and the objections are sustained in part and overruled in part as provided above.

Entered this 5th day of June, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge