IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATALIE JOHNSON,

|  | | |
|---|---|---|
| Plaintiff, | | ORDER |
| v. | | |
| | | 19-cv-760-wmc |
| C.R. BARD INC. and BARD PERIPHERAL VASCULAR INC., | | |
| Defendants. | | |

---

Before the court is the parties' request for ruling on objections to certain deposition designations as to Scott Trerotola.

| DEPON-ENT | DEF AFFIRM | PL OBJECTIONS | DEF RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| | | Running Objection to Relevance & FRE 701: Plaintiff objects on grounds that this testimony is not relevant to this case, that this witness has no personal knowledge that is relevant to this case, and that this is an attempt to elicit expert opinions from a witness not designated as such in violation of FRE 701. Plaintiff makes his counter-designations in the event the court overrules his objections. | Bard's response to Plaintiffs "Running Objection to Relevance & RE 701": Plaintiff's running objection was over-ruled in the MDL, where the Court stated: "The Court overruled a number of objections to allegedly non-disclosed expert opinions because the questions generally were about the doctor's own practice and personal experience using IVC filters -- matters the Court regards as relevant factual evidence rather than expert opinion under Rule 702." | RESERVE as to any specific expert opinions beyond the scope of Dr. Trerotola's personal knowledge, otherwise OVERRULED |

|  |  |  | Furthermore, Dr. Trerotola was deposed in the MDL because of his work, over many years, with IVC filters and his studies of IVC filters, including Bard filters and because of the work he did directly with Bard as a consultant to it on IVC filters. Dr. Trerotola is the Chief or Interventional radiology at the Hospital of the University of Pennsylvania. His testimony is relevant to steps Bard took to obtain medical expert input on the design, use and warnings relating to its filters, as well as to what medical doctors utilizing filters knew at various times about filter indications and contraindications, filter retrieval and other filter related information. His testimony is based on his own personal knowledge through his experience as a medical doctor as to the indications for, complications associated with, implantation and retrieval of IVC filters. His testimony, elicited principally through questions by plaintiff's counsel, necessarily provides information based on his expertise with IVC filters but he is not a lay witness improperly offering |  |
| --- | --- | --- | --- | --- |

| | | | expert opinions rather he is a witness with fact information relevant to these cases. | |
|---|---|---|---|---|
| Trerotola, Scott 01/20/2017 | 5:24-6:04 | | | |
| Trerotola, Scott 01/20/2017 | 6:07-6:16 | | | |
| Trerotola, Scott 01/20/2017 | 9:24-10:03 | (9:25) Relevance & FRE 701 (10:01-10:03) Relevance & FRE 701 | (9:25 – 10:03) The witness is simply introducing himself and describing his background, and completing his answer to questions designated by Plaintiff immediately above. He is not giving expert opinion testimony. | OVERRULED |
| Trerotola, Scott 01/20/2017 | 16:04-16:07 | (16:04-16:07) Relevance | | SUSTAIN |
| Trerotola, Scott 01/20/2017 | 19:07-19:14 | (19:07-19:14) foundation, relevance & FRE 701 | | OVERRULED |
| Trerotola, Scott 01/20/2017 | 20:06-20:09 | (20:06-20:09) Relevance | (20:06-20:14) Dr. Trerotola was deposed at the insistence of Plaintiffs, in the MDL, because of his work over many years as a consultant to Bard on its IVC filters. This testimony involves his answering Plaintiff's counsel's question about the various IVC filters he has placed. The testimony is relevant to his experience as a medical doctor in the use | OVERRULED |

| | | | of IVC filters, and goes to his credibility as a witness. | |
|---|---|---|---|---|
| Trerotola, Scott 01/20/2017 | 22:24-23:06 | (22:24) Relevance (23:01-23:06) Relevance | (22:24 – 23:06) Dr. Trerotola was deposed at the insistence of Plaintiffs, in the MDL, because of his work over many years as a consultant to Bard on its IVC filters. In this testimony, the witness answers a question by Plaintiff's counsel about his experience and expectations relative to the use of IVC filters. The testimony is relevant to his experience as a medical doctor in the use of IVC filters, and goes to his credibility as a witness. | OVERRULED |
| Trerotola, Scott 01/20/2017 | 23:14-23:22 | (31:17-31:24) Relevance | | OVERRULED |
| Trerotola, Scott 01/20/2017 | 31:17-31:24 | | | OVERRULED (to the extent that plaintiff's objection in the previous designation was actually intended to apply to this designation) |

| | | | | |
|---|---|---|---|---|
| Trerotola, Scott 01/20/2017 | 53:23-54:12 | (54:06-54:12) Relevance & FRE 701, hearsay, foundation | (54:06-54:12) The testimony is relevant to his experience as a medical doctor in the use of IVC filters, and goes to his credibility as a witness. His testimony, elicited principally through questions by plaintiff's counsel, necessarily provides information based on his expertise with IVC filters but he is not a lay witness improperly offering expert opinions. The testimony is based on his own personal knowledge. | OVERRULED |
| Trerotola, Scott 01/20/2017 | 77:11-77:16 | (77:11-77:16) Relevance & FRE 701, foundation | The Plaintiff's object was overruled in the MDL. The testimony was allowed. (77:11-77:23) The testimony is relevant to his experience as a medical doctor in the use of IVC filters, and goes to his credibility as a witness. His testimony, elicited principally through questions by plaintiff's counsel, necessarily provides information based on his expertise with IVC filters but he is not a lay witness improperly offering expert opinions. The testimony is based on his own personal knowledge. | OVERRULED |
| Trerotola, Scott 01/20/2017 | 78:08-80:10 | (80:02-80:10) Relevance & FRE 701, foundation | (78:08-78:20) The testimony is relevant to his experience as a medical doctor in the use of IVC filters, and goes to his credibility as a | OVERRULED |

| | | | witness. His testimony, elicited principally through questions by plaintiff's counsel, necessarily provides information based on his expertise with IVC filters but he is not a lay witness improperly offering expert opinions. The testimony is based on his own personal knowledge. | |
|---|---|---|---|---|
| Trerotola, Scott 01/20/2017 | 83:16-83:18 | (83:16-83:18) Relevance & FRE 701 | (83:06-83:18) The testimony is relevant to his experience as a medical doctor in the use of IVC filters, and goes to his credibility as a witness. His testimony, elicited principally through questions by plaintiff's counsel, necessarily provides information based on his expertise with IVC filters but he is not a lay witness improperly offering expert opinions. The testimony is based on his own personal knowledge. | OVERRULED |
| Trerotola, Scott 01/20/2017 | 94:23-95:07 | (94:23-94:24) relevance, foundation, hearsay, FRE 701 | The Plaintiff's objection was overruled in the MDL. The testimony was allowed. (94:23-94:24) The testimony is relevant to his experience as a medical doctor in the use of IVC filters, and goes to his credibility as a witness. His testimony, elicited principally through questions by plaintiff's counsel, necessarily provides information based on his | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | | expertise with IVC filters but he is not a lay witness improperly offering expert opinions. The testimony is based on his own personal knowledge. | |
| Trerotola, Scott 01/20/2017 | 102:12-102:18 | (102:12-102:18) Relevance & FRE 701 | | OVERRULED |
| Trerotola, Scott 01/20/2017 | 107:02-107:08 | (102:12-102:18) Relevance & FRE 701 | | OVERRULED |
| Trerotola, Scott 01/20/2017 | 125:16-125:22 | (125:16-125:22) relevance, foundation, hearsay, FRE 701 | (125:01 – 125:07) The testimony is relevant to his experience as a medical doctor in the use of IVC filters, and goes to his credibility as a witness. His testimony, elicited principally through questions by plaintiff's counsel, necessarily provides information based on his expertise with IVC filters but he is not a lay witness improperly offering expert opinions. The testimony is based on his own personal knowledge. (125:16-125:24) The testimony is relevant to his experience as a medical doctor in the use of IVC filters, and goes to his credibility as a witness. His testimony, elicited principally through questions by plaintiff's counsel, necessarily provides information based on his expertise with IVC filters but he is not a lay witness | SUSTAIN |

| | | | improperly offering expert opinions. The testimony is based on his own personal knowledge. | |
|---|---|---|---|---|
| Trerotola, Scott 01/20/2017 | 125:24-126:05 | (125:24-126:05) relevance, foundation, hearsay, FRE 701 | (125:16-125:24) The testimony is relevant to his experience as a medical doctor in the use of IVC filters, and goes to his credibility as a witness. His testimony, elicited principally through questions by plaintiff's counsel, necessarily provides information based on his expertise with IVC filters but he is not a lay witness improperly offering expert opinions. The testimony is based on his own personal knowledge. (126:01-126:15) The testimony is relevant to his experience as a medical doctor in the use of IVC filters, and goes to his credibility as a witness. His testimony, elicited principally through questions by plaintiff's counsel, necessarily provides information based on his expertise with IVC filters but he is not a lay witness improperly offering expert opinions. The testimony is based on his own personal knowledge. | SUSTAIN |
| Trerotola, Scott 01/20/2017 | 126:07-126:15 | (126:01-126:15) relevance, foundation, hearsay, FRE 701 | (126:01-126:15) The testimony is relevant to his experience as a medical doctor in the use of IVC filters, and goes to | SUSTAIN |

| | | | | |
|---|---|---|---|---|
| | | | his credibility as a witness. His testimony, elicited principally through questions by plaintiff's counsel, necessarily provides information based on his expertise with IVC filters but he is not a lay witness improperly offering expert opinions. The testimony is based on his own personal knowledge. | |
| Trerotola, Scott 01/20/2017 | 177:05-177:23 | (177:05-177:23) relevance, foundation, hearsay, FRE 701 | The Plaintiff's object was overruled in the MDL. The testimony was allowed. (177:05-177:23) The testimony is relevant to his experience as a medical doctor in the use of IVC filters, and goes to his credibility as a witness. His testimony, elicited principally through questions by plaintiff's counsel, necessarily provides information based on his expertise with IVC filters but he is not a lay witness improperly offering expert opinions. The testimony is based on his own personal knowledge. | OVERRULED |

| | | | | |
|---|---|---|---|---|
| Trerotola, Scott 01/20/2017 | 178:20-179:03 | (178:20-178:24) relevance, foundation, hearsay, FRE 701, anecdotal/relevance (179:01-179:03) relevance, foundation, hearsay, FRE 701, anecdotal/relevance | The Plaintiff's object was overruled in the MDL. The testimony was allowed. (178:20-178:24) The testimony is relevant to his experience as a medical doctor in the use of IVC filters, and goes to his credibility as a witness. His testimony, elicited principally through questions by plaintiff's counsel, necessarily provides information based on his expertise with IVC filters but he is not a lay witness improperly offering expert opinions. The testimony is based on his own personal knowledge. (179:01-179:03) The testimony is relevant to his experience as a medical doctor in the use of IVC filters, and goes to his credibility as a witness. His testimony, elicited principally through questions by plaintiff's counsel, necessarily provides information based on his expertise with IVC filters but he is not a lay witness improperly offering expert opinions. The testimony is based on his own personal knowledge. | OVERRULED |
| | | | | |
| **DEPON-ENT** | **PL COUNTERS** | **DEF OBJECTIONS** | **PL RESPONSE TO OBJECTIONS** | **COURT RULING** |

| Trerotola, Scott 01/20/2017 | 8:03-9:23 | This is not a proper counter designation. It is not necessary for completeness. Plaintiff should have designated the testimony affirmatively. | Plaintiff does not understand the objection. The Plaintiff is not making an affirmative offer of the witness' testimony. He is a witness called at the insistence of Bard. The testimony is clearly relevant and admissible under FRE 611. The Plaintiff has not raised FRE 32(6) or FRE 106 as to optional completeness. The testimony is properly designated as cross or a counter designation in response to the testimony offered by Bard. Plaintiff will include the testimony in her cross/counter to the direct testimony offered by Bard at trial. | OVERRULED |
|---|---|---|---|---|
| Trerotola, Scott 01/20/2017 | 10:06-11:06 | This is not a proper counter designation. It is not necessary for completeness. Plaintiff should have designated the testimony affirmatively. | Plaintiff does not understand the objection. The Plaintiff is not making an affirmative offer of the witness' testimony. He is a witness called at the insistence of Bard. The testimony is clearly relevant and admissible under FRE 611. The Plaintiff has not raised FRE 32(6) or FRE 106 as to optional completeness. The testimony is properly designated as cross or a counter designation in response to the testimony offered by Bard. Plaintiff will include the testimony in her cross/counter to | OVERRULED |

| | | | the direct testimony offered by Bard at trial. | |
|---|---|---|---|---|
| Trerotola, Scott 01/20/2017 | 12:16-12:19 beginning with ""Do"" | Rules 601, 602, lack of foundation. The witness states "I don't think I am qualified to answer that question". 12:21 – 22 | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The lack of knowledge by this witness is relevant and probative. | SUSTAIN |
| Trerotola, Scott 01/20/2017 | 12:21-12:22 | | | |
| Trerotola, Scott 01/20/2017 | 14:01-14:03 | Rules 401 and 402 not relevant | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias | OVERRULED |

| | | | and credibility. This "fact witness'" contacts with Bard's counsel before testifying is relevant to his bias and credibility. | |
|---|---|---|---|---|
| Trerotola, Scott 01/20/2017 | 19:23-20:05 | | | |
| Trerotola, Scott 01/20/2017 | 21:17-21:22 | | | |
| Trerotola, Scott 01/20/2017 | 22:03-22:06 beginning with ""I speak"" | | | |
| Trerotola, Scott 01/20/2017 | 24:14-24:24 | (24:14-24:19) Rules 601, 602, lack of foundation. | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. | SUSTAIN |
| Trerotola, Scott 01/20/2017 | 25:19-25:21 | Rules 401, 402, 403. Irrelevant and any probative value outweighed by prejudicial effect. Not a counter to testimony designated. | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically | SUSTAIN |

| | | | | |
|---|---|---|---|---|
| | | | addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. | |
| Trerotola, Scott 01/20/2017 | 26:01-26:03 | Rules 401, 402, 403. Irrelevant and any probative value outweighed by prejudicial effect. Not a counter to testimony designated. | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. | SUSTAIN |
| Trerotola, Scott 01/20/2017 | 26:05-26:06 | Rules 601, 602, lack of foundation. Rules 401, 402, 403. Irrelevant and any probative value outweighed by prejudicial effect. | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The | SUSTAIN |

| | | | testimony is relevant and probative. | |
|---|---|---|---|---|
| Trerotola, Scott 01/20/2017 | 26:13-26:22 | (26:19 – 26:21) Rules 601, 602, lack of foundation. Rules 401, 402, 403. Irrelevant and any probative value outweighed by prejudicial effect. Not a counter to testimony designated | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. | SUSTAIN |
| Trerotola, Scott 01/20/2017 | 27:02-27:04 | Rules 401, 402, 403. Irrelevant and any probative value outweighed by prejudicial effect. Not a counter to testimony designated. | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. | SUSTAIN |

15

| | | | | |
|---|---|---|---|---|
| Trerotola, Scott 01/20/2017 | 27:14-27:21 | Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. Not a counter to testimony designated | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. | OVERRULED |
| Trerotola, Scott 01/20/2017 | 28:10-28:19 | Rules 401, 402, 403. Irrelevant and any probative value outweighed by prejudicial effect. Not a counter to testimony designated | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. Bard specifically addresses this issue at 1:17-31:24. | OVERRULED |
| Trerotola, Scott 01/20/2017 | 29:23-30:03 | Rules 401, 402, 403. Irrelevant and any probative value outweighed by prejudicial effect. Not a counter to testimony designated. | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his | OVERRULED |

16

| | | | | |
|---|---|---|---|---|
| | | | testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. Bard specifically addresses this issue at 31:17-31:24. | |
| Trerotola, Scott 01/20/2017 | 35:13-35:19 | | | |
| Trerotola, Scott 01/20/2017 | 36:04-37:04 | | | |
| Trerotola, Scott 01/20/2017 | 37:09-38:10 | | | |
| Trerotola, Scott 01/20/2017 | 40:16-41:11 | | | |
| Trerotola, Scott 01/20/2017 | 41:24-42:05 | | | |
| Trerotola, Scott 01/20/2017 | 42:19-43:08 | | | |
| Trerotola, Scott 01/20/2017 | 45:12-45:22 | | | |
| Trerotola, Scott 01/20/2017 | 46:09-46:11 | | | |

| | | | | |
|---|---|---|---|---|
| Trerotola, Scott 01/20/2017 | 48:14-48:23 | | | |
| Trerotola, Scott 01/20/2017 | 49:20-50:03 | | | |
| Trerotola, Scott 01/20/2017 | 52:07-52:11 | Rules 401, 402, 403. Irrelevant and any probative value outweighed by prejudicial effect. Not a counter to testimony designated. | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. Bard specifically addresses this issue at 53:23-54:12. | OVERRULED |
| Trerotola, Scott 01/20/2017 | 52:21-53:01 | | | |
| Trerotola, Scott 01/20/2017 | 55:22-55:24 | | | |
| Trerotola, Scott 01/20/2017 | 57:06-57:14 | | | |
| Trerotola, Scott 01/20/2017 | 58:10-58:17 | Rules 401, 402 and 403 not relevant and not a counter to prior testimony | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | | IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. B | |
| Trerotola, Scott 01/20/2017 | 59:09-59:17 | Rules 401, 402 and 403 not relevant and not a counter to prior testimony | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. | OVERRULED |
| Trerotola, Scott 01/20/2017 | 63:18-63:24 | | | |
| Trerotola, Scott 01/20/2017 | 74:24-76:05 | | | |
| Trerotola, Scott 01/20/2017 | 79:10-79:17 | | | |
| Trerotola, Scott 01/20/2017 | 80:11-80:22 | | | |

| | | | | |
|---|---|---|---|---|
| Trerotola, Scott 01/20/2017 | 84:21-85:19 | Rules 401 & 402 – Irrelevant. Testimony does not involve filter/product at issue. | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. Bard specifically references the witness' knowledge and use of the G2 filter at 53:23-54:12, 95:18-95:19, 125:16-126:05, 177:05-177:23. | OVERRULED |
| Trerotola, Scott 01/20/2017 | 86:09-86:24 | Rules 401 & 402 – Irrelevant. Testimony does not involve filter/product at issue. | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. | OVERRULED |

| Trerotola, Scott 01/20/2017 | 87:04-87:06 | Rules 401 & 402 – Irrelevant. Testimony does not involve filter/product at issue. | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. | OVERRULED |
| --- | --- | --- | --- | --- |
| Trerotola, Scott 01/20/2017 | 87:14-88:06 | Rules 401 & 402 – Irrelevant. Testimony does not involve filter/product at issue. | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. | OVERRULED |
| Trerotola, Scott 01/20/2017 | 92:01-92:12 | Rules 401 & 402 – Irrelevant. Testimony does not involve filter/product at issue. | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a | OVERRULED |

| | | | consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. | |
|---|---|---|---|---|
| Trerotola, Scott 01/20/2017 | 92:17-93:03 | Rules 401 & 402 – Irrelevant. Testimony does not involve filter/product at issue. | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. | OVERRULED |
| Trerotola, Scott 01/20/2017 | 93:08-93:11 | Rules 401 & 402 – Irrelevant. Testimony does not involve filter/product at issue. | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. Bard | OVERRULED |

| | | | specifically references the witness' knowledge and use of the Recovery filter at 53:23-54:12, 125:16-126:05. | |
|---|---|---|---|---|
| Trerotola, Scott 01/20/2017 | 98:16-99:07 | | | |
| Trerotola, Scott 01/20/2017 | 99:15-99:21 | | | |
| Trerotola, Scott 01/20/2017 | 103:18-104:03 | | | |
| Trerotola, Scott 01/20/2017 | 105:12-105:17 | | | |
| Trerotola, Scott 01/20/2017 | 107:13-108:02 | | | |
| Trerotola, Scott 01/20/2017 | 108:10-108:12 | | | |
| Trerotola, Scott 01/20/2017 | 108:18-108:23 | | | |
| Trerotola, Scott 01/20/2017 | 121:20-122:04 | Rules 601, 602, lack of foundation. | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff | SUSTAIN |

| | | | | |
|---|---|---|---|---|
| | | | is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative.<br>The Federal Rules of Evidence do not prohibit a party from questioning witnesses about admissible documents the witness does not recall having seen before. "Personal knowledge of a fact 'is not an absolute' to Rule 602's foundational requirement . . . .", United States v. Cuti, 702 F.3d. 453, 459 (2nd Cir. 2013). . "What if you had known " questions are acceptable. Id., 459 (2nd Cir. 2013). | |
| Trerotola, Scott 01/20/2017 | 123:18-123:21 beginning with ""You"" | | | |
| Trerotola, Scott 01/20/2017 | 124:07-124:17 | Rules 401, 402 and 403. Not relevant | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. The testimony | OVERRULED |

| | | | is very relevant to the failure to warn issues and Bard negligence. | |
|---|---|---|---|---|
| Trerotola, Scott 01/20/2017 | 133:05-133:13 | | | |
| Trerotola, Scott 01/20/2017 | 134:24-135:11 | | | |
| Trerotola, Scott 01/20/2017 | 137:04-137:11 | Rules 401 & 402 – Irrelevant. Testimony does not involve filter/product at issue. | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. Bard specifically references the witness' knowledge and use of the Recovery filter at 53:23-54:12, 125:16-126:05 | OVERRULED |
| Trerotola, Scott 01/20/2017 | 138:07-138:10 | Rules 401, 402, 403. Irrelevant and any probative value outweighed by prejudicial effect. Not a counter to testimony designated. | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically | OVERRULED |

25

| | | | | |
|---|---|---|---|---|
| | | | addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. Bard specifically references the witness' knowledge and use of the Recovery filter at 53:23-54:12, 125:16-126:05 | |
| Trerotola, Scott 01/20/2017 | 141:20-142:22 | Rules 401, 402, 403, testimony does not relate to the filter at issue, probative value outweighed by prejudicial effect. | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. Bard specifically references the witness' knowledge and use of the G2 filter at 53:23-54:12, 95:18-95:19, 125:16-126:05, 177:05-177:23.  The fact his is so close to Bard that he is privy to information that is not generally available to other physicians is relevant to his bias and credibility and the failure | OVERRULED |

26

| | | | to warn issues. The testimony is not unfairly prejudicial. | |
|---|---|---|---|---|
| Trerotola, Scott 01/20/2017 | 145:09-145:12 | Rules 601, 602, lack of foundation. Rules 401, 402, 403, testimony does not relate to the filter at issue, probative value outweighed by prejudicial effect. | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. Bard specifically references the witness' knowledge and use of the G2 filter at 53:23-54:12, 95:18-95:19, 125:16-126:05, 177:05-177:23. The fact his is so close to Bard that he is privy to information that is not generally available to other physicians is relevant to his bias and credibility and the failure to warn issues. The testimony is not unfairly prejudicial. | OVERRULED |

| Trerotola, Scott 01/20/2017 | 145:15-145:17 | Rules 601, 602, lack of foundation. Rules 401, 402, 403, testimony does not relate to the filter at issue, probative value outweighed by prejudicial effect. | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. Bard specifically references the witness' knowledge and use of the G2 filter at 53:23-54:12, 95:18-95:19, 125:16-126:05, 177:05-177:23. The fact his is so close to Bard that he is privy to information that is not generally available to other physicians is relevant to his bias and credibility and the failure to warn issues. The testimony is not unfairly prejudicial. | OVERRULED |
| Trerotola, Scott 01/20/2017 | 145:19-145:24 | Rules 601, 602, lack of foundation. Rules 401, 402, 403, testimony does not relate to the filter at issue, probative value outweighed by prejudicial effect. | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff | OVERRULED |

| | | | is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. Bard specifically references the witness' knowledge and use of the G2 filter at 53:23-54:12, 95:18-95:19, 125:16-126:05, 177:05-177:23. The fact his is so close to Bard that he is privy to information that is not generally available to other physicians is relevant to his bias and credibility and the failure to warn issues. The testimony is not unfairly prejudicial. | |
| Trerotola, Scott 01/20/2017 | 147:14-148:06 | Rules 401, 402, 403, testimony does not relate to the filter at issue, probative value outweighed by prejudicial effect. Subject to objection, Bard counters 148: 14 – 19 | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. Bard specifically references the witness' knowledge and use of the G2 filter at 53:23-54:12, 95:18-95:19, 125:16-126:05, 177:05-177:23. The fact | OVERRULED |

| | | | his is so close to Bard that he is privy to information that is not generally available to other physicians is relevant to his bias and credibility and the failure to warn issues. The testimony is not unfairly prejudicial. | |
|---|---|---|---|---|
| Trerotola, Scott 01/20/2017 | 153:17-155:03 | Rules 401, 402, 403, testimony does not relate to the filter at issue, probative value outweighed by prejudicial effect. Subject to objection, Bard counters 155:4 – 9, and 167: 15 – 22, 168: 1 – 16. | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. Bard specifically references the witness' knowledge and use of the G2 filter at 53:23-54:12, 95:18-95:19, 125:16-126:05, 177:05-177:23. The fact his is so close to Bard that he is privy to information that is not generally available to other physicians is relevant to his bias and credibility and the failure to warn issues. The testimony is not unfairly prejudicial. The added lines requested are not | OVERRULED |

| | | | proper "optional completeness requests" | |
|---|---|---|---|---|
| Trerotola, Scott 01/20/2017 | 157:09-157:21 | | | |
| Trerotola, Scott 01/20/2017 | 160:09-161:05 | | | |
| Trerotola, Scott 01/20/2017 | 165:07-165:16 | (165:17 – 165:20) Attorney colloquy should be withdrawn. | Plaintiff will remove 165:17-165:20 | MOOT |
| Trerotola, Scott 01/20/2017 | 165:21-167:14 | (165:17 – 165:20) Attorney colloquy should be withdrawn. | Plaintiff will remove 165:17-165:20 | MOOT |
| Trerotola, Scott 01/20/2017 | 172:13-174:11 | Rules 401, 402, the document shown to the witness relates to a filter and/or complication mode not at issues in this case, probative value is outweighed by prejudicial effect. Rules 601, 602, lack of foundation. The witness is shown a document he has never seen, he did not author, he does not know the author or recipient of the document and it asked to interpret what the author meant by the document. | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. Bard specifically references the witness' knowledge and | OVERRULED |

| | | | use of the G2 filter at 53:23-54:12, 95:18-95:19, 125:16-126:05, 177:05-177:23. In fact he is so close to Bard that he is privy to information that is not generally available to other physicians. This inquiry as to whether Bard shared negative information about it filters with him is relevant to his bias and credibility and the failure to warn issues. It also relates to Bard's negligent conduct. The testimony is not unfairly prejudicial. The Federal Rules of Evidence do not prohibit a party from questioning witnesses about admissible documents the witness does not recall having seen before. "Personal knowledge of a fact 'is not an absolute' to Rule 602's foundational requirement . . . .", United States v. Cuti, 702 F.3d. 453, 459 (2nd Cir. 2013). . "What if you had known " questions are acceptable. Id., 459 (2nd Cir. 2013). | |
|---|---|---|---|---|
| Trerotola, Scott 01/20/2017 | 174:13-175:13 | Rules 401, 402, the document shown to the witness relates to a filter and/or complication mode not at issues in this case, probative value is outweighed by prejudicial effect. Rules 601, 602, lack of foundation. The witness is shown a document he has never | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its | OVERRULED |

| | | seen, he did not author, he does not know the author or recipient of the document and it asked to interpret what the author meant by the document. | IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. Bard specifically references the witness' knowledge and use of the G2 filter at 53:23-54:12, 95:18-95:19, 125:16-126:05, 177:05-177:23. In fact he is so close to Bard that he is privy to information that is not generally available to other physicians. This inquiry as to whether Bard shared negative information about it filters with him is relevant to his bias and credibility and the failure to warn issues. It also relates to Bard's negligent conduct. The testimony is not unfairly prejudicial. The Federal Rules of Evidence do not prohibit a party from questioning witnesses about admissible documents the witness does not recall having seen before. "Personal knowledge of a fact 'is not an absolute' to Rule 602's foundational requirement . . . .", United States v. Cuti, 702 F.3d. 453, 459 (2nd Cir. 2013). . "What if you had known " questions are acceptable. Id., 459 (2nd Cir. 2013). | |
|---|---|---|---|---|

| Trerotola, Scott 01/20/2017 | 175:15-175:24 | Rules 401, 402, the document shown to the witness relates to a filter and/or complication mode not at issues in this case, probative value is outweighed by prejudicial effect. Rules 601, 602, lack of foundation. The witness is shown a document he has never seen, he did not author, he does not know the author or recipient of the document and it asked to interpret what the author meant by the document. | Bard has consistently argued in support of the admissibility of this witness' testimony that he is a medical doctor experienced in the use of IVC filter and his testimony specifically addresses his work as a consultant with and for Bard with regard to its IVC filters. The Plaintiff is entitled to test the depth of that knowledge and to challenge his bias and credibility. The testimony is relevant and probative. Bard specifically references the witness' knowledge and use of the G2 filter at 53:23-54:12, 95:18-95:19, 125:16-126:05, 177:05-177:23. In fact he is so close to Bard that he is privy to information that is not generally available to other physicians. This inquiry as to whether Bard shared negative information about it filters with him is relevant to his bias and credibility and the failure to warn issues. It also relates to Bard's negligent conduct. The testimony is not unfairly prejudicial. The Federal Rules of Evidence do not prohibit a party from questioning witnesses about admissible documents the witness does not recall having seen before. "Personal knowledge of a | OVERRULED |

| | | | fact 'is not an absolute' to Rule 602's foundational requirement . . . .", United States v. Cuti, 702 F.3d. 453, 459 (2nd Cir. 2013). . "What if you had known " questions are acceptable. Id., 459 (2nd Cir. 2013). | |
|---|---|---|---|---|
| Trerotola, Scott 01/20/2017 | 203:24-204:04 | | | |
| Trerotola, Scott 01/20/2017 | 204:06-204:14 | | | |
| Trerotola, Scott 01/20/2017 | 204:16-204:17 | | | |
| | | | | |
| **DEPON-ENT** | **DEF COUNTERS TO COUNTERS** | **PL OBJECTIONS** | **DEF RESPONSE TO OBJECTIONS** | **COURT RULING** |
| Trerotola, Scott 01/20/2017 | 79:18-80:01 | FRE 403 – this testimony is in Bard's direct examination of this from this witness and to relay it would be unnecessarily cumulative, misleading and unfairly prejudicial as it would be an attempt reinforce the testimony in the jurors' minds. | | OVERRULED |
| Trerotola, Scott 01/20/2017 | 132:16-132:22 | FRE 401, 402, 403 & 611 – the testimony is completely out of context and is not relevant or probative. The testimony is confusing and likely to | | SUSTAIN |

| | | | | |
|---|---|---|---|---|
| | | mislead. The testimony exceeds the scope of the Plaintiff's cross.I | | |
| Trerotola, Scott 01/20/2017 | 137:12-137:18 | FRCP 32(6) and FRE 106 – Optional completeness in fairness the remainder to the line of questioning should be included 137:19-138:01 as the Plaintiff will not be able to correct the omission on "re-cross". | | OVERRULED |
| Trerotola, Scott 01/20/2017 | 138:11-138:17 | | | |
| Trerotola, Scott 01/20/2017 | 148:14-148:19 | FRCP 32(6) and FRE 106 – Optional completeness in fairness the remainder to the line of questioning should be included 148:20-149:15 as the Plaintiff will not be able to correct the omission on "re-cross". | | OVERRULED |
| Trerotola, Scott 01/20/2017 | 155:04-155:09 | | | |
| Trerotola, Scott 01/20/2017 | 167:15-167:22 | | | |
| Trerotola, Scott 01/20/2017 | 168:01-168:16 | | | |

Accordingly, IT IS ORDERED that the parties' request for rulings on objections to certain designations is GRANTED, and the objections are sustained in part and overruled in part as provided above.

Entered this 6th day of June, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge