IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATALIE JOHNSON,

|  | | |
|---|---|---|
| | Plaintiff, | ORDER |
| v. | | |
| | | 19-cv-760-wmc |
| C.R. BARD INC. and BARD PERIPHERAL VASCULAR INC., | | |
| | Defendants. | |

---

Before the court is the parties' request for ruling on objections to certain deposition designations as to David Garcia.

| DEPON-ENT | PL AFFIRM | DEF OBJECTIONS | PL RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| | | Defendants object to this this testimony in its entirety. | The testimony is directly relevent to the issues of risk/benefit therefore the claims of a design defect and Bard's negligence. | OVERRULED |
| Garcia, David 06/18/2020 | 11:12-11:17 | | | |
| Garcia, David 06/18/2020 | 15:24-16:05 beginning with "And your" | | | |
| Garcia, David 06/18/2020 | 16:22-17:01 beginning | | | |

1

| | with "And where" | | | |
|---|---|---|---|---|
| Garcia, David 06/18/2020 | 18:20-19:03 | | | |
| Garcia, David 06/18/2020 | 19:18-20:07 | | | |
| Garcia, David 06/18/2020 | 20:09-20:15 | | | |
| Garcia, David 06/18/2020 | 21:05-21:13 | | | |
| Garcia, David 06/18/2020 | 22:02-23:07 beginning with "Just Briefly" | | | |
| Garcia, David 06/18/2020 | 23:08-23:16 | | | |
| Garcia, David 06/18/2020 | 23:17-24:07 | | | |
| Garcia, David 06/18/2020 | 25:05-25:14 | | | |
| Garcia, David 06/18/2020 | 25:24-26:18 | | | |
| Garcia, David 06/18/2020 | 26:16-29:01 | | | STRIKE 26:16-26:21 |

| | | | | |
|---|---|---|---|---|
| Garcia, David 06/18/2020 | 29:07-29:12 | | | |
| Garcia, David 06/18/2020 | 31:01-32:23 | | | |
| Garcia, David 06/18/2020 | 33:22-34:02 | | | |
| Garcia, David 06/18/2020 | 35:12-36:18 | | | |
| Garcia, David 06/18/2020 | 37:05-37:11 | | | |
| Garcia, David 06/18/2020 | 40:15-40:22 | | | |
| Garcia, David 06/18/2020 | 41:03-41:06 | | | |
| Garcia, David 06/18/2020 | 42:04-42:08 | Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. | OVERRULED (see court's ruling on defendants' sixth motion in limine) |
| Garcia, David 06/18/2020 | 42:21-45:15 | (42:21-46:11) Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. | Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | Garcia's expert report in the MDL. | provided well before this preservation deposition. | |
| Garcia, David 06/18/2020 | 45:16-46:11 | (42:21-46:11) Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. | OVERRULED |
| Garcia, David 06/18/2020 | 46:12-46:12 | | | |
| Garcia, David 06/18/2020 | 46:13-47:13 | | | |
| Garcia, David 06/18/2020 | 51:03-51:07 | (51:18-57:25) Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. | OVERRULED |
| Garcia, David 06/18/2020 | 51:21-57:25 | (51:18-57:25) Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. | OVERRULED |

| Garcia, David 06/18/2020 | 58:03-59:01 beginning with "Is a" | Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. | OVERRULED |
|---|---|---|---|---|
| Garcia, David 06/18/2020 | 60:18-61:21 | (60:18-61:21) Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. | OVERRULED |
| Garcia, David 06/18/2020 | 62:14-64:14 | (63:21-65:03) Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. | OVERRULED |
| Garcia, David 06/18/2020 | 64:20-65:03 | (63:21-65:03) Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. | OVERRULED |

| Garcia, David 06/18/2020 | 66:05-66:24 | (66:29 - 66:24) Defendants object on the basis of Rules 401, 402, and 403. Medical literature from 2017, 2018, etc., has no relevance on Plaintiff's claims in this case. (Expert references the specific literature he is referring to at 71:1-3; they are 2017 and 2018 articles.) Any purported relevance, which is denied, is outweighed by the prejudice and confusion caused by introduction of this literature, as the body of medical literature is constantly evolving and growing, and there are many articles on both sides of this efficacy debate. Injection of these articles significantly expands the scope of evidence at this trial, while obfuscating the facts that are actually relevant to Plaintiff's claims. Any relevance, which is denied, is outweighed by prejudice and confusion. | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. | OVERRULED. The studies were disclosed during the deposition, and so defendants have been on notice of the evidence for almost a year. |
|---|---|---|---|---|
| Garcia, David 06/18/2020 | 68:25-69:20 | Same objection as stated in response to Pg. 66. Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not | 1. Witness fully disclosed his opinions timely and updataed his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | disclosed in Dr. Garcia's expert report in the MDL. | provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. | |
| Garcia, David 06/18/2020 | 70:07-70:12 | Same objection as stated in response to Pg. 66. | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. | OVERRULED |
| Garcia, David 06/18/2020 | 70:20-71:11 | Same objection as stated in response to Pg. 66. | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. | OVERRULED |
| Garcia, David 06/18/2020 | 72:01-72:07 | Same objection as stated in response to Pg. 66. | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature | OVERRULED |

| | | | regarding efficacy of filters is relevant to whether or not filters are efficacious. | |
|---|---|---|---|---|
| Garcia, David 06/18/2020 | 72:23-73:11 | Same objection as stated in response to Pg. 66. | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. | OVERRULED |
| Garcia, David 06/18/2020 | 74:11-75:03 | Same objection as stated in response to Pg. 66. (74:25-3) Rule 611(c) Leading question of witness on direct | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. | OVERRULED |
| Garcia, David 06/18/2020 | 75:08-77:01 | Same objection as stated in response to Pg. 66. (75:8-10) Rule 611(c) Leading question of witness on direct. (76:18 - 77:1) Leading question of witness on direct, compound question, counsel is testifying, Rule 704 Witness is offering opinion on | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | ultimate issue in the case. | relevant to whether or not filters are efficacious. | |
| Garcia, David 06/18/2020 | 77:04-78:20 | Same objection as stated in response to Pg. 66. Rule 611(c) Leading question of witness on direct, compound question, counsel is testifying, Rule 704 Witness is offering opinion on ultimate issue in the case. (78:05-78:20) Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This case does not involve the Recovery Filter. | 1. Whether the product is efficacious (whether it works/saves lives) is relevant to the case and the evaluation of risk/benefit. There is no evidence that the filter is efficacious and this world renowned reseracher is setting our the basis for those opinions. This goes to liability for actual damages not punitive damages. The Recovery filter is the initial predicate product for the G2 line of filters which includes the Meridian. 2. The Recovery filter's efficacy or lack thereof is relevant to this Meridian filter because it was during the Recovery evaluation that Bard conducted an analysis as to whether any filter had proven efficacy. Dr. Garcia's testimony is that there has not been since the Recovery and other filter efficacy was studied internally and by its consultants at that time, there have been no randomized controlled trials and therefore no high quality evidence of efficacy in this filter either based on the facts starting with the Recovery. 3. All failure modes are at issue because the jury will be deciding the risk/benefit and that is as to all risks-- as it is all risks upon which the doctors base their decision to | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | | implant.4. Witness fully disclosed his opinions timely and updasted his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. | |
| Garcia, David 06/18/2020 | 79:14-80:14 | Same objection as stated in response to Pg. 66. Rule 611(c) counsel is testifying (80:8-14), Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | 1. Witness fully disclosed his opinions timely and updasted his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. | OVERRULED |
| Garcia, David 06/18/2020 | 81:24-82:12 | Same objection as stated in response to Pg. 66. Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | 1. Witness fully disclosed his opinions timely and updasted his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is | OVERRULED |

| | | | relevant to whether or not filters are efficacious. | |
|---|---|---|---|---|
| Garcia, David 06/18/2020 | 87:01-87:03 | 402/403: Irrelevant and unfairly prejudicial. Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | 1. Witness fully disclosed his opinions timely and updapted his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. | OVERRULED |
| Garcia, David 06/18/2020 | 87:04-88:19 | 402/403: Irrelevant and unfairly prejudicial. Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | 1. Witness fully disclosed his opinions timely and updapted his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. | OVERRULED |
| Garcia, David 06/18/2020 | 88:20-88:21 | (88:20 - 89:06) Counsel is testifying Rule 611, compound question, leading. | 1. Witness fully disclosed his opinions timely and updapted his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is | OVERRULED |

| | | | relevant to whether or not filters are efficacious. | |
|---|---|---|---|---|
| Garcia, David 06/18/2020 | 88:22-89:06 | (88:20 - 89:06) Counsel is testifying Rule 611, compound question, leading. | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. | OVERRULED |
| Garcia, David 06/18/2020 | 89:10-90:06 | Rule 611(c) Leading question of witness on direct. Rules 401, 402, 403. Irrelevant and unfairly prejudicial. Counsel is testifying Rule 611, compound question, leading. Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. | OVERRULED |
| Garcia, David 06/18/2020 | 90:08-92:17 | (90:08 - 91:17) Same objection as stated in response to Pg. 66. 91:25-92:17: 402/403; questions and answers relate to whether RCTs have been conducted with filters other than | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. 2. Of | OVERRULED |

| | | one at issue in this case (Meridian) | course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. | |
|---|---|---|---|---|
| Garcia, David 06/18/2020 | 92:20-93:04 | 402/403; questions and answers relate to whether RCTs have been conducted with filters other than one at issue in this case (Meridian) | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. | OVERRULED |
| Garcia, David 06/18/2020 | 94:11-94:22 | 402/403; questions and answers relate to whether it is possible to conduct an RCT with filters other than one at issue in this case (Meridian) | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. | OVERRULED |
| Garcia, David 06/18/2020 | 95:02-95:07 | 402/403; questions and answers relate to whether it is possible to conduct an RCT with filters other than one at issue in this case (Meridian) | | OVERRULED |
| Garcia, David 06/18/2020 | 95:11-95:14 | Rule 611(c) Leading question of witness on direct. Question is compound, vague, and | This is a non leading question and the answer is relevant. The witness testifies that an | OVERRULED |

13

| | | non-sensical. Answer is cut off and unclear. | RCT could have been performed on the Meridian. | |
|---|---|---|---|---|
| Garcia, David 06/18/2020 | 96:04-98:02 | (96:10 - 98:2) Same objection as stated in response to Pg. 66. Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. | OVERRULED |
| Garcia, David 06/18/2020 | 98:15-100:15 | (98:15 - 100:18) Same objection as stated in response to Pg. 66. Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. | OVERRULED |
| Garcia, David 06/18/2020 | 102:09-103:03 | Same objection as stated in response to Pg. 66. (102:10-25): question calls for narrative; it relates to immediately preceding testimony, which was not designated. Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report | 1. Witness fully disclosed his opinions timely and updasted his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | in the MDL.<br><br>103:1-3: testimony relates to whether RCT exists for filters not at issue in this case (Meridian is filter at issue). | | |
| Garcia, David 06/18/2020 | 103:07-103:14 | Testimony relates to whether RCT exists for filters not at issue in this case (Meridian is filter at issue). Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | 1. Witness fully disclosed his opinions timely and updasted his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. | OVERRULED, and ADD 103:15-103:17 for completeness |
| Garcia, David 06/18/2020 | 114:25-116:05 | Designation starts with an answer with no question designated (114:25). These opinions and subject matter was not properly and timely disclosed by the witness in his MDL report and, pursuant to the procedure and rules employed by Judge Campbell, should not be admissible. (115:16 - 116:5) Leading. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by | 1. Whether the product is efficacious (whether it works/saves lives) is relevant to the case and the evaluation of risk/benefit. There is no evidence that the filter is efficacious and this world renowned reseracher is setting our the basis for those opinions. This goes to liability for actual damages not punitive damages. The Recovery filter is the initial predicate product for the G2 line of filters which includes the Meridian. 2. The Recovery filter's efficacy or lack thereof is relevant to this Meridian filter because it was during the Recovery evaluation that Bard conducted an analysis as to whether any filter had proven | OVERRULED, and ADD 114:18-:114-21 for completeness |

| | | | | |
|---|---|---|---|---|
| | | prejudicial effect. HHE discussed relates to Recovery Filter and is dated almost 9 years before Plaintiff received her Meridian Filter. Whether Bard conducted a risk-benefit analysis about another filter (the Recovery) almost 9 years before Plaintiff received her filter is irrelevant, prejudicial, and would be confusing and waste of time. Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | efficacy. Dr. Garcia's testimony is that there has not been since the Recovery and other filter efficacy was studied internally and by its consultants at that time, there have been no randomized controlled trials and therefore no high quality evidence of efficacy in this filter either based on the facts starting with the Recovery. 3. All failure modes are at issue because the jury will be deciding the risk/benefit and that is as to all risks-- as it is all risks upon which the doctors base their decision to implant.4. Witness fully disclosed his opinions timely and updasted his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. | |
| Garcia, David 06/18/2020 | 116:19-116:23 | 611 -- designation is portion of question without any answer; 402/403 -- question is not evidence and thus is not relevant; any potential probative value is substantailly outweighed by prejudice and waste of time, given only question (no answer) is included. Designation references complaints of death (116:23), which violates MIL No. 1. | 1. Whether the product is efficacious (whether it works/saves lives) is relevant to the case and the evaluation of risk/benefit. There is no evidence that the filter is efficacious and this world renowned reseracher is setting our the basis for those opinions. This goes to liability for actual damages not punitive damages. The Recovery filter is the initial predicate product for the G2 line of filters which includes the Meridian. 2. The Recovery filter's efficacy or | SUSTAIN |

| | | (402/403 -- any potential probative value is substantially outweighed by prejudice.) | lack thereof is relevant to this Meridian filter because it was during the Recovery evaluation that Bard conducted an analysis as to whether any filter had proven efficacy. Dr. Garcia's testimony is that there has not been since the Recovery and other filter efficacy was studied internally and by its consultants at that time, there have been no randomized controlled trials and therefore no high quality evidence of efficacy in this filter either based on the facts starting with the Recovery. 3. All failure modes are at issue because the jury will be deciding the risk/benefit and that is as to all risks-- as it is all risks upon which the doctors base their decision to implant.4. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. | |
| Garcia, David 06/18/2020 | 116:24-116:25 | 611 -- designation is portion of question without any answer; 402/403 -- question is not evidence and thus is not relevant; any potential probative value is substantailly outweighed by prejudice and waste of time, given only | 1. Whether the product is efficacious (whether it works/saves lives) is relevant to the case and the evaluation of risk/benefit. There is no evidence that the filter is efficacious and this world renowned reseracher is setting our the basis for those opinions. This goes to liability for actual damages not | SUSTAIN |

| | | question (no answer) is included. | punitive damages. The Recovery filter is the initial predicate product for the G2 line of filters which includes the Meridian. 2. The Recovery filter's efficacy or lack thereof is relevant to this Meridian filter because it was during the Recovery evaluation that Bard conducted an analysis as to whether any filter had proven efficacy. Dr. Garcia's testimony is that there has not been since the Recovery and other filter efficacy was studied internally and by its consultants at that time, there have been no randomized controlled trials and therefore no high quality evidence of efficacy in this filter either based on the facts starting with the Recovery. 3. All failure modes are at issue because the jury will be deciding the risk/benefit and that is as to all risks-- as it is all risks upon which the doctors base their decision to implant.4. Witness fully disclosed his opinions timely and updasted his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. | |
| --- | --- | --- | --- | --- |

| Garcia, David 06/18/2020 | 120:08-120:13 | Rule 611: designated answer with no question. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. HHE discussed relates to Recovery Filter and is dated almost 9 years before Plaintiff received her Meridian Filter. Quality of "existing" literature about another filter (the Recovery) almost 9 years before Plaintiff received her filter is irrelevant, prejudicial, and would be confusing and waste of time. | 1. Whether the product is efficacious (whether it works/saves lives) is relevant to the case and the evaluation of risk/benefit. There is no evidence that the filter is efficacious and this world renowned reseracher is setting our the basis for those opinions. This goes to liability for actual damages not punitive damages. The Recovery filter is the initial predicate product for the G2 line of filters which includes the Meridian. 2. The Recovery filter's efficacy or lack thereof is relevant to this Meridian filter because it was during the Recovery evaluation that Bard conducted an analysis as to whether any filter had proven efficacy. Dr. Garcia's testimony is that there has not been since the Recovery and other filter efficacy was studied internally and by its consultants at that time, there have been no randomized controlled trials and therefore no high quality evidence of efficacy in this filter either based on the facts starting with the Recovery. 3. All failure modes are at issue because the jury will be deciding the risk/benefit and that is as to all risks-- as it is all risks upon which the doctors base their decision to implant.4. Witness fully disclosed his opinions timely and updasted his opinions in accordance with the MDL orders on new data such as | SUSTAIN |

| | | | new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. | |
|---|---|---|---|---|
| Garcia, David 06/18/2020 | 124:21-125:22 | 402/403 -- whether filter causes DVT or whether a clot forms a top of filter is irrelevant as those claims are not made with respect to Plaintiff; any potential probative value is substantially outeighed by prejudice, confusion of issues, and waste of time. 611: (124:21-22) assumes facts/testimony not in evidence. (125:2-5) counsel is testifying/leading question. | 1. Whether the product is efficacious (whether it works/saves lives) is relevant to the case and the evaluation of risk/benefit. There is no evidence that the filter is efficacious and this world renowned reseracher is setting our the basis for those opinions. This goes to liability for actual damages not punitive damages. The Recovery filter is the initial predicate product for the G2 line of filters which includes the Meridian. 2. The Recovery filter's efficacy or lack thereof is relevant to this Meridian filter because it was during the Recovery evaluation that Bard conducted an analysis as to whether any filter had proven efficacy. Dr. Garcia's testimony is that there has not been since the Recovery and other filter efficacy was studied internally and by its consultants at that time, there have been no randomized controlled trials and therefore no high quality evidence of efficacy in this filter either based on the facts starting with the Recovery. 3. All failure modes are at issue because the jury will be deciding the risk/benefit and that is as to all risks-- as it is all risks upon which the | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | | doctors base their decision to implant.4. Witness fully disclosed his opinions timely and updasted his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. | |
| Garcia, David 06/18/2020 | 142:19-143:09 | (143:15-17) Leading. | These are all non leading questions. | OVERRULED |
| Garcia, David 06/18/2020 | 144:02-144:11 | Leading. (144:2-11) Rule 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Nonleading. He is an expert and has knowledge of this subject matter. He is an expert and doesn't need personal knowledge of facts in literature. These opinions were disclosed. | OVERRULED |
| Garcia, David 06/18/2020 | 144:14-147:01 | Leading, Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Non-disclosure. (144:14-147:01) Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | Nonleading. He is an expert and has knowledge of this subject matter. He is an expert and doesn't need personal knowledge of facts in literature. These opinions were disclosed. | OVERRULED |
| | | | | |

| DEPONENT | DEF COUNTER | PL OBJECTIONS | DEF RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| Garcia, David 6/18/2020 | 23:08-23:16 | | | |
| Garcia, David 6/18/2020 | 155:14-155:20 | Speculation | Witness is testifying about his own personal experience and not speculating about other doctors. | OVERRULED |
| Garcia, David 6/18/2020 | 166:04-166:11 | From page 162 line 15 through page 165 line 25 defense counsel goes into a strange set of questions about COVID and the scheduling of his deposition apparantly intended to harass the witness. None of it is relevant. Objection relevance. | | MOOT |
| Garcia, David 6/18/2020 | 166:14-166:19 | From page 162 line 15 through page 165 line 25 defense counsel goes into a strange set of questions about COVID and the scheduling of his deposition apparantly intended harass the witness. None is relevant. Objection relevance. | | MOOT |
| Garcia, David 6/18/2020 | 167:07-167:20 | | | |
| Garcia, David 6/18/2020 | 168:04-168:14 | Objection as to the Cook questioning page 170:22-171:03 Relevance. | Goes to bias, and Court denied the MIL on this issue. (*See* ECF No. 204, p. 20.) | OVERRULED |

| | | | | |
|---|---|---|---|---|
| Garcia, David 6/18/2020 | 169:04-171:03 | Objection as to the Cook questioning page 170:22-171:03 Relevance. | Goes to bias, and Court denied the MIL on this issue. (*See* ECF No. 204, p. 20.) | OVERRULED |
| Garcia, David 6/18/2020 | 171:07-171:21 | Objection as to the Cook questioning. Relevance. | Goes to bias, and Court denied the MIL on this issue. (*See* ECF No. 204, p. 20.) | OVERRULED as to 171:07-171:16. SUSTAIN as to 171:17-171:21. |
| Garcia, David 6/18/2020 | 171:24 | Objection as to the Cook questioning. Relevance. | Goes to bias, and Court denied the MIL on this issue. (*See* ECF No. 204, p. 20.) | SUSTAIN |
| Garcia, David 6/18/2020 | 172:02-172:06 | Objection as to the Cook questioning. Relevance. | Goes to bias, and Court denied the MIL on this issue. (*See* ECF No. 204, p. 20.) | SUSTAIN |
| Garcia, David 6/18/2020 | 172:08-172:13 | Objection as to the Cook questioning. Relevance. Objection as to the lawyers who are questioning being the same. Relevance. | Goes to bias, and Court denied the MIL on this issue. (*See* ECF No. 204, p. 20.) | SUSTAIN |
| Garcia, David 6/18/2020 | 173:03-173:14 | Objection as to the Cook questioning. Relevance. Objection as to the lawyers who are questioning being the same. Relevance. | Goes to bias, and Court denied the MIL on this issue. (*See* ECF No. 204, p. 20.) | SUSTAIN as to 173:03-173:10. OVERRULED as to 173:11-173:14. |
| Garcia, David 6/18/2020 | 173:17-174:02 | Objection as to the Cook questioning. Relevance. | Goes to bias, and Court denied the MIL on this issue. (*See* ECF No. 204, p. 20.) | OVERRULED |
| Garcia, David 6/18/2020 | 174:04-174:08 | Objection as to the Cook questioning. Relevance. | Goes to bias, and Court denied the MIL on this issue. (*See* ECF No. 204, p. 20.) | OVERRULED |
| Garcia, David 6/18/2020 | 174:10-174:17 | Objection as to the Cook questioning. Relevance. | Goes to bias, and Court denied the MIL on this issue. (*See* ECF No. 204, p. 20.) | OVERRULED |

| Garcia, David 6/18/2020 | 174:20-175:03 | Relevance | Goes to bias, and Court denied the MIL on this issue. (*See* ECF No. 204, p. 20.) | OVERRULED |
|---|---|---|---|---|
| Garcia, David 6/18/2020 | 175:05-175:10 | Relevance | Goes to bias. | OVERRULED |
| Garcia, David 6/18/2020 | 175:14-175:21 | Relevance | Goes to bias. | OVERRULED |
| Garcia, David 6/18/2020 | 175:24-176:08 | 178:20-179:4: Objection Cook testimony not relevant. | Goes to bias, and Court denied the MIL on this issue. (*See* ECF No. 204, p. 20.) | OVERRULED as to 175:24-176:8. SUSTAIN as to 176:9-176:13. |
| Garcia, David 6/18/2020 | 177:08-178:22 | Cook testimony not relevant. | Goes to bias, and Court denied the MIL on this issue. (*See* ECF No. 204, p. 20.) | SUSTAIN |
| Garcia, David 6/18/2020 | 178:25-179:20 | 180:14-22--Objection. Surgeon general questions and testimony not relevant and the prejudice outweighs any relevance; hearsay; | Goes to knowledge in the medical community and an expert can be impeached with hearsay. | SUSTAIN as to 178:25-179:05. OVERRULED as to 179:06-179:20. |
| Garcia, David 6/18/2020 | 179:23-180:22 | Objection as to Surgeon General Call to action relevance and prejudice outwieighs relevance. | Goes to knowledge and an expert can be impeached with hearsay. | OVERRULED |
| Garcia, David 6/18/2020 | 181:02-181:16 | Objection as to Surgeon General Call to action relevance and prejudice outwieighs relevance. | Goes to knowledge and an expert can be impeached with hearsay. | OVERRULED |
| Garcia, David 6/18/2020 | 181:19-182:16 | Objection as to Surgeon General Call to action relevance and | Goes to knowledge and an expert can be impeached with hearsay. | OVERRULED |

| | | prejudice outwieighs relevance. | | |
|---|---|---|---|---|
| Garcia, David 6/18/2020 | 182:18-183:09 | Objection as to Surgeon General Call to action relevance and prejudice outwieighs relevance. | Goes to knowledge and an expert can be impeached with hearsay. | OVERRULED |
| Garcia, David 6/18/2020 | 185:13-186:11 | Objection as to Surgeon General Call to action relevance and prejudice outwieighs relevance. Objection as to anticoagulation evidence. Not relevant. | Goes to knowledge and an expert can be impeached with hearsay. | OVERRULED |
| Garcia, David 6/18/2020 | 186:14-190:03 | Objection as to relevance. Anticoagulation is not relevant as this filter was not to be placed if a patient could be anticoagulated. | Directly relevant to the risk/benefit analysis of IVC Filters. | OVERRULED |
| Garcia, David 6/18/2020 | 190:05-194:05 | Objection as to relevance. Anticoagulation is not relevant as this filter was not to be placed if a patient could be anticoagulated. | Directly relevant to the risk/benefit analysis of IVC Filters. | OVERRULED |
| Garcia, David 6/18/2020 | 194:07-194:12 | Objection as to relevance. Anticoagulation is not relevant as this filter was not to be placed if a patient could be anticoagulated. | Directly relevant to the risk/benefit analysis of IVC Filters. | OVERRULED |
| Garcia, David 6/18/2020 | 194:14-195:03 | Objection as to relevance. Anticoagulation is not relevant as this filter was not to be placed if a patient could be anticoagulated. | Directly relevant to the risk/benefit analysis of IVC Filters. | OVERRULED |

| | | | | |
|---|---|---|---|---|
| Garcia, David 6/18/2020 | 199:08-199:19 | Objection as to relevance. Anticoagulation is not relevant as this filter was not to be placed if a patient could be anticoagulated. | Directly relevant to the risk/benefit analysis of IVC Filters. | OVERRULED |
| Garcia, David 6/18/2020 | 199:24-203:13 | Objection as to relevance. Anticoagulation is not relevant as this filter was not to be placed if a patient could be anticoagulated. | Directly relevant to the risk/benefit analysis of IVC Filters. | OVERRULED |
| Garcia, David 6/18/2020 | 203:15-203:25 | | | |
| Garcia, David 6/18/2020 | 204:24-207:06 | | | |
| Garcia, David 6/18/2020 | 207:08-209:05 | | | |
| Garcia, David 6/18/2020 | 209:07-209:17 | | | |
| Garcia, David 6/18/2020 | 209:19-210:17 | obj 212 line 23-213:08 Dr Streiff is not relevant. | Court denied this motion in limine. (*See* ECF No. 204, p. 20.) | OVERRULED |
| Garcia, David 6/18/2020 | 210:19-213:05 | | | |
| Garcia, David 6/18/2020 | 213:07-214:22 Bard designates this only if the witness is allowed | | | |

| | | | | |
|---|---|---|---|---|
| | to testify about literature that postdates the implant during direct. | | | |
| Garcia, David 6/18/2020 | 214:24-216:19 | | | |
| Garcia, David 6/18/2020 | 216:22-218:10 | | | |
| Garcia, David 6/18/2020 | 218:22-221:20 Bard designates this only if the witness is allowed to testify about literature that postdates the implant during direct. | | | |
| Garcia, David 6/18/2020 | 222:13-223:05. Bard designates this only if the witness is allowed to testify about literature that | | | |

| | | | | |
|---|---|---|---|---|
| | postdates the implant during direct. | | | |
| Garcia, David 6/18/2020 | 223:10-227:07. Bard designates this only if the witness is allowed to testify about literature that postdates the implant during direct. | | | |
| Garcia, David 6/18/2020 | 228:07-230:19 | | | |
| Garcia, David 6/18/2020 | 231:20-236:15 | | | |
| Garcia, David 6/18/2020 | 242:02-242:06 | | | |
| Garcia, David 6/18/2020 | 242:09-243:23 | | | |
| Garcia, David 6/18/2020 | 244:10-246:15 | | | |
| Garcia, David 6/18/2020 | 250:20-251:19 | | | |

| | | | | |
|---|---|---|---|---|
| Garcia, David 6/18/2020 | 257:11-259:09 | | | |
| Garcia, David 6/18/2020 | 259:11-260:03 | | | |
| Garcia, David 6/18/2020 | 260:05-260:11 | | | |
| Garcia, David 6/18/2020 | 260:13-262:03 | | | |
| Garcia, David 6/18/2020 | 271:25-272:18 | | | |

Accordingly, IT IS ORDERED that the parties' request for rulings on objections to certain designations is GRANTED, and the objections are sustained in part and overruled in part as provided above.

Entered this 8th day of June, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge