IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATALIE JOHNSON,

Plaintiff,

v.

C.R. BARD INC. and
BARD PERIPHERAL VASCULAR INC.,

Defendants.

ORDER

19-cv-760-wmc

---

Before the court is the parties' request for ruling on objections to certain deposition designations as to Shari Allen O'Quinn.

| DEPONENT | DEF AFFIRM | PL OBJECTIONS | DEF RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | | Plaintiff objects to all of the testimony of Ms. O'Quinn regarding 510(k) process/application, FDA regulations/communication, and SIR guidelines. Testimony regarding the 510(k), FDA regulations, and SIR are not relevant, and Plaintiff incorporates her arguments in the Motion in Limine/Motion to Exclude. Plaintiff objects to any testimony as to what the FDA officials said to any Bard employees and or any nonverbal conduct | The Court denied Plaintiff's motions in Limine on these topics. | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | described by Bard employees including but not limited to the content of any FDA documents and Bard FDA contact reports or meeting minutes as such testimony is hearsay and hearsay within hearsay under FRE 802 and 805. In addition, FDA officials would have been statutorily barred from testifying as to their actions at the time the events were taking place and it is unfairly prejudicial to permit Bard employees to testify for FDA employees or to reference or quote from documents that proport to contain the testimony of such FDA employees. 21 CFR 20.1 and FRE 403. | | |
| O'Quinn, Shari Allen 10/21/2019 | 10:23-12:5 12:13-13:17 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 14:01-16:06 | | | STRIKE 16:04-16:06 |
| O'Quinn, Shari Allen 10/21/2019 | 16:10-17:09 | Objection lacks foundation, calls for speculation, witness lacks personal knowledge | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is familiar with the materials she is being questioned about and has | SUSTAIN |

| | | | personal knowledge of the matters therein. | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 17:12-17:14 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 18:01-18:11 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 18:14-20:04 | Objection lacks foundation, calls for speculation, witness lacks personal knowledge | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is familiar with the materials she is being questioned about and has personal knowledge of the matters therein. | SUSTAIN as to 18:14-18:17 and 20:01-02; otherwise OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 20:07-20:11 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 20:13-20:21 | Objection document contains hearsay | Not hearsay, as witness' testimony is not presented to prove the truth of the matter asserted in the document. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 21:07-21:09 | Objection document contains hearsay | Not hearsay, as witness' testimony is not presented to prove the truth of the matter asserted in the document. | SUSTAIN |
| O'Quinn, Shari Allen 10/21/2019 | 21:12-21:20 | Objection document contains hearsay | Not hearsay, as witness' testimony is not presented to prove the | SUSTAIN |

| | | | truth of the matter asserted in the document. | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 21:23-22:07 | Objection lacks foundation and calls for speculation Objection document contains hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is familiar with the materials she is being questioned about and has personal knowledge of the matters therein. Moreover, not hearsay because witness' testimony is not presented to prove the truth of the matter asserted in the document. | SUSTAIN |
| O'Quinn, Shari Allen 10/21/2019 | 22:10-22:14 | Objection lacks foundation and calls for speculation Objection document contains hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is familiar with the materials she is being questioned about and has personal knowledge of the matters therein. Moreover, not hearsay because witness' testimony is not presented to prove the truth of the matter asserted in the | SUSTAIN |

| | | | document. | |
|---|---|---|---|---|
| O'Quinn, ShariAllen 10/21/2019 | 22:16-22:20 | Objection document contains hearsay/Calls for hearsay | Nothearsay,aswitness' testimonyisnotpresented toprovethe truth of the matter asserted in the document. | SUSTAIN |
| O'Quinn, ShariAllen 10/21/2019 | 22:23-23:13 | Objection document contains hearsay/Calls for hearsay | Nothearsay,aswitness' testimonyisnotpresented toprovethe truth of the matter asserted in the document. | SUSTAIN |
| O'Quinn, ShariAllen 10/21/2019 | 23:16-23:20 | Objection document contains hearsay/Calls for hearsay | Nothearsay,aswitness' testimonyisnotpresented toprovethe truth of the matter asserted in the document. | SUSTAIN |
| O'Quinn, ShariAllen 10/21/2019 | 23:22-24:06 | Objection document contains hearsay/Calls for hearsay | Nothearsay,aswitness' testimonyisnotpresented toprovethe truth of the matter asserted in the document. | SUSTAIN |
| O'Quinn, ShariAllen 10/21/2019 | 24:09-25:01 | Objection document contains hearsay/Calls for hearsay | Nothearsay,aswitness' testimonyisnotpresented toprovethe truth of the matter asserted in the document. | SUSTAIN |
| O'Quinn, ShariAllen 10/21/2019 | 25:04-25:11 | Objection document contains hearsay/Calls for hearsay | Nothearsay,aswitness' testimonyisnotpresented toprovethe truth of the matter asserted in the document. | SUSTAIN |
| O'Quinn, ShariAllen 10/21/2019 | 25:14-25:25 | Objection document contains hearsay/Calls for hearsay | Nothearsay,aswitness' testimonyisnotpresented toprovethe truth of the matter asserted in the document. | SUSTAIN |
| O'Quinn, ShariAllen 10/21/2019 | 26:03-26:11 | Objection document contains hearsay/Calls for hearsay | Nothearsay,aswitness' testimonyisnotpresented toprovethe truth of the matter asserted in the document. | SUSTAIN |

| | | | | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 26:14-26:21 | Objection document contains hearsay/Calls for hearsay | Not hearsay, as witness' testimony is not presented to prove the truth of the matter asserted in the document. | SUSTAIN |
| O'Quinn, Shari Allen 10/21/2019 | 26:23-27:06 | 26:23-25: Objection document contains hearsay/Calls for hearsay (27:02–27:06); Objection Speculation, Lacks foundation | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is familiar with the materials she is being questioned about and has personal knowledge of the matters therein and what the FDA understood based on those documents. The witness is not speculating. Moreover, not hearsay because the witness' testimony is not presented to prove the truth of the matter asserted. | SUSTAIN as to 26:23-27:01; otherwise OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 27:08-27:09 27:12-27:21 | Calls for hearsay, lacks foundation, and calls for speculation | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is familiar with the materials she is being questioned about and has personal knowledge of the matters therein and | OVERRULED |

| | | | what the FDA understood based on those documents. The witness is not speculating. Moreover, not hearsay because the witness' testimony is not presented to prove the truth of the matter asserted. | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 27:23-28:02 28:12-28:15 | Objection document contains hearsay/Calls for hearsay | Not hearsay, as witness' testimony is not presented to prove the truth of the matter asserted in the document. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 28:18 | Objection document contains hearsay/Calls for hearsay | Not hearsay, as witness' testimony is not presented to prove the truth of the matter asserted in the document. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 29:22-30:08 | Objection document contains hearsay/Calls for hearsay | Not hearsay, as witness' testimony is not presented to prove the truth of the matter asserted in the document. | SUSTAIN as to 30:07-:08, otherwise OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 30:12-30:16 | foundation, lack of personal knowledge | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is familiar with the materials she is being questioned about and has personal knowledge of the matters therein and what the FDA understood based on those | SUSTAIN as to 30:12-30:13, otherwise OVERRULED |

| | | | documents. The witness is not speculating. | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 30:18-30:25 31:03-31:23 | foundation, lack of personal knowledge | (31:20-31:23) The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is familiar with the materials she is being questioned about and has personal knowledge of the matters therein and what the FDA process is relative to the steps involved in a 510k submission. The witness is not speculating. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 32:01-32:11 | (32:10-32:11); Foundation, lack of personal knowledge; Speculation | (32:10–32:11) The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is familiar with the materials she is being questioned about and has personal knowledge of the matters therein and what the FDA process is relative to the steps involved in a 510k submission. The witness is not speculating. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 32:13-32:19 | Foundation, lack of personal knowledge; Speculation | (32:10–32:11) The witness has training and experience with FDA | OVERRULED |

| | | | regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is familiar with the materials she is being questioned about and has personal knowledge of the matters therein and what the FDA process is relative to the steps involved in a 510k submission. The witness is not speculating. | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 32:21-32:25 | (32:22-32:25); Foundation, lack of personal knowledge; Speculation | (32:22-32:25) The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is familiar with the materials she is being questioned about and has personal knowledge of the matters therein and what the FDA process is relative to the steps involved in a 510k submission. The witness is not speculating. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 33:02-34:08 | Objection document contains hearsay/Calls for hearsay | No hearsay, as witness' testimony is based on her own personal knowledge. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 36:03 ("Does")- 36:04 | Foundation, lack of personal knowledge; Speculation; objection hearsay | (36:02-36:04) The witness has training and experience with FDA regulations and processes and while at | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | | Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is familiar with the materials she is being questioned about and has personal knowledge of the matters therein. She is explaining to the jury what the 510k document includes. | |
| O'Quinn, Shari Allen 10/21/2019 | 36:07-36:13 | foundation, lack of personal knowledge, Objection document contains hearsay | (36:11–36:13) The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is familiar with the materials she is being questioned about and has personal knowledge of the matters therein. She is explaining to the jury what the 510k document includes. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 36:16 36:18-36:19 | Objection document contains hearsay/Calls for hearsay | Not hearsay, as the witness' testimony is based on personal knowledge and is not presented to prove the truth of the matter asserted. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 36:21 36:24-37:02 37:04-37:07 37:09-37:11 | Objection document contains hearsay/Calls for hearsay | Not hearsay, as the witness' testimony is based on personal knowledge and is not presented to prove the truth of the matter asserted. | OVERRULED |

|  |  |  |  |  |
|---|---|---|---|---|
|  | 37:13-37:14 |  |  |  |
| O'Quinn, Shari Allen 10/21/2019 | 37:16-37:18 37:20 ("did")-37:21 | Objection document contains hearsay/Calls for hearsay | Not hearsay, as the witness' testimony is based on personal knowledge and is not presented to prove the truth of the matter asserted. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 37:24-38:01 | Objection document contains hearsay/Calls for hearsay | Not hearsay, as the witness' testimony is based on personal knowledge and is not presented to prove the truth of the matter asserted. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 40:16 ("So")-40:18 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about the Asch study on Recovery filters, a study with which she is familiar, and which was included with the materials sent to the FDA for the 510k on the Recovery filter. She has personal knowledge of the materials she is being asked to explain. The witness is not speculating. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 40:20 | Foundation, lack of personal knowledge; speculation; Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a | OVERRULED |

| | | | contact for Bard with the FDA on IVC filter issues. The witness is being asked about the Asch study on Recovery filters, a study with which she is familiar, and which was included with the materials sent to the FDA for the 510k on the Recovery filter. She has personal knowledge of the materials she is being asked to explain. The witness is not speculating. Moreover, not | |
| O'Quinn, Shari Allen 10/21/2019 | 44:10-44:15 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about the Asch study on Recovery filters, a study with which she is familiar, and which was included with the materials sent to the FDA for the 510k on the Recovery filter. She has personal knowledge of the materials she is being asked to explain. The witness is not speculating. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 45:15-45:18 45:20 ("What type")-45:21 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the | OVERRULED |

| | | | FDAonIVCfilter issues. The witness is being asked about Bard testing on Recoveryfilters,with whichsheisfamiliar,and whichwere includedwith thematerialssenttothe FDAforthe510konthe Recoveryfilter.Shehas personalknowledgeofthe materialsshe is being asked to explain. | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 45:24- 46:02 ("What")- 46:3 ("ends with about") | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory departmentandasa contactforBardwiththe FDAonIVCfilter issues. The witness is being asked about Bard testing on Recoveryfilters,with whichsheisfamiliar,and whichwere includedwith thematerialssenttothe FDAforthe510konthe Recoveryfilter.Shehas personalknowledgeofthe materialsshe is being asked to explain. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 46:05- 46:07 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory departmentandasa contactforBardwiththe FDAonIVCfilter issues. The witness is being asked about Bard testing | OVERRULED |

| | | | on Recovery filters, with which she is familiar, and which were included with the materials sent to the FDA for the 510k on the Recovery filter. She has personal knowledge of the materials she is being asked to explain. | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 46:15 ("Was")- 46:21 ( "thes e") 46:21 ("ques tions") - 46:22 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about Bard testing on Recovery filters, with which she is familiar, and which were included with the materials sent to the FDA for the 510k on the Recovery filter. She has personal knowledge of the materials she is being asked to explain. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 47:06 ("what")- 47:09 ("Yes") 47:19- 47:24 48:1 ("ends at FDA") 48:2 ("with")- 48:4 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about Bard testing on Recovery filters, with which she is familiar, and which were included with | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | 48:6-48:11 | | the materials sent to the FDA for the 510k on the Recovery filter. She has personal knowledge of the materials she is being asked to explain. | |
| O'Quinn, Shari Allen 10/21/2019 | 48:14-48:19 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about Bard testing on Recovery filters, with which she is familiar, and which were included with the materials sent to the FDA for the 510k on the Recovery filter. She has personal knowledge of the materials she is being asked to explain. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 55:11-55:13 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 55:16-55:22 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 56:21-56:23 56:25-57:01 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 57:04-57:09 | | | |

| O'Quinn, Shari Allen 10/21/2019 | 64:16-65:05 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about the 510k for the Recovery filter. She has personal knowledge of the materials she is being asked to explain. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 69:21-70:18 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about Bard's use of SIR guidelines and discussions with the FDA regarding same, with which she is familiar and which Bard discussed with the FDA in the context of the Recovery filter. She has personal knowledge of the materials she is being asked to explain. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 70:21-70:23 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | | regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about Bard's use of SIR guidelines and discussions with the FDA regarding same, with which she is familiar and which Bard discussed with the FDA in the context of the Recovery filter. She has personal knowledge of the materials she is being asked to explain. | |
| O'Quinn, Shari Allen 10/21/2019 | 71:02-71:04 | Objection; lacks foundation and Rule 702 witness is not qualified to offer expert opinions | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about Bard's use of SIR guidelines and discussions with the FDA regarding same, with which she is familiar and which Bard discussed with the FDA in the context of the Recovery filter. She has personal knowledge of the materials she is being asked to explain. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 71:07-71:10 | Objection; lacks foundation and Rule 702 witness is not qualified to offer expert opinions | The witness has training and experience with FDA regulations and processes and while at | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | | Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about Bard's use of SIR guidelines and discussions with the FDA regarding same, with which she is familiar and which Bard discussed with the FDA in the context of the Recovery filter. She has personal knowledge of the materials she is being asked to explain. | |
| O'Quinn, Shari Allen 10/21/2019 | 71:12-71:19 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 71:22-71:24 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 78:20-78:24 | Calls for speculation as to the FDA's state of mind; calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about discussions with the FDA regarding same, with which she is familiar. She has personal knowledge of the materials she is being asked to explain and is not speculating. | OVERRULED |

| | | | | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 79:02-79:03 | Calls for speculation as to the FDA's state of mind; calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness being asked about discussions with the FDA regarding same, with which she is familiar. She has personal knowledge of the materials she is being asked to explain and is not speculating. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 99:12-99:21 | Objection conversations with the FDA is not relevant and the question calls for hearsay | Conversations with the FDA regarding recalls of other products are directly relevant to plaintiff's defect claims in this case, and Bard's defenses thereto, as they establish that the FDA can request a recall of a product but did not do so with regard to the Recover Filter. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 99:24-100:03 | Objection conversations with the FDA is not relevant and the question calls for hearsay 100:1-3: Objection calls for speculation as to what FDA may or may not due; lack of foundation | Conversations with the FDA regarding recalls of other products are directly relevant to plaintiff's defect claims in this case, and Bard's defenses thereto, as they establish that the FDA can request a recall of a product but did not do so with regard to the Recover Filter. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 100:06-100:11 | Objection calls for speculation as to what FDA may or | Conversations with the FDA regarding recalls of other products are directly relevant to plaintiff's defect | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | may not due; lack of foundation | claims in this case, and Bard's defenses thereto, as they establish that the FDA can request a recall of a product but did not do so with regard to the Recover Filter. | |
| O'Quinn, Shari Allen 10/21/2019 | 100:12 ("recall") | Objection calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about whether, in her own discussions with the FDA, the FDA ever indicated that the Recovery filter was adulterated or misbranded. She has personal knowledge of the materials she is being asked to explain. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 100:15-100:19 | Objection calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about whether, in her own discussions with the FDA, the FDA ever indicated that the Recovery filter was adulterated or misbranded. | OVERRULED |

| | | | She has personal knowledge of the materials she is being asked to explain. | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 100:22-101:09 | Rule of Optional completeness 101:10-11 | | |
| O'Quinn, Shari Allen 10/21/2019 | 101:21-101:23 | Objection; lacks foundation and Rule 702 witness is not qualified to offer expert opinions | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about her own experience with the attributes of the Recovery Filter, with which she was familiar. She has personal knowledge of the materials she is being asked to explain and is not being asked to provide expert testimony. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 102:01-102:04 | Relevance, 403, Foundation, improper expert opinion testimony | (102:03 – 102:09) The witness is very knowledgeable about the indications for use, the testing and warnings Bard provided for the Recovery filter. She is familiar with Bard records on the performance of the Recovery filter. Her testimony is given based on her own personal knowledge. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 102:07-102:09 | Relevance, 403, Foundation, | (102:03 – 102:09) The witness is very knowledgeable about the | OVERRULED |

| | | improper expert opinion testimony | indications for use, the testing and warnings Bard provided for the Recovery filter. She is familiar with Bard records on the performance of the Recovery filter. Her testimony is given based on her own personal knowledge. | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 102:12-102:17 | Relevance, 403, Foundation, improper expert opinion testimony | (102:03 – 102:09) The witness is very knowledgeable about the indications for use, the testing and warnings Bard provided for the Recovery filter. She is familiar with Bard records on the performance of the Recovery filter. Her testimony is given based on her own personal knowledge. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 102:19 | Relevance, 403, Foundation, improper expert opinion testimony | Plaintiff's objection is non-sensical. Plaintiff is objecting to a one-line answer by the witness "Yes, absolutely." | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 103:7 ("in February")- 103:20 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 103:22-104:03 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 104:06-104:08 | Calls for speculation; lack of foundation | There is no basis for the objection-there is no testimony that indicates that the witness lacks personal knowledge. See, 104:20-24 | OVERRULED |

| | | | | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 104:15-104:16 | Calls for speculation; lack of foundation | There is no basis for the objection-there is no testimony that indicates that the witness lacks personal knowledge. See, 104:20-24 | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 104:19-104:24 | Calls for speculation; lack of foundation | There is no basis for the objection-there is no testimony that indicates that the witness lacks personal knowledge. See, 104:20-25 | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 105:24-106:02 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about the 510k for the G2 filter, and correspondence with the FDA regarding same. She has personal knowledge of the materials she is being asked to explain. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 106:07 106:09 ("What sorts")-106:10 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about the 510k for the G2 filter, and correspondence with the FDA regarding same. She has personal | OVERRULED |

| | | | knowledge of the materials she is being asked to explain. | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 106:13-106:16 106:17 ("ends at Mr. North") 106:18-106:22 106:24-107:06 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about the 510k for the G2 filter, and correspondence with the FDA regarding same. She has personal knowledge of the materials she is being asked to explain. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 107:09-107:13 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about the 510k for the G2 filter, and correspondence with the FDA regarding same. She has personal knowledge of the materials she is being asked to explain. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 107:15 ("ends at The Witness") | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | 107:18-107:24 | | department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about the 510k for the G2 filter, and correspondence with the FDA regarding same. She has personal knowledge of the materials she is being asked to explain. | |
| O'Quinn, Shari Allen 10/21/2019 | 108:02-108:03 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about the 510k for the G2 filter, and correspondence with the FDA regarding same. She has personal knowledge of the materials she is being asked to explain. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 108:05-108:11 | Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about the 510k for the G2 filter, and correspondence with the FDA regarding same. She has personal knowledge of the | OVERRULED |

| | | | materials she is being asked to explain. | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 108:13-108:20 108:25-109:04 | Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about the 510k for the G2 filter, and correspondence with the FDA regarding same. She has personal knowledge of the materials she is being asked to explain. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 109:07-109:10 | Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about the 510k for the G2 filter, and correspondence with the FDA regarding same. She has personal knowledge of the materials she is being asked to explain. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 109:13-109:17 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a | OVERRULED |

| | | | contact for Bard with the FDA on IVC filter issues. The witness is being asked about the 510k for the G2 filter, and correspondence with the FDA regarding same. She has personal knowledge of the materials she is being asked to explain. | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 109:20 | Objection document contains hearsay/Calls for hearsay | The witness has a training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about the 510k for the G2 filter, and correspondence with the FDA regarding same. She has personal knowledge of the materials she is being asked to explain. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 112:25-113:02 113:08 ("was there")- 113:10 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about a meeting with the FDA with which she is personally familiar, and about a document for the meeting that she personally helped to | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | | prepare. She has personal knowledge of the materials she is being asked to explain. | |
| O'Quinn, Shari Allen 10/21/2019 | 113:12-113:18 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about a meeting with the FDA with which she is personally familiar, and about a document for the meeting that she personally helped to prepare. She has personal knowledge of the materials she is being asked to explain. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 115:01-115:04 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about a meeting with the FDA with which she is personally familiar, and about a document for the meeting that she personally helped to prepare. She has personal knowledge of the materials she is being | OVERRULED |

| | | | asked to explain. | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 116:01-116:09 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about a meeting with the FDA with which she is personally familiar, and about documents for the meeting that she personally helped to prepare, and from FDA with which she is personally familiar. She has personal knowledge of the materials she is being asked to explain. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 117:05-117:09 117:23-118:04 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about correspondence with the FDA, and documents, with which she is personally familiar. She has personal knowledge of the materials she is being asked to explain. | OVERRULED |

| | | | | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 118:13 ("what is")- 118:15 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about correspondence with the FDA, and documents, with which she is personally familiar. She has personal knowledge of the materials she is being asked to explain. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 118:18- 118:24 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about correspondence with the FDA, and documents, with which she is personally familiar. She has personal knowledge of the materials she is being asked to explain. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 122:20- 123:03 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 124:21- 125:08 | Foundation, Speculation, hearsay | (124:16 – 124:20) The witness is testifying to information from doctors that she was | OVERRULED |

| | | | privy to in her role in the regulatory department at Bard. She has personal knowledge of the facts she is testifying about. The testimony is not hearsay | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 125:11-125:15 125:23-126:04 | Foundation, Speculation, hearsay | The witness is testifying from her own personal experience, is not speculating, and there is nothing about this testimony that is hearsay. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 126:07-126:13 | Foundation, Speculation, hearsay | The witness is testifying from her own personal experience, is not speculating, and there is nothing about this testimony that is hearsay. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 126:16-126:22 127:02-127:06 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 127:15-128:03 | Foundation, Speculation, hearsay | The witness is testifying from her own personal experience, is not speculating, and there is nothing about this testimony that is hearsay. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 128:19-128:21 | Foundation, Speculation, hearsay | The witness is testifying from her own personal experience, is not speculating, and there is nothing about this testimony that is hearsay. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 128:24-129:04 | Objection document contains hearsay/Calls for hearsay | The witness is testifying from her own personal experience, is not speculating, and there is nothing about this testimony that is | OVERRULED |

| | | | hearsay. | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 129:12-129:13 | Objection document contains hearsay/Calls for hearsay | The witness is testifying from her own personal experience, is not speculating, and there is nothing about this testimony that is hearsay. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 129:15-129:24 | Objection document contains hearsay/Calls for hearsay | The witness is testifying from her own personal experience, is not speculating, and there is nothing about this testimony that is hearsay. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 130:03 ("actually")-130:13 | Lack of foundation, argumentative, leading. | The witness is testifying from her own personal experience, is not speculating, and there is nothing about this testimony that is speculative. The question is not leading. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 130:17 | Lack of foundation, argumentative, leading. | The witness is testifying from her own personal experience, is not speculating, and there is nothing about this testimony that is speculative. The question is not leading. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 131:04-131:06 | Lack of foundation, argumentative, leading. | The witness is testifying from her own personal experience, is not speculating, and there is nothing about this testimony that is speculative. The question is not leading. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 131:09-131:20 | Lack of foundation, argumentative, leading, Objection | The witness is testifying from her own personal experience, is not | OVERRULED |

| | | document contains hearsay/Calls for hearsay | speculating, and there is nothing about this testimony that is speculative. The question is not leading. | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 131:22-132:05 | Lack of foundation, argumentative, leading. | The witness is testifying from her own personal experience, is not speculating, and there is nothing about this testimony that is speculative. The question is not leading. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 132:08-132:12 | Objection document contains hearsay/Calls for hearsay | | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 132:14-132:17 | Speculative, hearsay | The witness is testifying from her own personal experience, is not speculating, and there is nothing about this testimony that is speculative. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 132:19-133:09 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about correspondence with the FDA, and documents, with which she is personally familiar. She has personal knowledge of the materials she is being asked to explain. | OVERRULED |

| O'Quinn, Shari Allen 10/21/2019 | 133:12-133:16 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about correspondence with the FDA, and documents, with which she is personally familiar. She has personal knowledge of the materials she is being asked to explain. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 133:19-133:22 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about correspondence with the FDA, and documents, with which she is personally familiar. She has personal knowledge of the materials she is being asked to explain. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 133:25-134:08 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | | with the FDA on IVC filter issues. The witness is being asked about correspondence with the FDA, and documents, with which she is personally familiar. She has personal knowledge of the materials she is being asked to explain. | |
| O'Quinn, Shari Allen 10/21/2019 | 134:11-134:17 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about correspondence with the FDA, and documents, with which she is personally familiar. She has personal knowledge of the materials she is being asked to explain. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 134:20-134:25 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about correspondence with the FDA, and documents, with which she is personally familiar. She | OVERRULED |

| | | | has personal knowledge of the materials she is being asked to explain. | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 135:09-135:10 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 135:12-135:18 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 135:21-135:23 | Lack of foundation | (135:22 – 136:08) The witness is testifying to types of complications in Bard IVC filters about which she is knowledgeable because of her role in the regulatory department at Bard. She has personal knowledge of the facts she is testifying about. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 135:25-136:03 | Lack of foundation; improper opinion testimony | (135:22 – 136:08) The witness is testifying to types of complications in Bard IVC filters about which she is knowledgeable because of her role in the regulatory department at Bard. She has personal knowledge of the facts she is testifying about. | OVERRULED as to 135:25; SUSTAIN as to 136:01-:03. |
| O'Quinn, Shari Allen 10/21/2019 | 136:05-136:13 | Lack of foundation; improper opinion testimony | (135:22 – 136:08) The witness is testifying to types of complications in Bard IVC filters about which she is knowledgeable because of her role in the regulatory department at Bard. She has personal knowledge of the facts she is testifying about. | SUSTAIN as to 136:05-:08, otherwise OVERRULED |

| O'Quinn, Shari Allen 10/21/2019 | 136:16-137:02 | Lack of foundation; improper opinion testimony | (135:22 – 136:08) The witness is testifying to types of complications in Bard IVC filters about which she is knowledgeable because of her role in the regulatory department at Bard. She has personal knowledge of the facts she is testifying about. | OVERRULED |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 137:05-137:12 | Lack of foundation; improper opinion testimony | (135:22 – 136:08) The witness is testifying to types of complications in Bard IVC filters about which she is knowledgeable because of her role in the regulatory department at Bard. She has personal knowledge of the facts she is testifying about. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 137:14-137:17 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 139:04 ("what did")-139:05 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about correspondence with the FDA, and documents, with which she is personally familiar. She has personal knowledge of the materials she is being asked to explain. | OVERRULED |

| | | | | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 139:08-139:17 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about correspondence with the FDA, and documents, with which she is personally familiar. She has personal knowledge of the materials she is being asked to explain. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 139:20-139:22 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 139:24-140:07 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about correspondence with the FDA, and documents, with which she is personally familiar. She has personal knowledge of the materials she is being asked to explain. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 140:10 140:21 ("what did")- | Objection document contains | The witness has training and experience with FDA regulations and processes and while at | OVERRULED |

| | 140:23 | hearsay/Calls for hearsay | Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about correspondence with the FDA, and documents, with which she is personally familiar. She has personal knowledge of the materials she is being asked to explain. | |
| O'Quinn, Shari Allen 10/21/2019 | 141:01-141:05 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about correspondence with the FDA, and documents, with which she is personally familiar. She has personal knowledge of the materials she is being asked to explain. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 141:08-141:10 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 141:13-141:23 | Objection document contains hearsay/Calls for hearsay | The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC | OVERRULED |

| | | | filter issues. The witness is being asked about correspondence with the FDA, and documents, with which she is personally familiar. She has personal knowledge of the materials she is being asked to explain. | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 142:09-143:03 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 143:06-143:22 144:01-144:08 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 144:11-144:24 | Lack of foundation; Mischaracterizes the document, Objection document contains hearsay/Calls for hearsay | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. She has not mischaracterized the document. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 145:02-146:09 | Lack of foundation; Mischaracterizes the document, Objection document contains hearsay/Calls for hearsay | | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 146:12-146:15 | Objection document contains hearsay/Calls for hearsay | | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 146:17-147:05 | Calls for speculation; Objection document contains hearsay/Calls for hearsay | The witness is testifying about facts of which she is knowledgeable due to her experience and role in | OVERRULED |

| | | | the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 147:08-147:09 | Calls for speculation; | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 147:19-150:08 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 150:11-150:14 | Calls for speculation; | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 150:16-151:25 | Calls for speculation; 151:23-25: Calls for hearsay | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 152:03-152:08 | Lack of foundation; Calls for hearsay | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts | OVERRULED |

| | | | and is not speculating. | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 152:11-152:19 | Lack of foundation; Calls for hearsay | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 152:22-153:04 | Lack of foundation; Calls for hearsay | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 153:07-153:11 | Objection document contains hearsay/Calls for hearsay | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 153:13-154:05 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 154:07-154:09 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 154:11-154:13 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 154:15-154:18 | Calls for speculation; | The witness is testifying about facts of which she is knowledgeable due to her experience and role in | OVERRULED |

| | | | the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 154:21-155:17 | Calls for speculation; Objection document contains hearsay/Calls for hearsay | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. Nor is this document/testimony hearsay. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 155:19-156:15 | Objection document contains hearsay/Calls for hearsay | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 156:18-156:24 | Lack of foundation | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 157:02-157:21 | Lack of foundation | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts | OVERRULED |

| | | | and is not speculating. | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 157:24-158:02 | Lack of foundation; calls for speculation | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 158:04-158:08 | Lack of foundation; calls for speculation | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 158:10-158:18 | Lack of foundation; relevance, improper opinion testimony | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 158:20-158:23 | Lack of foundation; improper opinion testimony | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 158:25-159:05 | Lack of foundation; improper opinion testimony | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory | OVERRULED |

| | | | department at Bard. She has personal knowledge of these facts and is not speculating. | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 159:07-159:10 | Calls for hearsay | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and discussions. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 159:12 | Calls for hearsay | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and discussions. | OVERRULED |
| | | | | |
| **DEPONENT** | **PL COUNTERS** | **DEF OBJECTIONS** | **PL RESPONSE TO OBJECTIONS** | **COURT RULING** |
| O'Quinn, Shari Allen 10/21/2019 | 160:02-160:06 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 161:17-161:25 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 162:01-162:10 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 162:12-162:25 | | | |

| | | | | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 163:01- 163:25 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 164:01- 164:08 | Rule 403. | Ms. O'Quinn is a former employee of Bard called by Bard to discuss The FDA regulatory system, Bard's test results and presentation of data in support of the substantial equivalency of each of its retrievable IVC filers to its predicate device. The testimony relates to the regulatory process and what was expected of Bard to comply with the system. That testimony is relevant to design defect and the negligence of Bard. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 164:10- 164:25 | | - | |
| O'Quinn, Shari Allen 10/21/2019 | 165:01- 165:25 | | - | |
| O'Quinn, Shari Allen 10/21/2019 | 166:01- 166:13 | | - | |
| O'Quinn, Shari Allen 10/21/2019 | 169:18- 169:25 | | - | |
| O'Quinn, Shari Allen 10/21/2019 | 170:01- 170:05 | | - | |
| O'Quinn, Shari Allen 10/21/2019 | 171:06- 171:13 | | - | |

| O'Quinn, Shari Allen 10/21/2020 | 182:25 | | | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2021 | 183:01-183:24 | | | |
| O'Quinn, Shari Allen 10/21/2019 | 187:01-187:11 | | | STRIKE 187:01. |
| O'Quinn, Shari Allen 10/21/2019 | 190:03-190:25 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403. Testimony regarding Sales/Marketing of the Recovery Filter does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. | Bard chose to market the Meridian filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | | tilt, and fracture. The testimony is relevant to the claims of design defect, negligence and failure to warn. The testimony is not unfairly prejudicial. | |
| O'Quinn, Shari Allen 10/21/2019 | 191:01-191:14 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403. Testimony regarding Sales/Marketing of the Recovery Filter does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. | Bard chose to market the Meridian filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. The testimony is relevant to the claims of design defect, negligence and failure to | OVERRULED |

| | | | warn. The testimony is not unfairly prejudicial. | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 192:02-192:09 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403. Testimony regarding Sales/Marketing of the Recovery Filter does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. | Bard chose to market the Meridian filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. The testimony is relevant to the claims of design defect, negligence and failure to warn. The testimony is not unfairly prejudicial. | OVERRULED |

| O'Quinn, Shari Allen 10/21/2019 | 192:14-192:22 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403. Testimony regarding Sales/Marketing of the Recovery Filter does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. | Bard chose to market the Meridian filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Meridian trace their design history to the Recovery filter and the defects in the Meridian design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Ms. Johnson has experienced perforation, migration, tilt, and fracture. The testimony is relevant to the claims of design defect, negligence and failure to warn. The testimony is not unfairly prejudicial. | OVERRULED |
| O'Quinn, Shari Allen 10/21/2019 | 193:02-193:14 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at | Ms. O'Quinn is a former employee of Bard called by Bard to discuss the FDA regulatory system, | OVERRULED |

| | | | | |
|---|---|---|---|---|
| | | issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403. Testimony regarding Sales/Marketing of the Recovery Filter does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. | Bard's test results and presentation of data in support of the substantial equivalency of each of its retrievable IVC filers to its predicate device. This testimony relates to post market surveillance of the filter's performance and the data available to Bard. The testimony relates to the regulatory process and what was expected of Bard to comply with the system. That testimony is relevant to design defect and the negligence of Bard. | |
| O'Quinn, Shari Allen 10/21/2019 | 212:02-212:07 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value | Ms. O'Quinn is a former employee of Bard called by Bard to discuss the FDA regulatory system, Bard's test results and presentation of data in support of the substantial equivalency of each of its retrievable IVC filers to its predicate device. This testimony relates to the DFMEA, or failure mode analysis performed by Bard that resulted in a finding the G2 filter posed and unreasonable risk of | OVERRULED |

| | | outweighed by prejudicial effect. Rules 401, 402, 403. Testimony regarding Sales/Marketing of the Recovery Filter does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. Rules 702/703. Opinion is inadmissible because there is no proper foundation. | serious injury. That testimony is relevant to design defect, a failure to warn and the negligence of Bard. | |
| O'Quinn, Shari Allen 10/21/2019 | 212:12-212:14 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403. Testimony regarding Sales/Marketing of the Recovery Filter does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value | Ms. O'Quinn is a former employee of Bard called by Bard to discuss the FDA regulatory system, Bard's test results and presentation of data in support of the substantial equivalency of each of its retrievable IVC filers to its predicate device. This testimony relates to the DFMEA, or failure mode analysis performed by Bard that resulted in a finding the G2 filter posed and unreasonable risk of serious injury. That testimony is relevant to design defect, a failure to warn and the negligence of Bard. | OVERRULED |

| DEPON-ENT | DEF COUNT | PL OBJECTIONS | DEF RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|---|
| | | outweighed by prejudicial effect. Rules 702/703. Opinion is inadmissible because there is no proper foundation. | | |
| O'Quinn, Shari Allen 10/21/2020 | 213:01-213:08 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403. Testimony regarding Sales/Marketing of the Recovery Filter does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. Rules 702/703. Opinion is inadmissible because there is no proper foundation. | Ms. O'Quinn is a former employee of Bard called by Bard to discuss the FDA regulatory system, Bard's test results and presentation of data in support of the substantial equivalency of each of its retrievable IVC filers to its predicate device. This testimony relates to the DFMEA, or failure mode analysis performed by Bard that resulted in a finding the G2 filter posed and unreasonable risk of serious injury. That testimony is relevant to design defect, a failure to warn and the negligence of Bard. | |
| | | | | |
| DEPON-ENT | DEF COUNT | PL OBJECTIONS | DEF RESPONSE TO OBJECTIONS | COURT RULING |

| | ERS TO COUNT ERS | | | |
|---|---|---|---|---|
| O'Quinn, Shari Allen 10/21/2019 | 166:14-166:18 | FRCP 32(6) and FRE 106– Optional completeness – Page 166:19:166:21 completes the line of questioning requested by the defense and in fairness should be considered with the part introduced. This is particularly necessary since this is addressed in de-direct and Plaintiff is not able to re-cross with this testimony. | | OVERRULED except ADD 166:19-:21 |

Accordingly, IT IS ORDERED that the parties' request for rulings on objections to certain designations is GRANTED, and the objections are sustained in part and overruled in part as provided above.

Entered this 8th day of June, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge